UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BCBSM, INC.**, *et al.*, | Case No. 1:20-cv-01853 |
| *Plaintiffs*, | Honorable Virginia M. Kendall |
| | Honorable Sheila M. Finnegan |
| v. | |
| **WALGREEN CO.**, *et al.*, | *Consolidated with*: |
| | No. 1:20-cv-01929 |
| *Defendants*. | No. 1:20-cv-03332 |
| | No. 1:20-cv-04738 |
| | No. 1:20-cv-04940 |

| | |
|---|---|
| **WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.**, | |
| *Third-Party Plaintiffs* | |
| v. | |
| **PRIME THERAPEUTICS LLC,** | |
| *Third-Party Defendant.* | |

**WALGREENS' MOTION TO STRIKE CROWELL & MORING'S IMPROPER "MOTION FOR QUALIFICATION OF COUNSEL"**

On Friday, July 30, two lawyers admitted to practice before this Court filed appearances on behalf of a single entity: Crowell & Moring LLP ("Crowell"). (Dkts. 156 & 157.) Crowell is not a party to this case, nor has it moved to intervene. Rather, certain lawyers employed by Crowell have appeared, *pro hac vice*, as lead counsel for the Plaintiffs in this consolidated action. Remarkably, the two local lawyers who entered appearances for Crowell—and *only* Crowell— immediately thereafter signed and filed multiple motions (Dkts. 158, 159, & 161), as well as a

1

double-length memorandum (Dkt. 160), all purportedly on behalf of the *Plaintiffs,* whom they do not represent. In addition to violating this Court's Rules, the so-called Motion for Qualification of Counsel is entirely procedurally improper. Crowell's bizarre filings apparently reflect an attempt to solicit an inappropriate advisory opinion from *this* Court regarding Crowell's breaches of its fiduciary duties to defendant Walgreen Co. ("Walgreens"), which *already* are being litigated in *another* court in the District of Columbia. Whatever Crowell's purpose, the Court should strike the Motion as procedurally improper and without any basis under the Federal Rules. Accordingly, pursuant to Northern District of Illinois Local Rule 5.6 and the Court's inherent power to control its docket, *see, e.g.*, *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016), Walgreens respectfully moves the Court for entry of an order striking Plaintiffs' Motion for Qualification of Counsel (the "Motion") (Dkt. 158), Plaintiffs' Motion for Leave to File under Seal (Dkt. 159), Plaintiffs' sealed Memorandum of Law in Support of Their Motion (Dkt. 160), and Plaintiffs' Motion for Leave to File Excess Pages (Dkt. 161).

In support of this motion, Walgreens relies upon all pleadings and papers of record to date and further states:

1. "No pleading, motion . . . , or other document shall be filed in any case by any person who is not a party thereto, unless approved by the court." N.D. Ill. LR 5.6. Crowell is not a party to this action, nor has it moved to intervene. Nonetheless, *Crowell's* lawyers from Perkins Coie purported to sign and file the Motion and related papers for "Plaintiffs." (Dkts. 158–161.) No basis exists in the rules or law for this flagrant maneuver. The Court need look no further to strike the filings as improper.

2. If the Court were inclined for any reason to disregard the patent impropriety of a non-party purporting to file motions on behalf of a party, the Motion nevertheless remains a

procedural nullity and should be stricken. In the Motion, attorneys representing Crowell seek an advisory opinion qualifying their non-party client's lawyers to continue representing the Plaintiffs—even though Walgreens has not moved to disqualify those lawyers. Crowell seeks a form of relief that is not recognized in the Federal Rules of Civil Procedure or the common law. A "request for an advisory opinion—one that cannot help the plaintiffs and has effects, if at all, on strangers to the litigation," is improper. *Alliance to End Repression v. Chicago*, 820 F.2d 873, 876 (7th Cir. 1987). The Court should strike the procedurally defective non-party Motion and the accompanying filings (Dkts. 158–161).

3. The Court might wonder why, apparently out of the blue, Crowell filed an over-length brief (without the Court's prior leave, it bears noting) and without any notice to or consultation with Walgreens' counsel. The strategy is obvious—Crowell recently lost a motion to dismiss Walgreens' breach of fiduciary duty case against the law firm in a different forum, and the firm apparently sees an opportunity in this Court to develop more favorable rulings regarding Crowell's inexplicable decision to sue its former client on behalf of several insurers (including but not limited to Plaintiffs) regarding the subject matter of Crowell's own advice to Walgreens in 2008–2009.

4. Crowell's procedurally improper Motion is a transparent attempt to forum shop. Crowell's breaches of its ethical obligations and fiduciary duties already are the subject of a suit in the Superior Court of the District of Columbia. *See* Dkt. 149-1. Crowell is a party to that suit, it has already presented to that court the arguments that it now seeks to foist on this Court through the back door, and a judge on that court has ***already denied*** Crowell's motion to dismiss Walgreens' claims. *See* Dkt. 149-2, at 29–34.

5. Through the Motion, Crowell essentially asks this Court to reconsider the ruling by the Superior Court of the District of Columbia and to decide on the merits, before any motion to disqualify and before discovery, that Crowell has not violated any fiduciary duties or ethical rules.

6. Crowell is not a party to this case, and Walgreens' counterclaim is against Plaintiffs, *not* Crowell. The Court should not entertain a non-party's improper attempt to interject an issue not raised in this case solely to try to relitigate an adverse ruling by another court.

7. ***First***, the Motion is an improper filing by a non-party, and it should be stricken under Local Rule 5.6. Although styled as "Plaintiffs' Motion for Qualification of Counsel," the Motion was filed by *Crowell's* lawyers on *Crowell's* behalf. On July 30, 2021, lawyers from Perkins Coie filed appearances in this case. *See* Dkts. 156–157. Although the docket text on CM/ECF suggests that the Perkins Coie lawyers are appearing on behalf of a single one of the dozens of Plaintiffs (BCBSM, Inc.), their appearance forms, signed under Federal Rule of Civil Procedure 11, make clear that they represent Crowell & Moring LLP and ***only*** Crowell & Moring LLP. *See id.* Yet it is these Perkins Coie lawyers, as "**Counsel for Crowell & Moring LLP**," who have purported to sign the Motion and supporting memorandum under Federal Rule of Civil Procedure 11 on behalf of *Plaintiffs*, parties **they do not represent**. Dkt. 158 at 2; Dkt. 160 at 29.

8. The letter to the Court from Crowell lawyer Kent A. Gardiner dated July 30, 2021, which is itself likely a violation of the Court's Case Procedures for Motion Practice, simply confirms what the Motion's signature block makes obvious: the Motion was filed by non-party Crowell. As Mr. Gardiner explains: "***we*** [Crowell] have filed today a motion for qualification of counsel that asks the Court to resolve" whether Crowell may continue as counsel. The Local Rules are clear: the Court should strike Crowell's non-party Motion. *See* N.D. Ill. LR 5.6.

9. ***Second***, the Motion seeks an inappropriate advisory opinion. There is no such thing as a "motion to qualify," and Walgreens has not moved to disqualify Crowell. If discovery in this case and in Walgreens' case against Crowell in the Superior Court of the District of Columbia justifies that step, and Walgreens moves for disqualification, the Court can decide whether Crowell's ethical conflicts prohibit it from taking a position adverse to its former client Walgreens. Unless and until Walgreens files such a motion, however, the Court should not entertain Crowell's request for a premature opinion, uninformed by discovery, on the question. It would be patently unfair and beyond any basis in the Rules for the Court to force Defendants to sustain the burden of a disqualification motion that Defendants have not filed at this juncture of the case.

10. To the extent Crowell's hasty July 30 filings were precipitated by Walgreens' July 26 counterclaim against the Plaintiffs for aiding and abetting Crowell's ethical lapses, Walgreens notes the following indisputable facts:

    a. This Court's pretrial order required Defendants to assert (or lose) any compulsory counterclaims that it could state against Plaintiffs by July 26, 2021. Defendants did so in compliance with the Court's order.

    b. The standard for stating a claim for aiding and abetting a breach of fiduciary duty in Illinois is different from, and does not depend upon, the standard for prevailing on a motion to disqualify counsel or the standard (if any) for a motion to "qualify" counsel. Nothing about Walgreens' counterclaim requires the Court to entertain Crowell's unprecedented and improvident Motion at this time.

11. ***Third***, Crowell's request for an advisory opinion is particularly egregious given that another court already has ***denied*** Crowell's motion to dismiss a complaint actually raising the issue of Crowell's ethical breaches. In the Superior Court for the District of Columbia, the court

determined that "Walgreen[s] has set forth sufficient facts . . . to support a claim for breach of fiduciary duty that is plausible." Dkt. 149-2 at 31. Crowell should not be allowed to use this non-party Motion to take another bite at the apple.

12. **_Fourth_**, Crowell's lawyers offer no support whatsoever suggesting that their novel "motion to qualify" is recognized in the Federal Rules of Civil Procedure, the American Bar Association's Model Rules of Professional Conduct, or the common law. Crowell's lawyers cite two out-of-circuit district court cases to suggest that "[f]ederal courts entertain motions to qualify counsel in similar settings," Mot. at 1 n.1, but neither case reached the courts in anything like the procedural posture here or addressed the propriety of a motion to qualify. In *Classic Indus., L.P. v. Mitsubishi Chem. FP Am., Inc.*, No. 3:07-cv-1201, 2009 WL 10677531, at *1 n.1 (N.D. Tex. Feb. 17, 2009), both parties wanted the court to decide the qualification motion, meaning that counsel's conflict was squarely presented to the court: the defendant filed a motion to *__disqualify__* specifically "to cure any procedural deficiencies or ripeness issues resulting from [plaintiff's] preemptive qualification motion." Here, Defendants have not filed a motion to disqualify (although they reserve their right to do so), so the procedural deficiencies and ripeness issues remain uncured. And in *Eberle Design, Inc. v. Reno A&E*, 354 F. Supp. 2d 1093, 1094 (D. Ariz. 2005), the plaintiff "assert[ed] that [opposing counsel] would be *__disqualified__*" if a new lawyer joined the firm; the defendant did not seek to preemptively *__qualify__* counsel. Thus, in neither of the cases Crowell's lawyers cite for support did the court take the unprecedented and procedurally improper step of hearing, let alone granting, a motion to decide a counsel's qualifications that had not yet been challenged.

13. In sum, no basis exists under the Federal Rules or law for Crowell's so-called Motion for Qualification of Counsel. Crowell is not a party, and its lawyers should not have

purported to file motions on behalf of Plaintiffs whom they do not represent in an apparent dodge of Crowell's non-party status. Even if its Motion were not procedurally void, Crowell improperly seeks a premature advisory opinion on an issue that the Court need not and should not consider at this time. The papers should be stricken.

14. In compliance with the Court's General Order 21-0027, which suspends Local Rule 5.3(b), Walgreens has not noticed this motion for presentment.

15. This motion to strike is made in the interest of justice and not for the purpose of delay or obstruction.

16. Wherefore, Walgreens respectfully requests that the Court enter an Order:

    a. Striking the Motion (Dkt. 158) and accompanying filings (Dkts. 159–161);

    b. Granting such other and further relief as this Court deems just and proper.

Dated: August 3, 2021                    Respectfully submitted,

/s/ Jeffrey J. Bushofsky
Jeffrey J. Bushofsky
Laura G. Hoey
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
Tel: (312) 845-1200
Fax: (312) 845-5522
Jeffrey.Bushofsky@ropesgray.com
Laura.Hoey@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendant Walgreen Co.*

# CERTIFICATE OF SERVICE

I, Charles D. Zagnoli, hereby certify that the foregoing document was electronically filed on August 3, 2021, and will be served electronically via the Court's ECF Notice system upon the registered parties of record and upon counsel for non-party Crowell & Moring LLP.

*/s/ Charles D. Zagnoli*

Charles D. Zagnoli
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
Tel: (312) 845-1200
Fax: (312) 845-5522
Charles.Zagnoli@ropesgray.com

*Attorney for Defendant Walgreen Co.*