# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BCBSM, INC. (d/b/a BLUE CROSS AND BLUE SHIELD OF MINNESOTA), *et al.* | ) ) ) | Case No. 1:20-cv-01853 |
| | ) | Honorable Virginia M. Kendall |
| *Plaintiffs/Counter-Defendants,* | ) ) | Honorable Sheila M. Finnegan |
| v. | ) ) | |
| | ) | Related Cases: |
| WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC. | ) ) ) | Case No. 1:20-cv-04738 Case No. 1:20-cv-03332 Case No. 1:20-cv-01929 |
| *Defendants/Counter-Plaintiffs.* | ) | Case No. 1:20-cv-04940 |

## MOTION TO REASSIGN CASE NO. 1:22-CV-01362 UNDER LOCAL RULE 40.4 AND TO CONSLIDATE CASE NO. 1:22-CV-01362 WITH CASE 1:20-CV-1853 UNDER FEDERAL RULE OF CIVIL PROCEDURE 42

On March 15, 2022, Plaintiffs CareFirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., CareFirst BlueChoice, Inc., Blue Cross and Blue Shield of South Carolina, BlueChoice HealthPlan of South Carolina, Inc., Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc. (collectively, the "*CareFirst* Plaintiffs")—all Blue Cross and Blue Shield Association health plans—filed suit against Walgreen Co. and Walgreens Boots Alliance, Inc. (collectively, "Walgreens" or "Defendants") alleging that Walgreens submitted fraudulently inflated usual and customary ("U&C") prices to the *CareFirst* Plaintiffs that wrongfully excluded discounted prices offered to cash customers paying without insurance. *CareFirst of Maryland, Inc. v. Walgreen Co.*, Case No. 1:22-CV-01362 (the "*CareFirst* Case"). See **Exhibit A** (Complaint, Dkt. No. 1). The *CareFirst* case was assigned to Judge Charles P. Kocoras.

The *CareFirst* Plaintiffs respectfully move the Court for entry of an Order **(i)** reassigning the *CareFirst* Case to this Court; **(ii)** consolidating the *CareFirst* Case with Case No. 1:20-cv-1853, the lowest-numbered case in the related set of *five* other consolidated cases brought by Blue

Cross and Blue Shield health plans against Walgreens alleging substantially the same fraudulent U&C conduct; **(iii)** granting a brief one-month extension of the discovery deadlines; and **(iv)** setting an initial status hearing commensurate with the status conference currently set for April 11, 2022 at 10:00 a.m.

In support of this motion, the *CareFirst* Plaintiffs rely on all pleadings and papers of record to date and state further as follows:

## I. BACKGROUND

1. On March 18, 2020, Plaintiffs BCBSM, Inc. (d/b/a Blue Cross and Blue Shield of Minnesota), HMO Minnesota (d/b/a Blue Plus), Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue), Health Options, Inc. (d/b/a Florida Blue HMO), Blue Cross and Blue Shield of North Carolina, Blue Cross Blue Shield of North Dakota, Blue Cross and Blue Shield of Alabama, Blue Cross and Blue Shield of Kansas, Inc., Blue Cross and Blue Shield of Nebraska, Inc., Blue Cross and Blue Shield of Massachusetts, Inc., Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc., Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa), Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota), Wellmark Health Plan of Iowa, Inc., Wellmark Synergy Health, Inc., and Wellmark Value Health Plan, Inc. (collectively, the "*BCBSM* Plaintiffs"), filed the Complaint in *BCBSM, Inc. v. Walgreen Co.*, No. 1:20-cv-1853 (the "*BCBSM* Case") (Dkt. No. 1), alleging that Walgreens submitted fraudulent U&C prices to the *BCBSM* Plaintiffs. The operative Second Amended Complaint is attached as **Exhibit B** (Dkt. No. 145).

2. On March 23, 2020, Plaintiffs HealthNow New York, Inc., BlueCross BlueShield of Western New York, Inc. (f/k/a Blue Cross of Western New York), and BlueShield of Northeastern New York (collectively, the "*HealthNow* Plaintiffs"), filed Case No. 1:20-cv-1929

(the "*HealthNow* Case") against Walgreen Co. and Walgreens Boots Alliance, Inc., also making substantially the same claims. The *HealthNow* Case was assigned to this Court and to Magistrate Judge Sheila M. Finnegan.

3. On June 5, 2020, plaintiffs Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey) and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health) (collectively, the "*Horizon* Plaintiffs") filed Case No. 1:20-cv-3332 (the "*Horizon* Case") against Walgreen Co. and Walgreens Boots Alliance, Inc., making similar claims and involving similar issues. The *Horizon* Case was assigned to Judge Mary M. Rowland and Magistrate Judge Gabriel A. Fuentes.

4. On July 2, 2020, Defendants and the *Horizon* Plaintiffs filed a Joint Motion to Reassign Case No. 1:20-cv-3332 under Local Rule 40.4 and to Consolidate Case Nos. 1:20-cv-1853, 1:20-cv-1929, and 1:20-cv-3332 under Federal Rule of Civil Procedure 42 (the "Joint Motion to Reassign and Consolidate"). (No. 1:20-cv-1853, Dkt. No. 44.)

5. On July 8, 2020, the Court granted the Joint Motion to Reassign and Consolidate. (No. 1:20-cv-1853, Dkt. No. 46.) As a result, the Court reassigned the *Horizon* Case to its calendar and consolidated the *BCBSM* Case, the *HealthNow* Case, and the *Horizon* Case. (*Id.*; *see also* No. 1:20-cv-1853, Dkt. No. 80.)

6. On July 8, 2020, Defendants filed motions to dismiss the *BCBSM* Case (No. 1:20-cv-1853, Dkt. No. 47), the *HealthNow* Case (No. 1:20-cv-1853, Dkt. No. 57), and the *Horizon* Case (No. 1:20-cv-1853, Dkt. No. 64) under Federal Rules of Civil Procedure 12(b)(7) and 12(b)(6).

7. On July 13, 2020, the parties to the consolidated *BCBSM* Case filed a Joint Status Report (No. 1:20-cv-1853, Dkt. No. 78), and the Court held an Initial Status Hearing on July 16, 2020. (No. 1:20-cv-1853, Dkt. No. 80.)

8. On August 12, 2020, plaintiff Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBlue) ("BCBS of Arizona") filed Case No. 1:20-cv-4738 (the "*BCBS of Arizona* Case") against Walgreen Co. and Walgreens Boots Alliance, Inc., making similar U&C claims. The *BCBS of Arizona* Case was assigned to Judge Mary M. Rowland and Magistrate Judge Jeffrey T. Gilbert.

9. On August 21, 2020, plaintiffs Asuris Northwest Health, Blue Cross and Blue Shield of Kansas City, Cambia Health Solutions, Inc., Regence Blue Shield of Idaho, Inc., Regence BlueCross and BlueShield of Oregon, Regence BlueCross and BlueShield of Utah, and Regence BlueShield of Washington (collectively, the "*Asuris* Plaintiffs") filed Case No. 1:20-cv-04940 (the "*Asuris* Case") against Walgreen Co. and Walgreens Boots Alliance, Inc., also making similar U&C claims. The *Asuris* Case was assigned to Judge Sara L. Ellis and Magistrate Judge Gabriel A. Fuentes.

10. On September 11, 2020, Walgreens and the Plaintiffs in the *BCBS of Arizona* Case and the *Asuris* Case filed Joint Motions to Reassign each case under Local Rule 40.4. (Dkt. Nos. 84, 85).

11. On September 18, 2020, the Court granted the Parties' Joint Motions to reassign and consolidate the *BCBS of Arizona* Case and the *Asuris* Case with the consolidated *BCBSM* Case.

12. On January 8, 2021, the Court denied Defendants' Motions to Dismiss, with the exception of dismissing without prejudice Plaintiffs' claims for negligent misrepresentation and

violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505, et seq.) ("ICFA") and the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510, et seq.) ("IUDTPA") . (Dkt. No. 121.)

13. On January 28, 2021, the *BCBSM* Plaintiffs filed an Amended Complaint with additional allegations as to the ICFA and IUDTPA claims. (Dkt. No. 122.) On June 15, 2021, the Court denied Walgreens' Motion to Dismiss those claims. (Dkt. No. 139.)

14. On February 16, 2022, the parties filed a Proposed Revised Discovery Schedule, with fact discovery closing on Wednesday, September 28, 2022. (Dkt. No. 219.)

15. On March 24, 2022, the Court scheduled a Status Hearing for April 11, 2022 at 10 a.m. (Dkt. No. 235.)

II. **THE *CAREFIRST* PLAINTIFFS REQUEST THAT THE COURT REASSIGN CASE NO. 1:22-CV-01362 TO ITS DOCKET AND CONSOLIDATE IT FOR ALL PURPOSES WITH CASE NO. 1:20-CV-01853**

16. Under Local Rule 40.4, the judge in the lowest-numbered case in a related set can reassign to herself a related case on another judge's calendar if: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." LR 40.4.

17. ***First,*** the *CareFirst* Case is related to the consolidated *BCBSM* Case. Local Rule 40.4(a) states that cases are related if "the cases involve the same issue of fact or law." LR 40.4(a). At their core, both cases allege the same fraudulent scheme: that Walgreens submitted fraudulently inflated U&C prices on reimbursement claims submitted to Blue Cross and Blue Shield health plans that excluded discounted cash prices offered to customers paying without using insurance.

5

*See* Ex. A, at ¶¶ 1-11; Ex. B, at ¶¶ 1-11.  Moreover, both cases allege similar causes of action, including fraud, fraudulent nondisclosure, unjust enrichment, and state consumer protection act claims.  Ex. A, at ¶¶ 100-191; Ex. B, at ¶¶ 119-336.  In short, both cases—as well as the four cases previously consolidated with the *BCBSM* Case—involve the same issues of fact and law.

18.     ***Second,*** the *CareFirst* Case meets the Conditions for Reassignment set forth in Local Rule 40.4(b).  As described above, both cases are pending in this district.  The consolidated *BCBSM* Case is pending in this Court, and the *CareFirst* Case is pending before Judge Kocoras.  Indeed, both cases involve primarily the same issues of fact and law—whether Walgreens committed fraud by covertly excluding discount cash prices offered to customers paying without insurance from the U&C prices submitted in reimbursement claims for members of certain Blue Cross and Blue Shield health plans for the same drugs—and therefore likely will involve similar discovery, similar motions practice, and similar evidence.  Accordingly, re-assigning the *CareFirst* Case to this Court likely will result in a substantial saving of judicial time and effort.

19.     Nor will designating the *CareFirst* Case as related substantially delay proceedings in the consolidated *BCBSM* Case or the *CareFirst* Case.  The *CareFirst* Plaintiffs assert the same claims that have already survived Walgreens' motions to dismiss.  On January 8, 2021, the Court denied Walgreens Motions to Dismiss, with the exception of claims for negligent misrepresentation and violations of the ICFA and the IUDTPA.  (Dkt. No. 121.)  Subsequently, the *BCBSM* Plaintiffs re-pleaded their ICFA and IUDTPA claims, and the Court denied Walgreens' Motion to Dismiss.  (Dkt. Nos. No. 122, 139.)  The *CareFirst* Plaintiffs assert the same claims here.

20.     On February 16, 2022, the parties in the consolidated *BCBSM* Case proposed a revised discovery schedule with fact discovery closing on Wednesday, September 28, 2022.  To

be sure, the *CareFirst* Plaintiffs propose a brief one-month extension of the close of fact discovery to Friday, October 28, 2022, with corresponding one-month extensions for opening expert reports, rebuttal expert reports, the close of expert discovery, and the deadline for submitting a pre-trial scheduling order (including deadlines for dispositive and pre-trial motions). But a one-month extension is not likely to "delay the proceedings in the earlier case substantially," as set forth in the Conditions for Reassignment. LR 40.4(b)(4).

21. Moreover, both cases involve substantially the same issues of fact and law as well as substantially the same fraudulent scheme and include the same Defendants. For these reasons, both cases are susceptible of disposition in a single proceeding.

22. Local Rule 40.4 provides that a motion for reassignment "should not generally be filed" until after responsive pleadings in proceedings have been filed so that all parties can be heard. LR 40.4(c). Here, counsel for the *CareFirst* Plaintiffs has conferred with counsel for the consolidated *BCBSM* Plaintiffs and counsel for Walgreens. Counsel for the consolidated *BCBSM* Plaintiffs consents to the relief sought in this motion. Counsel for the *CareFirst* Plaintiffs also has conferred with counsel for Walgreens. And although counsel for Walgreens opposes the relief sought herein, Walgreens does not presently intend to file papers in opposition to this motion.

**WHEREFORE**, the *CareFirst* Plaintiffs respectfully request that the Court enter an order:

a) Finding that the *CareFirst* Case is related to the consolidated *BCBSM* Case and reassigning the *CareFirst* Case to this Court;

b) Consolidating the *CareFirst* Case with the consolidated *BCBSM* Case for all purposes;

c) Entering a Revised Discovery Schedule with one-month extensions to the dates proposed by the *BCBSM* Plaintiffs and Walgreens (Dkt. No. 219);

d) Setting an initial status conference for April 11, 2022 at 10:00 a.m.; and

e) Granting such other and further relief as this Court deems just and proper.

Dated: March 31, 2022          Respectfully submitted,

<div style="margin-left: 2em;">

*/s/ Samera Syeda Ludwig*
Samera Syeda Ludwig

Samera Syeda Ludwig
L&G LAW GROUP LLP
175 West Jackson Blvd, Suite 950
Chicago, Illinois 60604
Tel: (312) 364-2500
Fax: (312) 364-1003
sludwig@lgcounsel.com

Robert B. Gilmore (admitted *pro hac vice*)
Jed Wulfekotte (admitted *pro hac vice*)
Michael A. Petrino (*pro hac vice* forthcoming)
Susie Kim (*pro hac vice* forthcoming)
STEIN MITCHELL BEATO & MISSNER LLP
901 15th Street, N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 737-7777
Fax: (202) 296-8312
rgilmore@steinmitchell.com
jwulfekotte@steinmitchell.com
mpetrino@steinmitchell.com
skim@steinmitchell.com

*Attorneys for Plaintiffs*

</div>

**CERTIFICATE OF SERVICE**

I, Samera Syeda Ludwig, hereby certify that the foregoing Motion to Reassign Case No. 1:22-CV-01362 Under Local Rule 40.4 and to Consolidate Case No. 1:22-CV-01362 With Case 1:20-CV-1853 Under Federal Rule of Civil Procedure 42 was electronically filed on March 31, 2022 and will be served electronically via the Court's ECF Notice system upon all parties of record.

                         *s/ Samera Syeda Ludwig*
                         Samera Syeda Ludwig

                         Samera Syeda Ludwig
                         L&G LAW GROUP LLP
                         175 West Jackson Blvd, Suite 950
                         Chicago, Illinois 60604
                         Tel: (312) 364-2500
                         Fax: (312) 364-1003
                         sludwig@lgcounsel.com

                         *Attorney for Plaintiffs*