THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC, (d/b/a BLUE CROSS and BLUE SHIELD of MINNESOTA), HEALTH NEW YORK, INC, HORIZON HEALTHCARE SERVICES, INC. (d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY), BLUE CROSS AND BLUE SHIELD OF ARIZONA, INC. (d/b/a BLUE CROSS BLUE SHIELD OF ARIZONA and d/b/a AZBLUE), ASURIS NORTHWEST HEALTH, *et al.*, | |
| *Plaintiffs*, | No. 20 C 1853 |
| v. | No. 20 C 1929 |
| | No. 20 C 3332 |
| WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC., | No. 20 C 4940 |
| | No. 20 C 4738 |
| *Defendants and Third-Party Plaintiffs*, | Judge Virginia M. Kendall |
| v. | |
| PRIME THERAPEUTICS LLC, | |
| *Third-Party Defendant*. | |

**ORDER**

    Now before the Court is Third-Party Plaintiffs Walgreen Co. and Walgreens Boots Alliance, Inc.'s (together, "Walgreens") Motion for Leave to Amend Their Third-Party Complaint and for Clarification. (Dkt. 227). Walgreens first filed a Third-Party Complaint ("TPC") on July 26, 2021, (Dkt. 151) which the Court dismissed on February 9, 2022, upon Third-Party Defendant Prime Therapeutics LLC's ("Prime") motion, (Dkt. 217). Prime now opposes Walgreens' Proposed Amended TPC. (Dkt. 237). For the reasons set forth below, Walgreens' Motion [227] is granted in part.

**I. Motion for Leave to Amend**

    Walgreens seeks leave to file its amended pleading under Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Rule counsels in favor of permitting amendments, but "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."

1

*Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Indeed, "[t]he Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason" present in the form of those factors mentioned above. *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (emphasis added); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("However, while a court may deny a motion for leave to file an amended [pleading], such denials are disfavored."). That said, the Court may deny the motion when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Prime does not consent to Walgreens' Motion for Leave to Amend. (*See generally* Dkt. 237). Instead, it argues the Court should deny the motion on the grounds of undue delay and futility. (*Id.* at 5–12). The Court will address each of Prime's arguments in turn.

### A. Undue Delay

In arguing that Walgreen's motion is the "product of undue delay," Prime essentially asks the Court to look back in time to instances when Walgreens had the opportunity to amend its TPC but declined to do so. (Dkt. 237 at 5–6). For example, Prime highlights that Walgreens could have amended its TPC as a matter of right when Prime filed its Motion to Dismiss, and contends Walgreens' failure to do so weighs against the present motion. (*Id.* at 6 (citing Federal Rule 15(a)(1)(B)). Prime also asserts that the TPC could have been filed earlier in the litigation. (*Id.* at 5–6). It claims that Walgreens "had all the facts it is now alleging when it was first sued [more than two years ago], [yet] Walgreens did not file a [TPC] until the very last day for amending pleadings under the Court's scheduling order." (*Id.* at 5). From the outset, Prime's arguments are untenable because the question is whether Walgreens requested leave to amend within a reasonable time following the Court's Order dismissing the TPC. Walgreens' motion was not unduly delayed given that it was filed within one month of the Court's Order dismissing the TPC. (*Compare* Dkt. 217 (entered February 9, 2022), *with* Dkt. 227 (filed March 4, 2022)).

In any case, Prime's arguments fail on the merits. Walgreens filed its TPC concurrently with its answer to the underlying Second Amended Complaint, which satisfies the requirements of the Federal Rules. *See* FED. R. CIV. P. 14(a)(1) (stating that litigants must file third-party complaints within fourteen days of answering an underlying complaint). (*See also* Dkts. 149, 152). There is no basis to deem the initial TPC "unduly delayed" since it was filed in accordance with the timeline set forth by the Federal Rules. In addition, Walgreens had no obligation to amend its TPC when Prime moved for dismissal; the fact that Walgreens did not avail itself of that strategy does not override the liberal standard for amending pleadings under Rule 15. *See, e.g.*, *Runnion* ex rel. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("[A] plaintiff who receives a Rule 12(b)(6) motion and who has good reason to think the complaint is sufficient may . . . choose to stand on the complaint and insist on a decision without losing the benefit of the well-established liberal standard for amendment with leave of court under Rule 15(a)(2)."). Finally, delay alone is generally not a reason to deny a proposed amendment. Delay should be coupled with some other reason to decline a motion to amend, such as prejudice. *See, e.g.*, *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 791 (7th Cir. 2011); *Dubicz v.*

*Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). Even if Prime could establish that the motion was unduly delayed, Prime fails to show how Walgreens' delay was prejudicial beyond vague assertions like "allegations become meaningfully harder to defend against [as time passes]." (Dkt. 237 at 6). Such statements are insufficient to justify the denial of Walgreens' motion.

### B. Futility

Prime next argues that Walgreens' Proposed Amended TPC is futile because it repeats certain pleading deficiencies raised with the initial TPC. (*See* Dkt. 237 at 7–12). An amendment to a pleading would be futile if the amended claims would not be able to survive a motion to dismiss under Rule 12(b)(6). *Runnion*, 786 F.3d at 524. Rule 12(b)(6) simply requires that in order to survive a motion to dismiss, a party need only "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Prime argues that the Proposed Amended TPC would not survive a motion to dismiss because it inadequately alleges Prime's status as a joint tortfeasor with common liability to the Plaintiffs. (Dkt. 237 at 7–8). Specifically, Prime argues that the amended pleading fails to adequately allege that Prime "had knowledge of what Walgreens was doing such that Prime engaged or assisted in [Walgreens' alleged] fraud." (*Id.* at 11 (emphasis added) (internal quotation marks omitted)). However, the Proposed Amended TPC alleges that Prime knew (1) that Walgreens excluded prescription drug savings-program prices from its usual and customer prices, and (2) that Walgreens and Plaintiffs had "mismatched understandings about [such] pricing." (Dkt. 228-1 ¶¶ 53–55). Thus, Walgreens alleges, Prime "either contributed to or failed to correct the [Plaintiffs'] belief that Walgreens was reporting . . . savings-program prices as [usual and customary]." (Dkt. 228-1 ¶ 54; *see also id.* ¶¶ 41 ("Prime controls the flow of information and payments between Walgreens and the Prime Plans."), 48 ("Prime knew or should have known that [Plaintiffs] understood and expected both Walgreens and Prime to adhere to applicable industry standards when reporting U&C prices.")). Despite Prime's assertions to the contrary, (Dkt. 238 at 10–11), Walgreens need not plead more detail with respect to Prime's knowledge of the alleged fraud at this time; rarely will a litigant be able to do so without the benefit of discovery. *See, e.g.*, *Lansing v. Carroll*, 71 F. Supp. 3d 765, 772 (N.D. Ill. 2014) ("Where pleadings concern matters peculiarly within the knowledge of the defendants, conclusory pleading . . . should be liberally viewed" (citing *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005))); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 3946581, at *3 (N.D. Ill. Sept. 2, 2011) ("[T]he Court must be 'realistic' as to what [plaintiffs] could plead at [the motion to dismiss stage] . . . especially with respect to what another party knew.") (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). At this stage in the litigation, Walgreens need only plausibly allege that Prime knew about Walgreens' alleged fraud. Walgreens has met that burden.

Prime further argues that it cannot be held jointly liable under certain state laws which preclude tortfeasors from seeking contribution for intentional misconduct. (*See* Dkt. 237 at 11–12 (asserting that the laws of Illinois, North Carolina, North Dakota, Florida, Washington, Nebraska, and Minnesota bar contribution claims for intentional torts)). Walgreens does not dispute that the

3

laws of these states bar contribution for intentional torts. *Cf. Dunagan v. Ill. Inst. of Art Chi., LLC*, No. 19-cv-809, 2021 WL 1196494, at *7 (N.D. Ill. Mar. 30, 2021) (citing *Appley v. West*, 929 F.2d 1176, 1180 (7th Cir. 1991)); *Reitz v. Creighton*, No. 15-cv-1854, 2016 WL 1214478, at *2 ("Under Illinois law, a defendant can claim contribution for a tort claim against him from another third party, unless the defendant's actions were intentional.") (citing *Appley v. West*, 929 F.2d 1176, 1180 (7th Cir. 1991); *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 128 Ill.2d 179, 206 (1989)). Instead, Walgreens argues that Plaintiffs do not necessarily have to prove intent to prevail on their causes of action, and therefore Walgreens *could* be entitled to contribution depending on the jury's eventual finding as to intent. (Dkt. 241 at 12–13). Yet it cannot be ignored that Plaintiffs' Complaint is replete with allegations that Walgreens *intentionally* deceived them. (*See, e.g.*, Dkt. 146 ¶¶ 108 ("Walgreens <u>knowingly and intentionally</u> submitted inflated prices to Plaintiffs.") (emphasis added), 109 ("By <u>knowingly and intentionally</u> reporting inaccurate U&C charges to Plaintiffs . . . Walgreens misled Plaintiffs and caused Plaintiffs to overpay many millions of dollars.") (emphasis added), 123 ("Walgreens thus <u>knew</u> that the U&C charges it represented were false and misleading.") (emphasis added), 124 ("Walgreens submitted inflated U&C prices on claims for payment by Plaintiffs <u>with the knowledge and intent</u> that those false U&C prices would be relied upon to adjudicate Plaintiffs' payments.") (emphasis added), 157 ("[Walgreens] engaged in unfair, deceptive, and unlawful acts and practices . . . <u>with the specific intent</u> that the Plaintiffs would rely upon those deceptive acts and practices to reimburse claims to Walgreens."), 183 ("Walgreens <u>intended</u> that Plaintiffs rely on their misrepresentations and omissions, so that Plaintiffs would reimburse millions of claims at inflated rates.")). Therefore, while it may be true that the challenged causes of action do not necessarily *require* plaintiffs to prove intent to defraud, *e.g.*, *Glen Ellyn Pharm., Inc. v. Meda Pharms., Inc.*, No. 09-cv-4100, 2011 WL 6156800, at *4 (N.D. Ill. Dec. 9, 2011) ("Illinois courts have interpreted the Consumer Fraud Act in a manner such that plaintiffs do not have to prove a defendant intended to deceive them.") (quoting *Conn. Indem. Co. v. DER Travel Serv., Inc.*, 328 F.3d 347, 350 (7th Cir. 2003)), the underlying Plaintiffs here expressly purport to prove Walgreens' fraudulent intent. Prime is thus correct that Walgreens' contribution claims are futile under those state laws that bar recovery for intentional tortfeasors. Walgreens' motion [227] is denied as to those particular claims.

**II. Motion for Clarification**

Walgreens further seeks to determine whether its indemnification claims were dismissed without prejudice. (Dkt. 227 at 7). The Court clarifies that Walgreen's indemnification causes of action were merely dismissed as premature and thus without prejudice. (Dkt. 217 at 24). Walgreens may reassert those claims in the future as appropriate.

## **CONCLUSION**

For the foregoing reasons, Walgreens' Motion for leave to Amend Their Third-Party Complaint and for Clarification [227] is granted in part, as set forth herein.

_____
Virginia M. Kendall
United States District Judge

Date: April 13, 2022