UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., ET AL., | |
| Plaintiffs/Counter-Defendants, | Case No. 1:20-cv-01853 |
| v. | |
| | Honorable Virginia M. Kendall |
| WALGREEN CO. AND WALGREENS BOOTS ALLIANCE, INC., | Honorable Sheila M. Finnegan |
| Defendants/Counter-Plaintiff. | |
| | *Consolidated with*: |
| | No. 1:20-cv-01929 |
| | No. 1:20-cv-03332 |
| | No. 1:20-cv-04940 |
| | No. 1:20-cv-04738 |
| | No. 1:22-cv-01362 |

**DEFENDANTS' MOTION TO DISMISS
THE CAREFIRST PLAINTIFFS' COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

Defendants Walgreen Co. ("Walgreens") and Walgreens Boots Alliance, Inc. ("WBA," and together with Walgreens, "Defendants"), by and through their undersigned attorneys, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(1) to enter an Order dismissing the Complaint filed by Plaintiffs CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana; and HMO Louisiana, Inc. (together, the "Carefirst Plaintiffs") for lack of subject matter jurisdiction, because the Court lacks diversity jurisdiction here.

1

In support of this motion, Defendants rely upon the pleadings and papers of record to date and further state:

1.  In this diversity action, the Carefirst Plaintiffs—a number of health plans that provide services to members in several states—have sued Defendants for an alleged fraud related to Walgreens' submissions of usual and customary ("U&C") drug prices to Plaintiffs' pharmacy benefit managers ("PBMs"). The Complaint's substantive allegations are well-known to the Court, as they are copied almost word-for-word from the allegations in the second amended complaint in the related action *BCBSM, Inc., et al. v. Walgreen Co., et al.*, Case No. 1:20-cv-01853 (N.D. Ill.) (the "*BCBSM* Action"). See generally ECF No. 1 in *Carefirst of Maryland, Inc., et al. v. Walgreen Co., et al.*, Case No. 1:22-cv-01362 (D. Md. Mar. 15, 2022) (the "*Carefirst* Complaint" in the "*Carefirst* Action").[1]

2.  But the *Carefirst* Complaint suffers a unique and fundamental jurisdictional flaw: one of these new Plaintiffs is "stateless" for diversity purposes, causing the entire case to fall beyond this Court's Article III jurisdiction. Plaintiff Group Hospitalization and Medical Services, Inc. ("GHMSI") is a federally charted corporation operating in multiple states. Absent specific statutory language dictating their citizenship (which does not exist in GHMSI's case), such corporations are indisputably citizens of *no state* and thus their presence destroys complete diversity among the parties. *See Bankers' Trust Co. v. Texas & Pac. Ry. Co.*, 241 U.S. 295, 309–10 (1916). Because the inclusion of GHMSI as a party defeats complete diversity, the *Carefirst* Complaint must be dismissed for failing to plead the Court's subject matter jurisdiction.

---

[1] The Court consolidated the *Carefirst* Action with the *BCBSM* Action on April 11, 2022. *See* ECF No. 251 in Case No. 1:20-cv-01853.

3. Defendants are mindful of the fact that fundamental questions concerning the Court's authority, such as questions related to subject matter jurisdiction, "should be decided early in the lawsuit." *Se. Lake View Neighbors v. Dep't of Hous. & Urban Dev.*, 685 F. 2d 1027, 1040 (7th Cir. 1987); *see also Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021) (subject matter jurisdiction should be "the first issue in any case"). Defendants thus bring this motion and seek to resolve this patent jurisdictional defect at the earliest possible opportunity, rather than at a point in the case when the Parties have expended significant time, effort, and resources litigating the Carefirst Plaintiffs' claims.

### A. Background

4. The Carefirst Plaintiffs filed their Complaint on March 15, 2022, asserting claims for common law fraud (Count I), fraudulent nondisclosure (Count II), unjust enrichment (Count III), and violations of various states' consumer protection laws (Counts IV–VIII). As in the *BCBSM* Action, the *Carefirst* Complaint alleges that Walgreens submitted U&C drug prices to Plaintiffs' PBMs that did not reflect special prices available only to members of savings programs like Walgreens' Prescription Savings Club ("PSC"), thereby supposedly inflating the amounts that Plaintiffs reimbursed Walgreens for covered prescription drugs.

5. The *Carefirst* Complaint asserts that the Court possesses subject matter jurisdiction exclusively pursuant to the diversity statute, 28 U.S.C. § 1332, because Plaintiffs "are citizens of Maryland, Washington, D.C., South Carolina, and Louisiana"; Defendants are "citizens of Delaware and Illinois"; and "the amount in controversy exceeds $75,000." *Carefirst* Compl. ¶ 29.

6. The *Carefirst* Complaint names GHMSI as a Plaintiff and describes it as a "congressionally chartered corporation" that "operates as a not for profit health services plan in two counties of Maryland, Northern Virginia, and the District of Columbia." *Id.* ¶ 13. Thus,

GHMSI indisputably operates in at least two states and Washington, D.C.—a significant admitted fact, as explained below.

### B. Legal Standard

7. Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to press "a facial challenge" to the Court's subject matter jurisdiction, which tests whether a complaint contains sufficient factual allegations to establish jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015); *see also Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *3 (N.D. Ill. Mar. 1, 2022). Where a defendant raises a facial challenge—such as the instant motion—"the plaintiff bears the burden of establishing that the court has jurisdiction over the matter." *Chiappetta*, 2022 WL 602505, at *3, *citing Silha*, 807 F.3d at 173. Resolving a facial challenge requires the Court to "assume[] the truth of the operative complaint's well-pleaded factual allegations, but not its legal conclusions." *Martin v. Haling*, 2022 WL 1228233, at *1 (N.D. Ill. Apr. 26, 2022) (citing cases).

8. The *Carefirst* Complaint alleges only diversity under 28 U.S.C. § 1332 as the basis for the Court's subject matter jurisdiction; no federal question jurisdiction exists over the Carefirst Plaintiffs' state law claims.[2] *See Carefirst* Compl. ¶¶ 29–30. The diversity statute provides that federal district courts have "original jurisdiction of all civil actions where the matter in controversy

---

[2] The *Carefirst* Complaint also asserts that the Court has "supplemental jurisdiction" under 28 U.S.C. § 1367, *see Carefirst* Compl. ¶ 29, but does not explain how or why, in the absence of diversity jurisdiction, the Court would possess supplemental jurisdiction over any of the Complaint's purely state law claims. *See Peacock v. Thomas*, 516 U.S. 349, 355 (1996) ("[Supplemental] jurisdiction" requires "an independent basis for federal jurisdiction"). *See also* Wright & Miller, 13D Fed. Prac. & Proc. Juris. § 3567.3 (3d ed.) ("If [a] claim failed to invoke an independent basis of subject matter jurisdiction, then there was nothing to which supplemental jurisdiction could have attached."). And, because of the complete diversity requirement, *see supra* ¶¶ 8–10, the Court may not take supplemental jurisdiction of GHMSI's state law claims merely because the remainder of the parties to the *Carefirst* Complaint are diverse.

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . *citizens of different States.*" 28 U.S.C. § 1332(a)(1) (emphasis added). The existence of diversity is determined "against the state of facts that existed at the time of filing." *KM LPTV of Chicago-13, LLC v. S.O.S. Media Holdings, Inc.*, 2015 WL 12834764, at *2 (N.D. Ill. Sept. 15, 2015) (citation omitted).

9. Establishing jurisdiction under 28 U.S.C. § 1332 demands "complete diversity" between all plaintiffs and defendants. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Where, as here, "more than one plaintiff sues more than one defendant and the jurisdiction rests on diversity of citizenship, *each* plaintiff must be capable of suing *each* defendant" under the diversity statute. Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3605 (3d ed.), *quoting* S*oderstrom v. Kungsholm Baking Co.*, 189 F.2d 1008, 1014 (7th Cir. 1951) (emphasis added). That is, a suit lacks complete diversity where any "party cannot sue or be sued under one of the provisions of the diversity statute." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021).

10. The complete diversity rule requires that "no plaintiff [is] from the same state as any defendant." *Montgomery v. Markel Int'l Ins. Co.*, 259 F. Supp. 3d 857, 864 (N.D. Ill. 2017) (citations omitted). Relevant to the instant motion, however, some "individuals or entities are not considered to be citizens of any state." *Page*, 2 F.4th at 635. Because such entities are "not (by definition) a citizen of any state as [28 U.S.C. § 1332(a)] requires," they do not "fall within the jurisdiction created by the diversity statute" and thus "destroy complete diversity just as much as a defendant who shares citizenship with a plaintiff." *Id.* at 636.

C. **The Complaint Should Be Dismissed Because GHMSI Destroys Diversity**

11. It is clear from the *Carefirst* Complaint's face that the Court lacks subject matter jurisdiction. GHMSI is a federally chartered corporation—it is a "stateless" citizen, absent specific

5

statutory citizenship that does not exist here. As a result, GHMSI's presence in the *Carefirst* Action destroys complete diversity among the parties and requires the *Carefirst* Complaint's dismissal.

12. The Carefirst Plaintiffs allege that GHMSI is "congressionally chartered" and operates in Maryland, Northern Virginia, and the District of Columbia. *Carefirst* Compl. ¶ 13. In 1916, the Supreme Court held that such federally chartered corporations that operate across multiple states are by default stateless entities that destroy complete diversity. *Bankers' Trust*, 241 U.S. at 309–10. The Seventh Circuit recognized the *Bankers' Trust* holding in *Hukic v. Aurora Loan Servs.*, stating that, absent a statute that "dictate[s] otherwise," courts have found that federally chartered corporations are "not [citizens] of any state," and thus "not eligible for diversity jurisdiction." 588 F.3d 420, 428 (7th Cir. 2009); *see Fed. Home Loan Bank of Chi. v. Banc of Am. Funding Corp.*, 760 F. Supp. 2d 807, 808–09 (N.D. Ill. 2011) (emphasizing that *Hukic* "reconfirmed" the holding of *Bankers' Trust*). Courts across the Seventh Circuit—including in this District—have enforced this principle in diversity actions involving federally chartered entities that operate across multiple states and lack statutorily-defined state citizenship. *See, e.g.*, *id.*; *Am. Airlines Fed. Credit Union v. Eck*, 2018 WL 2332065, at *4 (N.D. Ill. May 23, 2018); *Fed. Home Loan Bank of Indianapolis v. Banc of Am. Mortg. Sec., Inc.*, 2011 WL 2133539, at *2 (S.D. Ind. May 25, 2011).

13. Defendants have found no statute dictating GHMSI's citizenship for diversity purposes. Thus, GHMSI is subject to the default rule that federally chartered corporations defeat diversity jurisdiction. Indeed, prior congressional acts specifically pertaining to GHMSI demonstrate that Congress has *passed* on the opportunity to define GHMSI as a state citizen for diversity purposes. In 1993, Congress amended GHMSI's charter to establish Washington, D.C.,

6

as the "legal domicile of the corporation." *See* District of Columbia Appropriation Act, 1994, Pub. L. No. 103–127, tit. I, § 138, 107 Stat. 1349 (1993). In doing so, Congress notably declined to speak in the parlance of 28 U.S.C. § 1332—*i.e.* by referring to GHMSI's "domicile," it did not address, let alone fix, GHMSI's *citizenship*, or even mention diversity jurisdiction at all.[3] This stands in stark contrast to other congressional acts permitting diversity jurisdiction over other federally chartered corporations. *See* 12 U.S.C. § 1464(x) ("In determining . . . *diversity jurisdiction* . . . [,] [f]ederal savings associations shall be considered to be *a citizen* only of the State in which such savings association has its home office.") (emphasis added).

14.     The charter amendment's legislative history also demonstrates that Congress did not intend to establish GHMSI's citizenship through the act. *See Scipio v. Weinberger*, 622 F. Supp. 47, 48 (N.D. Ill. 1985) (relying on legislative history to dismiss case for lack of subject matter jurisdiction). Congress did not reset GHMSI's "domicile" to extend federal courts' diversity jurisdiction to actions involving GHMSI. Rather, through the 1993 legislation, Congress subjected GHMSI to the oversight of D.C. insurance regulators due to the corporation's "imprudent business practices and fiscal irresponsibility" that had "jeopardize[d] its solvency." 139 Cong. Rec. H8217 (1993) (statement of Rep. Stark). Congress was presumptively aware of the Supreme Court's 1916 *Bankers' Trust* decision and subsequent cases by the time of the 1993

---

[3] That Congress established Washington, D.C., as GHMSI's "domicile" is irrelevant because "a corporation does not have a domicile" that impacts the diversity jurisdiction of federal courts. *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996). Only the citizenship of individuals is pegged to their "domicile"—defined by courts as the state they consider their "permanent home." *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 729–30 (7th Cir. 1991). By contrast, corporate citizenship (and the citizenship of other business organizations, such as partnerships and limited liability companies), is statutorily defined. The diversity statute provides that corporations are citizens of both the state in which they are incorporated and the state in which they have their principal place of business. *See* 28 U.S.C. § 1332(c)(1). Under this standard, "domicile" is not relevant to corporate citizenship. GHMSI's Washington, D.C., domicile establishes neither its state of incorporation nor its principal place of business.

7

legislation. *See United States v. Uriarte*, 975 F.3d 596, 601–02 (7th Cir. 2020) ("Congress writes statutes against the backdrop of the existing legal landscape," and "know[s] the law"), *quoting Cannon v. Univ. of Chi.*, 441 U.S. 677, 696–97 (1979). But the act's legislative history tellingly contains no mention of federal subject matter jurisdiction whatsoever. Congress's well-documented decision to assign GHMSI a "*domicile,*" subjecting it to the District of Columbia's insurance regulations, thus reflects no legislative intent to define GHMSI as a *citizen* of a particular state (or the District of Columbia) for diversity jurisdiction. Absent explicit statutory language addressing federal diversity jurisdiction, GHSMI remains stateless as a matter of law.

15. Where federally chartered multi-state corporations like GHMSI have no congressionally dictated citizenship, courts routinely recognize that their very presence in a diversity action precludes complete diversity and thus defeats federal subject matter jurisdiction. For example, in *American Airlines Federal Credit Union v. Eck*, Judge Guzmán dismissed the case after concluding, because the plaintiff federal credit union was a "national citizen and not a citizen of any state," complete diversity "*cannot* be established." *See* 2018 WL 2332065, at *4 (emphasis added). *See also Fed. Home Loan Bank of Chi.*, 760 F. Supp. 2d at 808–09 (court lacked diversity jurisdiction over federal home loan bank operating in Illinois and Wisconsin because it had no citizenship); *Jenkins v. Martin*, 2006 WL 2852300, at *2 (7th Cir. Oct. 3, 2006) (emphasizing that complete diversity would be *"impossible"* when federal savings and loan association was a party) (emphasis added); *Phila. Indem. Ins. Co. v. U.S. Olympic Comm.*, 2020 WL 4783516, at *8, n.2 (D. Colo. Aug. 18, 2020) (collecting cases).

16. The fact that the non-GHMSI Plaintiffs named in the *Carefirst* Complaint are diverse does not change the result. "It is irrelevant whether complete diversity would otherwise exist when disregarding the [nondiverse entity's] presence as a party" because complete diversity

8

requires *each* party to fall into the categories set forth by the diversity statute. *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1303 (S.D. Fla. 2016) (citing cases for the proposition that "the presence of a party who is not a citizen of any state…destroys a court's diversity jurisdiction even when there are otherwise diverse parties on the same side of the lawsuit as the 'stateless' party"). *See also* 13E Fed. Prac. & Proc. Juris. § 3605. GHMSI's mere presence in any multi-plaintiff complaint that would otherwise satisfy the diversity statute infects the entire complaint and precludes the possibility of diversity jurisdiction. *See Page*, 2 F.4th at 636 ("If *a party* cannot sue or be sued under one of the provisions of the diversity statute, the *suit* lacks complete diversity.") (emphasis added). GHMSI cannot "piggy back" on the hypothetical diversity jurisdiction of plaintiffs who could have properly filed a federal case in diversity without including GHMSI.

17. Because diversity jurisdiction is determined "against the state of facts that existed at the time of filing," *KM LPTV of Chicago-13, LLC*, 2015 WL 12834764, at *2, the jurisdictional defect discussed above has existed since the moment that the *Carefirst* Complaint was filed. This is a critical flaw that "affects the entire case," and requires the dismissal of the "entire" *Carefirst* Complaint. *Ganjavi v. Smith*, 2007 WL 2298375 (N.D. Ill. July 31, 2007). Because GHMSI is "not a citizen of any state, complete diversity among the parties *cannot* be established." *Eck*, 2018 WL 2332065, at *4 (emphasis added). Here, as in *Eck*, the Court should dismiss the *Carefirst* Complaint in its entirety.

\* \* \*

18. In compliance with the Court's Third Amended General Order 21-0027, which suspends Local Rule 5.3(b), Defendants have not noticed this motion for presentment.

9

19. This motion is made in the interest of justice and not for the purpose of delay or obstruction.

**WHEREFORE**, Defendants respectfully request that the Court enter an Order:

a. Dismissing the Carefirst Plaintiffs' Complaint (ECF No. 1 in Case No. 1:22-cv-01362) in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction; and

b. Granting such other and further relief as the Court deems just and proper.

Dated: May 16, 2022

Respectfully submitted,

*/s/ Jeffrey J. Bushofsky*
Jeffrey J. Bushofsky
Laura G. Hoey
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
Tel: (312) 845-1200
Fax: (312) 845-5562
Jeffrey.Bushofsky@ropesgray.com
Laura.Hoey@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendant/Counter-Plaintiff Walgreen Co. & Defendant Walgreens Boots Alliance, Inc.*

## CERTIFICATE OF SERVICE

      I, Charles D. Zagnoli, hereby certify that the foregoing document was electronically filed on May 16, 2022, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

                                                                                                             */s/ Charles D. Zagnoli*

Charles D. Zagnoli
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
Tel: (312) 845-1200
Fax: (312) 845-5562
Charles.Zagnoli@ropesgray.com

*Attorney for Defendant/Counter-Plaintiff Walgreen Co. & Defendant Walgreens Boots Alliance, Inc.*