**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| BCBSM, INC., *et. al.* | ) | Case No. 1:20-cv-01853 |
| | ) | |
| | ) | Honorable Virginia M. Kendall |
| *Plaintiffs/Counter-Defendants,* | ) | Honorable Sheila M. Finnegan |
| | ) | |
| v. | ) | |
| | ) | Related Cases: |
| WALGREEN CO. and WALGREENS | ) | Case No. 1:20-cv-04738 |
| BOOTS ALLIANCE, INC. | ) | Case No. 1:20-cv-03332 |
| | ) | Case No. 1:20-cv-01929 |
| *Defendants/Counter-Plaintiffs.* | ) | Case No. 1:20-cv-04940 |
| | ) | Case No. 1:22-cv-01362 |

**PLAINTIFFS CAREFIRST OF MARYLAND, INC., GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC., CAREFIRST BLUECHOICE, INC., BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, BLUECHOICE HEALTHPLAN OF SOUTH CAROLINA, INC., LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A/ BLUE CROSS AND BLUE SHIELD OF LOUISIANA, AND HMO LOUISIANA, INC.'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND MOTION FOR <u>LEAVE TO SEVER AND AMEND THE UNDERLYING ACTIONS</u>**

## INTRODUCTION

Pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure, Plaintiffs CareFirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., and CareFirst BlueChoice, Inc. (collectively, "CareFirst Plaintiffs"); and Blue Cross and Blue Shield of South Carolina and BlueChoice HealthPlan of South Carolina, Inc., Louisiana Health Service & Indemnity Company d/b/a/ Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc. (collectively, "South Carolina and Louisiana Plaintiffs"), hereby respond to Defendants Walgreen Co. and Walgreens Boots Alliance, Inc.'s (collectively, "Walgreens") Motion to Dismiss (ECF No. 267), by seeking leave of the Court to sever the concededly diverse South Carolina and Louisiana claims from the CareFirst Plaintiffs' claims and to grant the CareFirst Plaintiffs leave to amend their complaint to assert a cause of action under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18

1

U.S.C. § 1961, *et. seq.* The result would be that Plaintiffs' claims against Defendants would proceed with two separate actions: (1) an action brought by South Carolina and Louisiana Plaintiffs, over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because South Carolina and Louisiana Plaintiffs are citizens of South Carolina and Louisiana, Defendants are citizens of Delaware and Illinois, and their amount in controversy exceeds $75,000; and (2) a separate action brought by CareFirst Plaintiffs, over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because CareFirst Plaintiffs' claims arise under federal law and under 18 U.S.C. § 1964(c).[1] Plaintiffs met and conferred with Defendants regarding the relief sought in advance of filing, and Defendants indicated that they oppose the motion.

## **ARGUMENT**

Defendants filed their Motion to Dismiss (ECF No. 267) on May 16, 2022, in which they asserted that the Court should dismiss this action due to lack of complete diversity under 28 U.S.C. § 1332. Defendants conceded that South Carolina and Louisiana Plaintiffs were diverse from Defendants, but contended that one of the CareFirst Plaintiffs, Group Hospitalization and Medical Services, Inc. ("GHSMI"), was stateless for purposes of diversity jurisdiction because it is a federally chartered corporation. ECF No. 267, *passim*.

Though Plaintiffs dispute Defendants' arguments that GHSMI cannot maintain an action before this Court under 28 U.S.C. § 1332, or that this Court lacks diversity jurisdiction over the entire current action,[2] CareFirst Plaintiffs now amend their complaint to assert two RICO claims,

---

[1] If the Court grants Plaintiffs' motion, Plaintiffs submit that the resulting two cases could and should be consolidated for pretrial purposes with the other pending Blue Cross Blue Shield / Walgreens cases before this Court, just as Plaintiffs' original case was.

[2] To the extent that, in the future, Walgreens reasserts its argument that GHMSI cannot invoke diversity of citizenship to litigate in federal court, the CareFirst Plaintiffs reserve all grounds to oppose Walgreens' entirely incorrect position.

which would moot Walgreens' purported jurisdictional challenge. Pertinently, only CareFirst Plaintiffs currently intend to assert these RICO claims, which allege an unlawful enterprise and conspiracy involving Walgreens and nonparty Caremark, CareFirst Plaintiffs' pharmacy benefit manager ("PBM").[3] South Carolina and Louisiana Plaintiffs are not raising these RICO claims. By severing the actions, and by granting CareFirst Plaintiffs leave to amend to assert their RICO claims, the Court can simplify these proceedings expeditiously and render unnecessary a resolution of Defendants' Motion to Dismiss. *See Trading Technologies Intern., Inc. v. BGC Partners, Inc.*, No. 10 C 715, 2010 WL 3272842, \*\*1-2 (N.D. Ill. Aug. 17, 2010) (collecting cases and holding that the defendant's motion to dismiss the original complaint was rendered moot by the amended complaint, thus denying the motion).

The Court should permit Plaintiffs leave to amend as the Federal Rules of Civil Procedure provide a liberal policy for amending pleadings. Under Rule 15(a), leave to amend a party's pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962) (reversing denial of leave to amend by citing to Rule 15 (a)(2)'s mandate to freely give leave to amend and stating "this mandate is to be heeded"); *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015) (reversing post-judgment denial of leave to amend). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely

---

[3] It bears emphasis that the United States District Court for the District of Rhode Island granted leave to amend to add, and rejected dismissal-like futility arguments against, substantially similar RICO allegations targeting CVS Pharmacy and PBMs including Caremark. *See Sheet Metal Workers Local No. 20 v. CVS Pharmacy, Inc.*, 305 F. Supp. 3d 337 (D.R.I. 2018).

given.'" *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport.*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman*, 371 U.S. at 182).

CareFirst Plaintiffs' proposed First Amended Complaint is attached hereto as Exhibit A. It is their first amendment, is sought expeditiously before dispositive motion practice or protracted discovery, is made in good faith, and raises additional claims for relief arising out of Defendants' same wrongful scheme. Defendants would not be prejudiced in any way by this amendment.

The Court should simultaneously sever the claims of South Carolina and Louisiana Plaintiffs, such that they would then proceed separately under the attached proposed operative complaint (Exhibit B), to simplify these proceedings and promote judicial economy. Federal Rule of Civil Procedure 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. District courts have the inherent power to control their own docket, including the power to sever claims. *Se-Kure Controls, Inc. v. Sennco Sols., Inc.*, 675 F. Supp. 2d 877, 878 (N.D. Ill. 2009). The Court has broad discretion to sever any claim if doing so will increase judicial economy and avoid prejudice to the litigants. *Otis Clapp & Son, Inc. v. Filmore Vitamin* Co., 754 F.2d 738, 743 (7th Cir. 1985); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). A Rule 21 severance creates two independent actions which then proceed as separate suits. *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 441 (7th Cir. 2006). The severed claims may be discrete and separate, thereby supporting severance, even where the facts underlying the claims overlap, so long as "severance would simplify the proceedings". *Gaffney*, 451 F.3d at 434.

There will be no prejudice to Defendants by this amendment and severance, while at the same time avoiding the prejudice Plaintiffs might face if they are not afforded this procedural relief. Namely, this route preserves Plaintiffs' tolling of the statutes of limitations from the filing

of the original complaint. In contrast, a different procedural resolution, such as dismissal without prejudice and refiling new complaints on different jurisdictional grounds, would subject Plaintiffs to the possible loss of tolling. When a party is dismissed from the case without prejudice, the "statute of limitations is not tolled" because the Court acts as though the initial complaint "never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir.2005). But when a court "severs" a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n. 6 (3d Cir.1999). "The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). This remedy of severance is proper rather than "dismissal because district courts are 'duty bound' to prevent misjoinder from 'lead[ing] to a dismissal with statute of limitation consequences[.]'" *Miller v. Illinois Bell Tel. Co.*, 157 F. Supp. 3d 749, 757 (N.D. Ill. 2016) (quoting *Adkins v. Illinois Bell Tel. Co.*, No. 14 C 1456, 2015 WL 1508496, at *10 (N.D. Ill. Mar. 24, 2015) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir.2000))). "In formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties, including the misjoined party." *Elmore*, 227 F.3d at 1012.

Thus, severance is the just and equitable remedy here, allowing CareFirst Plaintiffs to proceed with their action asserting federal RICO claims (unquestionably supplying subject matter jurisdiction), and South Carolina and Louisiana Plaintiffs to proceed separately.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that this Court grant the following relief:

1. Sever Civil Action No. 1:22-cv-01362 into two independent actions:

5

    a. *CareFirst of Maryland, Inc., Group Hospitalization and Medical Services, Inc., and CareFirst BlueChoice, Inc. v. Walgreen Co. and Walgreens Boots Alliance, Inc.*; and

    b. *Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company d/b/a/ Blue Cross and Blue Shield of Louisiana and HMO Louisiana, Inc. v. Walgreen Co. and Walgreens Boots Alliance, Inc.*

2. Grant Plaintiffs leave to amend their original complaint to reflect this severance and for the CareFirst Plaintiffs to assert their RICO claim, as reflected in Exhibits A and B.

3. Deny Defendants' Motion to Dismiss as moot.

Dated: June 9, 2022            Respectfully submitted,

/s/ Samera Syeda Ludwig
Samera Syeda Ludwig

Samera Syeda Ludwig
**L&G LAW GROUP LLP**
175 West Jackson Blvd, Suite 950
Chicago, Illinois 60604
Tel: (312) 364-2500
Fax: (312) 364-1003
sludwig@lgcounsel.com

Robert B. Gilmore (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
Kevin L. Attridge (*pro hac vice* forthcoming)
Susie Kim (admitted *pro hac vice*)
Megan Benevento (*pro hac vice* forthcoming)
**STEIN MITCHELL BEATO & MISSNER LLP**
901 15th Street, N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 737-7777
Fax: (202) 296-8312
rgilmore@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com

susie.kim@steinmitchell.com
mbenevento@steinmitchell.com

*Attorneys for Plaintiffs*