**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BCBSM, INC., ET AL.,** | ) ) ) | |
| *Plaintiffs/Counter-Defendants,* | ) ) | Case No. 1:20-cv-01853 |
| v. | ) ) ) | Honorable Virginia M. Kendall |
| **WALGREEN CO. AND WALGREENS BOOTS ALLIANCE, INC.,** | ) ) ) | Honorable Sheila M. Finnegan |
| *Defendants/Counterclaimant.* | ) ) ) ) ) ) ) ) ) | *Consolidated with*: No. 1:20-cv-01929 No. 1:20-cv-03332 No. 1:20-cv-04940 No. 1:20-cv-04738 No. 1:22-cv-01362 |

**WALGREENS' MOTION TO STRIKE WAIVED ARGUMENTS FROM
THE *CAREFIRST* PLAINTIFFS' BRIEF IN SUPPORT OF SEVERING CLAIMS**

Defendants Walgreen Co. and Walgreens Boots Alliance, Inc. (together, "Walgreens"), by and through their undersigned attorneys, move the Court to strike Sections II and III, and the attached declaration and its exhibits, from the *CareFirst* Plaintiffs'[1] most recent brief (ECF No. 302), which purports to respond, for a second time, to Walgreens' motion to dismiss the *CareFirst* Complaint for lack of subject matter jurisdiction. Alternatively, should the Court choose to entertain these forfeited arguments, Walgreens seeks leave to file a sur-reply responding to those arguments.

---

[1] Capitalized terms not otherwise defined in this Motion have the meaning given to them in Walgreens' motion to dismiss for lack of subject matter jurisdiction (ECF No. 267) and Walgreens' opposition to the *CareFirst* Plaintiffs' motion for leave to sever and amend the underlying actions (ECF No. 296). For the sake of brevity, in making this motion Walgreens assumes the Court's familiarity with the broader jurisdictional dispute concerning GHMSI. *See* ECF Nos. 267, 289, 296, 302.

In support of this motion, Walgreens relies upon the pleadings and papers of record to date and further states:

1. On June 9, 2022, the *CareFirst* Plaintiffs filed a "response" to Walgreens' motion to dismiss for lack of subject matter jurisdiction, per this Court's scheduling order. *See* ECF No. 289 (the *CareFirst* Plaintiffs' "Response to [Walgreens'] Motion to Dismiss and Motion for Leave to Sever and Amend the Underlying Actions") ("First Response"); *see also* ECF No. 267 (Walgreens' Rule 12(b)(1) motion to dismiss) ("Motion to Dismiss"). In that brief, the *CareFirst* Plaintiffs did not address ***any*** of Walgreens' dismissal arguments or the indisputable fact that Plaintiff GHMSI is a stateless, federally chartered company that destroys diversity and precludes federal jurisdiction over the *CareFirst* Plaintiffs' pending claims. Instead, in their opposition papers, the *CareFirst* Plaintiffs argued for a procedurally improper (indeed prohibited) pleading workaround, whereby claims would be severed, then revised to add federal RICO counts for some (but not all) plaintiffs, and later recombined through consolidation. The *CareFirst* Plaintiffs' impermissible procedural gambit aside, they forfeited their incorrect legal arguments in support of federal diversity jurisdiction over their pending case, which Walgreens pointed out in its own reply to the *CareFirst* Plaintiffs' request. *See* ECF No. 296.

2. Now, after Walgreens submitted its reply brief pursuant to the Court's scheduling order, the *CareFirst* Plaintiffs have filed, without the Court's leave, a *second* response to Walgreens' dismissal motion containing completely new arguments and authorities finally purporting to address Walgreens' dismissal arguments for the first time and requesting entirely new procedural relief from the Court. *See* ECF No. 302 (titled "Reply in Support of Motion for Leave to Sever and Amend Underlying Actions and Response to [Walgreens'] Motion to Dismiss") ("Second Response"). In a footnote, the *CareFirst* Plaintiffs claim that they cure the

procedural mess they have created by unilaterally offering Walgreens a sur-reply — a surplus brief that the Court should not have to read. More briefs are unnecessary and inappropriate because the *CareFirst* Plaintiffs' late, ineffective opposition arguments are waived and should be stricken. The *CareFirst* Plaintiffs should not be rewarded for once more flouting the rules and for pursuing a freestyle approach to federal procedure that prejudices the Court and Walgreens by imposing needless costs and wasting time.

3. Specifically, Section II of the *CareFirst* Plaintiffs' latest brief (and the declaration and exhibits it cites) purports to respond on the merits, for the first time, to the jurisdictional arguments raised in Walgreens' motion to dismiss. *See* ECF No. 302 at 6-13. Section III of the brief also argues for the first time that the non-diverse GHMSI is a dispensable party that the Court should sever from the case under Fed. R. Civ. P. 21. ECF No. 302 at 14-15. The *CareFirst* Plaintiffs have forfeited these points by failing to raise them in their prior briefing. *See* ECF No. 289. The Court should strike both arguments. *See, e.g.*, *Trudeau v. Lanoue*, 2006 WL 516579, at *2 (N.D. Ill. Mar. 2, 2006) (striking arguments raised for the first time in reply brief); *see also UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, 289 F. Supp. 3d 852, 863 (N.D. Ill. 2018) (St. Eve, J.) (same).

I. **THE COURT SHOULD STRIKE THE *CAREFIRST* PLAINTIFFS' FORFEITED ARGUMENTS IN SUPPORT OF SUBJECT MATTER JURISDICTION**

4. To the extent the Second Response purports to further address Walgreens' Motion to Dismiss, the brief cannot rectify the *CareFirst* Plaintiffs' failure to even attempt to address Walgreens' jurisdictional arguments in their *First* (and only permitted) Opposition. *See* ECF No. 289 at 2 n.2 (asserting without explanation that Walgreens' jurisdictional arguments are "incorrect" and purporting to "reserve" right to respond in the future). The *CareFirst* Plaintiffs had ample opportunity to demonstrate the Court's subject matter jurisdiction after Walgreens

raised a *prima facie* challenge to it. The *CareFirst* Plaintiffs notably filed a 15-page First Response to the dismissal motion as the federal rules and this Court's scheduling order allowed. But rather than engage with Walgreens' dismissal arguments on the merits, the *CareFirst* Plaintiffs made an affirmative choice not to "interpose" any responsive arguments at the appropriate time. *See* ECF No. 296 at 7-8. Instead, they assumed "their [requested pleading] amendment would moot the need for the Court to resolve Walgreens' jurisdictional challenge." ECF No. 302 at 13. The *CareFirst* Plaintiffs made this assumption—and took this calculated gamble—at their own risk. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (affirming dismissal where plaintiff forfeited opposition to dismissal motion by choosing to seek leave to amend, which district court properly denied, rather than respond to dismissal arguments; "[i]t would have been far wiser [for plaintiff] to have responded to the defendants' arguments"). Only now, after Walgreens demonstrated that gamble's futility, do the *CareFirst* Plaintiffs attempt to raise the arguments they previously forfeited. This gamesmanship deprived Walgreens of the opportunity to present a complete reply supporting its dismissal motion, and inappropriately reserved for the *CareFirst* Plaintiffs the final word on not only their own improvident motion to sever and amend, but also Walgreens' Motion to Dismiss. The *CareFirst* Plaintiffs' untimely substantive response to Walgreens' motion is too little, too late.

5. The *CareFirst* Plaintiffs have plainly waived their opposition arguments under well-settled rules: "not responding to alleged deficiencies in a motion to dismiss" results in forfeiture. *Alioto*, 651 F.3d at 720-22 (waiver applies "where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *see also Prof. Solution Ins. Co. v. Giolas*, 297 F. Supp. 3d 805, 815-16 (7th Cir. 2017) (failing to respond to argument's merits "waives any argument in opposition"); *Trudeau*, 2006 WL 516579, at *2; *UIRC-GSA*, 289

4

F. Supp. 3d at 863. The *CareFirst* Plaintiffs do not dispute that they failed to respond substantively to Walgreens' dismissal motion in their First Response. *See* ECF No. 302 at 13. Instead, the *CareFirst* Plaintiffs argue that they could not have waived their arguments about GHMSI's eligibility for diversity jurisdiction, simply because those arguments relate to the Court's subject matter jurisdiction. *See* ECF No. 302 at 13. The *CareFirst* Plaintiffs' apparent position is that, because the parties' disagreement concerns federal jurisdiction, they can freely disregard standard rules that ensure the orderly and streamlined briefing of disputed issues.

6. That assertion is incorrect. "Jurisdictional *objections* cannot be forfeited or waived," because the Court has "an independent obligation to satisfy itself" that it in fact has power to decide the case. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 718 (7th Cir. 2012) (emphasis added). But no one has suggested that a party forfeited a jurisdictional objection or defect. Rather, the *CareFirst* Plaintiffs forfeited arguments *in favor of* the Court's jurisdiction after Walgreens identified a defect. The *CareFirst* Plaintiffs, as the party invoking federal jurisdiction, bear the burden of showing that subject matter jurisdiction exists. *Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). And a "*proponent* of subject matter jurisdiction" like the *CareFirst* Plaintiffs, "as with any party that bears the burden on a particular point, may forfeit an argument that could have been made to *support* jurisdiction." *W.C. Motor Co. v. Talley*, 63 F. Supp. 3d 843, 852 (N.D. Ill. 2014). The Court has no obligation to create or hunt out jurisdiction on the *CareFirst* Plaintiffs' behalf; they are the parties seeking to invoke the Court's jurisdiction, and yet they chose not to establish that jurisdiction in response to a direct challenge. *See Travelers*, 689 F.3d at 718 ("The court need not bend over backwards to construct alternative theories to persuade itself that subject matter jurisdiction exists.").[2] In these circumstances, "[f]orfeiture

---

[2] The *CareFirst* Plaintiffs irrelevantly cite *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), but that case, while addressing federal courts' prudential abstention power, simply

5

applies" to the *CareFirst* Plaintiffs' arguments "even though the forfeited issue concerns subject matter jurisdiction." *Hunte v. Safeguard Properties Mgmt., LLC*, 2017 WL 5891060, at *6 (N.D. Ill. Nov. 27, 2017). Section II of the Second Response (ECF No. 302) should be stricken.

7. In an attempt to avoid this outcome, the *CareFirst* Plaintiffs now "consent" to Walgreens' filing a sur-reply, thus purporting to "obviate" any prejudice to Walgreens. But Plaintiffs lack the authority to unilaterally grant Walgreens a sur-reply. And they offer no reason why this Court should have to read five briefs on a simple Motion to Dismiss, when the *CareFirst* Plaintiffs are solely to blame for waiting until their improper second "response" to the motion to actually address its merits. Again, just as they did in their motion to sever and amend, the *CareFirst* Plaintiffs attempt to wave aside well-established constitutional, jurisdictional, and procedural rules to excuse their own reckless choices.

8. In the alternative, if the Court chooses to entertain the arguments and evidence raised in Section II of the Second Response and in that brief's purported supporting papers, then Walgreens respectfully requests that the Court grant Walgreens leave to file a short sur-reply responding to the new material. But for the reasons noted above, the Court should deem these arguments and attachments forfeited and strike them from the Second Response, rather than permit the *CareFirst* Plaintiffs' haphazard approach to their pleadings to needlessly multiply the briefing.

## II. THE COURT SHOULD STRIKE THE *CAREFIRST* PLAINTIFFS' WAIVED ASSERTION THAT GHMSI SHOULD BE SEVERED FROM THE CASE AS A DISPENSABLE, NON-DIVERSE PARTY

9. The *CareFirst* Plaintiffs cannot use their Second Response to raise new legal theories not raised in their opening brief—or new remedies not requested in their original motion

---

reminded courts of their duty to exercise congressionally conferred jurisdiction *when it exists*. The case did not suggest that courts must go out of their way to find or create jurisdiction when the invoking party failed to establish its existence; courts need not do so. *See Travelers*, 689 F.3d at 718; *Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc.*, 149 F.3d 794, 796-98 (8th Cir. 1998).

to sever and amend. *See Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 464 (7th Cir. 2021) ("[T]he reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court"), *quoting United States v. Feinberg*, 89 F.3d 333, 340-41 (7th Cir. 1996); *see also Trudeau*, 2006 WL 516579, at *2. Despite this rule, the *CareFirst* Plaintiffs, for the first time in Section III of their Second Response, now ask the Court to "sever GHMSI from the case under Rule 21." ECF No. 302 at 14. In their motion itself, however, the *CareFirst* Plaintiffs made no such request; they exclusively—and incorrectly—asked to sever their **claims** under Rule 21 to remedy what they inaccurately coined "misjoinder." ECF No. 289 at 4. As a result, the *CareFirst* Plaintiffs forfeited their request for this relief, and the Court should also strike Section III of the Second Response (ECF No. 302). *See Trudeau*, 2006 WL 516579, at *2; *UIRC-GSA*, 289 F. Supp. 3d at 863.

10. The *CareFirst* Plaintiffs also make no effort to explain why the Court should deem GHMSI a dispensable party under Fed. R. Civ. P. 19—a necessary prerequisite to dismissing a party under Rule 21, *see Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 572-73 (2004); *U.S. ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495-96 (10th Cir. 1995) (refusing to dismiss parties when plaintiff had never asked for that relief in district court or argued necessary prerequisites). Plaintiffs simply assert, without explanation or supporting authorities, that GHMSI is "one of seven insurance plans" named in the Complaint and "its absence does not impact the other parties' claims or Walgreens' defenses." ECF No. 302 at 15. The declaration attached to the Second Response offers reason to doubt this claim: the affiant avers that GHMSI and another *CareFirst* Plaintiff, whom Plaintiffs have not asked to dismiss, "are affiliated entities that share many corporate assets and functions, including a workforce." Decl. of Kim Rothman, ¶ 3 (ECF No. 302-1). But in any event, the *CareFirst* Plaintiffs fail to develop the argument and thus waive it. *See Curry v. Kraft Foods Global, Inc.*, 2012 WL 104626, at *7 (N.D. Ill. Jan. 12,

7

2012) (Kendall, J.) (argument waived when party "fail[s] to adequately develop" it). The *CareFirst* Plaintiffs' failure to develop their Rule 21 severance argument provides an independent ground to strike Section III of the Second Response.

* * *

11. In compliance with the Court's Fourth Amended General Order 21-0027, which suspends Local Rule 5.3(b), Defendants have not noticed this motion for presentment.

12. This motion is made in the interest of justice and not for the purpose of delay or obstruction.

**WHEREFORE**, Walgreens respectfully requests that the Court enter an Order:

    a. Striking Section II of the *CareFirst* Plaintiffs' Second Response to Walgreens' motion to dismiss and the declaration and exhibits filed in support of those arguments (ECF Nos. 302, 302-1);

    b. In the alternative, should the Court choose to entertain Section II of the Second Response and the accompanying declaration and exhibits (ECF Nos. 302, 302-1), granting Walgreens leave to file a ten-page sur-reply in response to these new points;

    c. Striking Section III of the *CareFirst* Plaintiffs' Second Response (ECF No. 302); and

    d. Granting such other and further relief as the Court deems just and proper.

Dated: July 29, 2022						Respectfully submitted,

							*/s/ Jeffrey J. Bushofsky*
							Jeffrey J. Bushofsky
							Laura G. Hoey
							Charles D. Zagnoli
							**ROPES & GRAY LLP**
							191 North Wacker Drive
							32nd Floor
							Chicago, Illinois 60606
							Tel: (312) 845-1200
							Fax: (312) 845-5562
							Jeffrey.Bushofsky@ropesgray.com
							Laura.Hoey@ropesgray.com
							Charles.Zagnoli@ropesgray.com

							*Attorneys for Defendant/Counterclaimant Walgreen Co. & Defendant Walgreens Boots Alliance, Inc.*

## CERTIFICATE OF SERVICE

I, Charles D. Zagnoli, hereby certify that the foregoing document was electronically filed on July 29, 2022, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

/s/ Charles D. Zagnoli

Charles D. Zagnoli
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
Tel: (312) 845-1200
Fax: (312) 845-5562
Charles.Zagnoli@ropesgray.com

*Attorney for Defendant / Counterclaimant Walgreen Co. & Defendant Walgreens Boots Alliance, Inc.*