## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **BCBSM, INC.**, *et al.*, | ) | Case No. 1:20-cv-01853 |
|  | ) |  |
| *Plaintiffs*, | ) | Honorable Virginia M. Kendall |
|  | ) | Honorable Sheila M. Finnegan |
| v. | ) |  |
|  | ) |  |
| **WALGREEN CO.**, *et al.*, | ) | *Consolidated with*: |
|  | ) | No. 1:20-cv-01929 |
| *Defendants.* | ) | No. 1:20-cv-03332 |
|  | ) | No. 1:20-cv-04738 |
|  | ) | No. 1:20-cv-04940 |
|  | ) | No. 1:22-cv-01362 |

|  |  |  |
|---|---|---|
| **WALGREEN CO. & WALGREENS** | ) |  |
| **BOOTS ALLIANCE, INC.**, | ) |  |
|  | ) |  |
| *Third-Party Plaintiffs* | ) |  |
|  | ) |  |
| v. | ) | **Jury Demand** |
|  | ) |  |
| **OMEDARX, INC.**, | ) |  |
|  | ) |  |
| *Third-Party Defendant.* | ) |  |
|  | ) |  |

## THIRD-PARTY COMPLAINT AGAINST OMEDARX, INC. FOR CONTRIBUTION

Pursuant to Federal Rule of Civil Procedure 14, third-party plaintiffs Walgreen Co. ("Walgreens") and Walgreens Boots Alliance, Inc. ("WBA," and together with Walgreens, the "Walgreens Parties"), for their Third-Party Complaint[1] against third-party defendant OmedaRx, Inc., formerly known as Regence Rx, Inc. ("Regence Rx"), state as follows:

---

[1] In its Order dismissing the Walgreens Parties' initial Third-Party Complaint against Prime Therapeutics, LLC ("Prime TPC"), the Court limited the contribution action to exclude those "state laws that bar recovery for intentional tortfeasors," Dkt. 253 at 4, because "the underlying Plaintiffs here expressly purport to prove Walgreens' fraudulent intent," including for counts asserted under various consumer statutes (like Illinois') that do not *require* proof of fraudulent intent. *Id.* The excluded contribution laws include: the Illinois Joint

## NATURE & SUMMARY OF THE ACTION

1.     Regence Rx is a pharmacy benefit manager ("PBM") that has served as a claims-processing intermediary for certain Blue Cross Blue Shield-affiliated health plans that are named Plaintiffs in the above-captioned matter, including some or all of ███████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████

2.     The Cambia Plaintiffs and other Plaintiffs in this action (collectively, "Plaintiffs") allege that Walgreens falsely reported inaccurate usual & customary ("U&C") prices. In commercial transactions, U&C prices are typically defined by contract and frequently cap the rates that health insurers pay for prescription reimbursements. Plaintiffs allege that Walgreens' U&C prices should have included the prices available only to members of its Prescription Savings Club ("PSC").

3.     Pursuant to Federal Rule of Civil Procedure 8(d)(2) and (3), the Walgreens Parties assert this Third-Party Complaint for contribution *in the alternative to* their categorical denial in their Answer, Affirmative Defenses, and Counterclaim that they bear any liability for any

---

Tortfeasor Contribution Act, 740 ILCS 100/2; the North Carolina Uniform Contribution Among Tort-Feasors Act, N.C. Gen Stat. § 1B-1; the North Dakota Contribution Among Tort-Feasors Act, N.D. Cent. Code § 32-38-01; the Florida Uniform Contribution Among Tortfeasors Act, Fla. Stat. § 768.31; Washington law, Wash. Stat. Ann. 4.22.040; and Nebraska and Minnesota common law. Consistent with the Court's Order dismissing the initial Prime TPC, the instant pleading omits counts under the foregoing contribution laws in this action against Regence Rx. However, the Walgreens Parties reserve their rights to seek leave from the Court to amend and add contribution counts under these laws, should Plaintiffs attempt to pursue recovery under the consumer statutes, common law fraud, or other laws on any theory that does not require Plaintiffs to establish the Walgreens Parties' specific fraudulent intent, including "lesser included" standards such as recklessness, negligence, or strict liability, and including any such theory pursued by Plaintiffs in the alternative to their undertaking, noted by the Court, to prove the Walgreens Parties' specific intent to defraud the Plaintiffs.

Plaintiffs' purported losses. Solely for purposes of this Third-Party Complaint, the Walgreens Parties assume that, through this action, one or more Cambia Plaintiffs will meet their burden to establish liability against one or both of the Walgreens Parties[2] for harm arising from or related to Walgreens' reporting of allegedly false U&C prices to Regence Rx and, ultimately, to the Cambia Plaintiffs—including liability for violations of state consumer-protection statutes that do not require proof of intent.

4.      If the Cambia Plaintiffs were deceived and damaged by Walgreens' U&C reporting, then Regence Rx is a joint tortfeasor that shares responsibility for some material part of the Cambia Plaintiffs' harm. But if Plaintiffs succeed on their claims and the Walgreens Parties alone pay the judgment, then one or both of the Walgreens Parties will have to pay more than their *pro rata* share of the judgment awarded to Plaintiffs.

5.      As a claims-processing intermediary to the Cambia Plaintiffs, Regence Rx adjudicated Walgreens' reimbursement claims on the Cambia Plaintiffs' behalf and determined each claim's appropriate disposition under the given health plan's coverage standards and criteria.

6.      Walgreens neither transmitted its U&C prices directly to the Cambia Plaintiffs nor received reimbursements directly from those plans. Instead, Walgreens transmitted a U&C price and other claim-related information to Regence Rx; Regence Rx allegedly transmitted a U&C price and other claim-related information to the Cambia Plaintiffs; the Cambia Plaintiffs sent a reimbursement payment to Regence Rx; and Regence Rx sent a reimbursement payment to Walgreens.

---

[2] WBA joins this third-party complaint ("Third-Party Complaint") to protect its contribution rights in the event that it, rather than or in addition to Walgreens, is found liable to Plaintiffs. By filing this Third-Party Complaint, WBA does not concede, but rather continues to dispute, that it is a proper party to this case.

7.     Walgreens and the Cambia Plaintiffs typically did not communicate directly with each other in connection with the claim-reimbursement process. Instead, while Regence Rx served as the Cambia Plaintiffs' PBM, the pharmacy and insurer communicated only through Regence Rx—or through other PBMs to whom Regence Rx subcontracted out its claims-processing responsibilities—as the claims-processing intermediary.

8.     Because Regence Rx stood between Walgreens and the Cambia Plaintiffs, two sets of confidential contracts governed the Cambia Plaintiffs' reimbursement transactions: the contracts between Walgreens and Regence Rx, on the one hand; and the contracts between Regence Rx and the Cambia Plaintiffs, on the other. Each contract contained its own U&C definition and reimbursement terms.

9.     As a result of its position in the transactional chain, and at all relevant times, Regence Rx knew and understood how both Walgreens and the Cambia Plaintiffs defined U&C prices and how much both the Cambia Plaintiffs paid and Walgreens received for any reimbursement claim. Regence Rx was always fully aware of Walgreens' U&C price reporting policies and practices, including the fact that Walgreens did not report the exceptional prices available to PSC members as its U&C prices.

10.     In fact, . Regence Rx entered into direct contracts with Walgreens in or around 2009 and 2012. Section 1.11 of the Participating Pharmacy Agreement dated December 15, 2009, between Regence Rx and Walgreens (the "2009 Agreement")— executed roughly a year after the nationwide launch of PSC— Regence Rx thus not only

knew of PSC in 2009, roughly a year after the nationwide launch of the program, ███████████

████████████████████████████████████████████

11.    Then, in the Participating Pharmacy Agreement dated January 16, 2012, between Regence Rx and Walgreens—approximately two years after the first litigation concerning savings programs' effect on U&C prices was made public in *U.S. ex. rel. Garbe v. Kmart Corp*, No. 3:12cv881 (S.D. Ill., filed July 16, 2008, unsealed Sept. 2, 2010)—████████████████████ ████████████. In Section 1.14 of that 2012 Agreement, ██████████████████████ ████████████████████████████████████████████ ████████████████████████████

12.    Pursuant to these contracts, Regence Rx adjudicated[3] Walgreens' reimbursement claims using its allegedly false U&C prices that excluded PSC and other savings program or discount card prices, thereby proximately harming the Cambia Plaintiffs, including Regence Rx's owner and corporate relations, and contributing to the loss allegedly suffered by the Cambia Plaintiffs.

13.    Plaintiffs allege that Walgreens had a duty to report PSC and other third-party savings-program prices as U&C prices;[4] that by breaching that duty, the Walgreens Parties are

---

[3] All references in this Complaint to actions taken by Regence Rx include both those taken directly by Regence Rx and all actions taken on its behalf by Catalyst Rx, Inc., or its successor entities. *See* Dkt. 146 at ¶ 57(s) n.44 (detailing Regence Rx's subcontracting PBM services to Catalyst Rx, Inc., on behalf of the Regence Rx Plans).

[4] In the Complaint, Plaintiffs reference "other programs," including JustRx and other "third-party discount card programs." ¶¶ 8, 10. Plaintiffs' allegations focus almost exclusively on PSC, and every alleged exemplar overcharge Plaintiffs identify occurred through PSC. Thus, this Third-Party Complaint likewise focuses on PSC. However, the allegations that Regence Rx knew about Walgreens' pricing practices and breached its duty to the Regence Rx Plans by failing to inform them apply equally to JustRx and any other third-party savings programs identified by Plaintiffs.

liable to the Cambia Plaintiffs in tort; and that the Walgreens Parties violated several states' consumer-protection acts through Walgreens' unfair or deceptive pricing practices.

14. Regence Rx likewise had an enforceable duty to the Cambia Plaintiffs to convey accurate U&C prices and other claim-related information to them. Indeed, Regence Rx, unlike Walgreens, at all times had a direct relationship with the Cambia Plaintiffs and was their wholly owned subsidiary.

15. The purported "industry standard" definition of U&C price that Plaintiffs allege Walgreens knew or should have known controlled its price reporting was also known to Regence Rx, and the same alleged industry standard controlled Regence Rx's reporting obligations to the Cambia Plaintiffs.

16. Although Regence Rx knew at all relevant times that Walgreens excluded PSC or other special prices from its U&C reporting, ██████████████████████████████████ ████████████████████, Regence Rx intentionally or recklessly ignored, or at least negligently failed to address, Walgreens' allegedly false U&C prices for more than a decade. Instead, as alleged, Regence Rx intentionally, recklessly, or negligently adjudicated Walgreens' reimbursement claims using Walgreens' allegedly false prices, proximately causing the Cambia Plaintiffs to overpay for prescription drugs at Walgreens pharmacies throughout the country. In so doing, Regence Rx facilitated and participated in Walgreens' alleged misconduct *and* Regence Rx repeatedly breached its own independent duties to the Regence Rx Plans.

17. Indeed, Regence Rx directly caused the conditions that allowed the Cambia Plaintiffs to suffer their purported misunderstanding of Walgreens' U&C prices. ██████████████ ████████████████████████████████████████████████████████████ ██████████████. If, as Plaintiffs claim, the industry standard U&C definition would have required

pharmacies to report savings program and discount card prices as U&C, then Regence Rx had an obligation to apply that industry standard U&C definition, ████████████████████████ ██████████████████████. Plaintiffs claim that they expected to pay reimbursements based on those "industry standard" U&C prices, and that they did not know pharmacies defined the prices differently. And yet, ████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████

18.     If one or more of the Cambia Plaintiffs prevails on its claims against the Walgreens Parties, then the Walgreens Parties have statutory and common law rights of contribution against joint tortfeasor Regence Rx for the Walgreens Parties' tort liability, including liability for non-intentional violations of consumer protection statutes.

19.     Illinois and other relevant states recognize joint tortfeasor liability for misconduct by multiple parties that cause the same injury, whether those parties act in concert or not and whether their respective misconduct occurs concurrently or successively.

20.     For example, Illinois and other relevant states follow the Restatement (Second) of Torts § 876, Persons Acting in Concert, which provides:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) Torts § 876. *See also, e.g.*, *Cooper v. Dr. Martin Luther King Jr. Boys and Girls Club of Chi.*, 2021 IL App (1st) 192618, ¶¶ 57–62.

21.     In addition to joint liability against parties acting in concert under the foregoing Restatement section, Illinois and other relevant states further recognize joint liability against parties that act *independently* or *sequentially* to cause or exacerbate the same injury. *See, e.g.*, *People v. Brockman*, 148 Ill. 2d 260, 269 (1992).

22.     In this case, Regence Rx is jointly liable, along with one or both of the Walgreens Parties, to the Cambia Plaintiffs for its concurrent, independent, and / or sequential tortious acts.

23.     As an intermediary between Walgreens and the Cambia Plaintiffs on each of the alleged transactions, Regence Rx acted in concert with one or both of the Walgreens Parties.

a.     Regence Rx knew that the Walgreens Parties' conduct constituted a breach of the Walgreens Parties' alleged duties to the Cambia Plaintiffs, but Regence Rx substantially assisted or encouraged Walgreens to continue submitting allegedly false U&C prices by continuing to adjudicate reimbursement claims using the allegedly false U&C prices and by continuing to reimburse Walgreens based on the allegedly false U&C prices. Regence Rx even directly assisted or encouraged Walgreens' submission of allegedly false U&C prices by signing contracts with Walgreens ███████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████████

b.     In addition or in the alternative, Regence Rx gave substantial assistance to Walgreens in submitting allegedly false U&C prices in breach of the Walgreens Parties' alleged duties to the Cambia Plaintiffs by adjudicating reimbursement claims using the allegedly false U&C prices and reimbursing Walgreens based on the allegedly false U&C prices. Regence Rx breached its own duties to the Cambia Plaintiffs—including the same "industry standard" duties purportedly owed to the Cambia Plaintiffs by the Walgreens Parties—by knowingly, intentionally,

8

recklessly, or at least negligently using those U&C prices to adjudicate Walgreens' reimbursement claims.

24.     Under the Restatement (Second) of Torts § 876, Regence Rx is thus (along with one or both of the Walgreens Parties) liable to the Cambia Plaintiffs for its concurrent tortious conduct.

25.     In addition or in the alternative, as an intermediary between Walgreens and the Cambia Plaintiffs on each of the alleged transactions, Regence Rx sequentially breached its duties to the Cambia Plaintiffs. After Walgreens submitted allegedly false U&C prices to Regence Rx pursuant to Walgreens' contract with the intermediary, Regence Rx intentionally, recklessly, or at least negligently failed to audit or investigate those U&C prices before using them to adjudicate reimbursement claims on the Cambia Plaintiffs' behalf, and Regence Rx knowingly, intentionally, recklessly, or at least negligently encouraged Walgreens to continue submitting those allegedly false U&C prices. Additionally, Regence Rx intentionally, recklessly, or at least negligently failed to inform the Cambia Plaintiffs that each transaction submitted by Walgreens reported U&C prices that excluded PSC and other special prices as a result of the agreements that Regence Rx had executed with Walgreens; indeed, Regence Rx even entered into contracts with at least some Cambia Plaintiffs ███████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████.

26.     Regence Rx thus committed negligent misrepresentation, consumer fraud, and fraud against the Cambia Plaintiffs with respect to the identical transactions for which the Cambia Plaintiffs are seeking damages from the Walgreens Parties. Regence Rx's tortious conduct to the

Cambia Plaintiffs jointly (with one or both of the Walgreens Parties) caused or exacerbated the Cambia Plaintiffs' injuries. Contribution applies under such circumstances.

27.     If Walgreens is liable to Plaintiffs, Regence Rx contributed to the Cambia Plaintiffs' harm by violating its own obligations to the Cambia Plaintiffs. Specifically, in that scenario, Regence Rx owed the Cambia Plaintiffs an obligation to submit U&C prices that included PSC prices and to adjudicate reimbursement claims using the allegedly proper U&C definition. Regence Rx breached common law and statutory duties to the Cambia Plaintiffs and exacerbated the Cambia Plaintiffs' damages by failing, for more than a decade, on each reimbursement claim Walgreens submitted to the Cambia Plaintiffs, to inform the Cambia Plaintiffs that Walgreens' U&C prices actually excluded PSC and other savings-program prices. Additionally, Regence Rx failed to inform the Cambia Plaintiffs that its agreements with Walgreens ███████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████. Regence Rx also failed to inform Walgreens that the Cambia Plaintiffs expected pharmacies to report those prices as U&C or that the ████████████████████████████████████████████████████████ ███████████████████████████████.

28.     If Walgreens erroneously reported U&C prices to Regence Rx contrary to industry standards, the Cambia Plaintiffs' expectations, and Walgreens' alleged duties, thereby incurring liability for the Cambia Plaintiffs' losses, Regence Rx is a joint tortfeasor with the Walgreens Parties: Regence Rx had similar duties to the Cambia Plaintiffs that Regence Rx repeatedly breached in the identical transactions alleged by Plaintiffs. Regence Rx had a duty to report accurate, truthful information to the Cambia Plaintiffs but instead knowingly, recklessly, or at least

negligently adjudicated Walgreens' reimbursement claims using U&C price information Regence Rx knew or should have known at all times did not include PSC. Regence Rx thereby defeated the Cambia Plaintiffs' expectations and violated alleged industry standards, all in breach of its own duties to the Cambia Plaintiffs.

29. Regence Rx was a key and necessary participant in the allegedly fraudulent transactions, knowingly, recklessly, or at least negligently adjudicating claims using Walgreens' purportedly inaccurate U&C pricing information.

30. In this Third-Party Complaint, the Walgreens Parties seek contribution to hold Regence Rx liable for its *pro rata* share of the Cambia Plaintiffs' alleged injuries that Regence Rx and the Walgreens Parties jointly caused.

## PARTIES

### A. <u>Plaintiffs</u>

31. Plaintiffs are 28 Blue Cross Blue Shield–affiliated insurance companies operating in Minnesota, Florida, North Carolina, North Dakota, Alabama, Kansas, Massachusetts, Iowa, South Dakota, New Jersey, New York, Arizona, Missouri, Oregon, Idaho, Utah, and Washington.[5] According to Plaintiffs, they provide prescription drug coverage "to their members in respective states in which they operate." Dkt. 146 at ¶ 3.

32. At least six Plaintiffs have alleged that they used or employed Regence Rx as their PBM to adjudicate reimbursements on their behalf. These Cambia Plaintiffs include Regence BlueShield of Idaho, Inc.; Regence BlueCross and BlueShield of Utah; Regence BlueShield of

---

[5] Blue Cross and Blue Shield of Nebraska was previously a Plaintiff in this action but voluntarily dismissed their suit. *See* Dkt. 292. Defendants have challenged the Court's subject matter jurisdiction over the Complaint filed in *CareFirst of Maryland, Inc. et al. v. Walgreen Co. et al.*, No. 22cv01362 (N.D. Ill. March 15, 2022), which purports to add seven Plaintiffs headquartered in Maryland, the District of Columbia, South Carolina, and Louisiana to this consolidated case.

Washington; Regence BlueCross and BlueShield of Oregon; Asuris Northwest Health; and Cambia Health Solutions Inc.

**B.**   **Defendants / Third-Party Plaintiffs**

33.    Walgreens is an Illinois corporation headquartered at 200 Wilmot Road in Deerfield, Illinois. Walgreens serves customers at approximately 9,000 retail pharmacies across the United States. During fiscal year 2021, Walgreens filled 827.5 million prescriptions and immunizations. Walgreens employs more than 225,000 people; works with more than 85,000 health care service professionals; and serves approximately 8 million customers in its stores and online each day.

34.    WBA is a Delaware corporation with its corporate headquarters at 108 Wilmot Road in Deerfield, Illinois. WBA is a holding company, including for Walgreens. WBA does not fill prescriptions, does not report U&C prices, does not receive reimbursements, and does not operate retail pharmacies.

**C.**   **Third-Party Defendant**

35.    Regence Rx is an Oregon corporation with its principal place of business at 100 SW Market Street in Portland, Oregon, and has been operating under the name OmedaRx, Inc., since approximately December 10, 2013. Regence Rx is a wholly owned subsidiary of Cambia Health Solutions, Inc. Cambia Health Solutions also owns Plaintiffs Regence BlueShield of Idaho, Inc.; Regence BlueCross and BlueShield of Oregon; Regence BlueCross and BlueShield of Utah; Regence BlueShield of Washington; and Asuris Northwest Health. Since 2016, Cambia Health Solutions' Chief Pharmacy Officer Kerry Bendel has served as President of Regence Rx. According to Regence Rx's public social media postings, it has "folded [its] operations into the regional health plans of Cambia Health Solutions."

**JURISDICTION & VENUE**

**A.      Jurisdiction**

36.      This Court has subject-matter jurisdiction over this Third-Party Complaint under 28 U.S.C. § 1367(a) because the Walgreens Parties' claims for contribution from Regence Rx arise from the same facts and are part of the same case or controversy as Plaintiffs' operative Complaint (Dkt. 146) ("Complaint") against the Walgreens Parties. This Court has subject-matter jurisdiction over Plaintiffs' Complaint against the Walgreens Parties under 28 U.S.C. § 1332(a)(1) because the Walgreens Parties are citizens of Illinois and Delaware; Plaintiffs claim to be citizens of Alabama, Arizona, Florida, Idaho, Iowa, Kansas, Massachusetts, Minnesota, Missouri, New Jersey, New York, North Carolina, North Dakota, Oregon, South Dakota, Utah, and Washington; and the claimed amount in controversy exceeds $75,000.

37.      This Court has personal jurisdiction over Regence Rx because the Walgreens Parties' Third-Party Complaint arises from Regence Rx's transaction of business with Walgreens in Illinois, *see* 735 ILCS 5/2-209(a)(1), and because Regence Rx purposefully availed itself of the privilege of doing business in Illinois.

38.      Regence Rx negotiated and entered into a series of long-term contracts with Walgreens, an Illinois corporation, which required Regence Rx to transmit, among other things, notices to Illinois. Pursuant to those contracts, Regence Rx regularly reimbursed Walgreens in Illinois and sent Walgreens' Illinois pharmacies certain claims-related information, including for transactions originating in Illinois that the Cambia Plaintiffs have placed at issue in this litigation.

39.      Regence Rx performed its relevant contracts in Illinois. When one of the Cambia Plaintiffs' insureds filled a prescription at a Walgreens pharmacy, Regence Rx adjudicated the claim and sent coverage information and claims data back to the pharmacy. According to Plaintiffs, "members of each of Plaintiffs' health plans have purchased prescriptions drugs from Walgreens

in Illinois," meaning that Regence Rx also transmitted the Cambia Plaintiffs' coverage information and claims data to Walgreens pharmacies in Illinois. According to Plaintiffs, Walgreens also "secured hundreds of millions of dollars in payments from Plaintiffs, and these payments were sent to Walgreens' headquarters in Illinois" by Plaintiffs' PBMs, including Regence Rx.

**B.**    **Venue**

40.    Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C § 1391(b) because a substantial part of the events or omissions giving rise to the Walgreens Parties' claims against Regence Rx occurred in this judicial district: the Walgreens Parties' right of contribution arises out of Plaintiffs' consolidated suits filed in this judicial district, Walgreens transmitted U&C prices from this judicial district to Regence Rx, and Regence Rx transmitted coverage information and payments related to the Cambia Plaintiffs' insureds to Walgreens, in this judicial district.

## STATEMENT OF FACTS

**A.**    **Regence Rx's Duties to the Cambia Plaintiffs as Their PBM and Intermediary**

41.    The Cambia Plaintiffs contracted with Regence Rx to adjudicate Walgreens' prescription drug reimbursement claims and to administer prescription drug benefits on the Cambia Plaintiffs' behalf. Regence Rx is a wholly owned affiliate of Plaintiff Cambia Health Solutions, the entity that also owns all of the other Cambia Plaintiffs. For the last six years, Kerry Bendel, Cambia Health Solution's Chief Pharmacy Officer has also served as the President of Regence Rx.

42.    While Regence Rx served as the Cambia Plaintiffs' PBM, when one of the Cambia Plaintiffs' members used insurance to fill a prescription at Walgreens, Walgreens transmitted the reimbursement claim—listing the U&C price and other basic data about the transaction—to Regence Rx. Regence Rx adjudicated the claim on behalf of the Cambia Plaintiffs, evaluating the

14

claim against coverage and payment criteria dictated by the Cambia Plaintiffs. Regence Rx then conveyed information about the claim to the Cambia Plaintiffs, received the Cambia Plaintiffs' reimbursement payments, and remitted payment to Walgreens on behalf of the Cambia Plaintiffs.

43.     Effective May 1, 2012, Regence Rx subcontracted many of its PBM duties to Catalyst Rx, another PBM. According to Regence Rx's press release announcing the subcontracting relationship, "Regence Rx [] continue[d] to provide clinical and contracting support to its customers," the Cambia Plaintiffs. Regence Rx remained responsible for adjudicating Walgreens' reimbursement claims on behalf of the Cambia Plaintiffs until February 7, 2017, when the Cambia Plaintiffs engaged Prime Therapeutics, LLC, as their PBM.

44.     While it provided or subcontracted PBM services on the Cambia Plaintiffs' behalf, Regence Rx controlled the flow of information and payments between Walgreens and the Cambia Plaintiffs. Walgreens did not submit U&C prices directly to the Cambia Plaintiffs, and the Cambia Plaintiffs did not directly pay Walgreens for their insureds' prescriptions.

45.     Walgreens also has no relevant contractual relationship with the Cambia Plaintiffs. Rather, because Regence Rx stood between Walgreens and the Cambia Plaintiffs, the reimbursement process was governed by (1) Walgreens' confidential contracts with Regence Rx (directly or through subcontractor PBMs); and (2) Regence Rx's confidential contracts with the Cambia Plaintiffs.

46.     Before this litigation, Walgreens had not seen the Cambia Plaintiffs' contracts with Regence Rx, and the Cambia Plaintiffs likewise allege that they had not seen Walgreens' contracts with Regence Rx.

47.     Regence Rx also had access to data and information from both Walgreens and the Cambia Plaintiffs. Regence Rx knew and understood both how much the Cambia Plaintiffs paid

15

and how much Walgreens received for any reimbursement claim, and Regence Rx knew and understood how its contracts with both Walgreens and the Cambia Plaintiffs defined U&C.

48.     Regence Rx's position of trust as the conduit of pricing and other information between pharmacies such as Walgreens and the Cambia Plaintiffs includes an affirmative duty to provide accurate information and not to negligently, recklessly, or intentionally fail to disclose material facts, including the fact that Walgreens never reported PSC and other savings-program prices as U&C and that Walgreens' contracts with Regence Rx ███████████████████████ ████████████████████████████████████.

49.     In addition, the alleged "industry standard" definition of U&C price that is central to Plaintiffs' theory of recovery in this matter binds Regence Rx just as much as it allegedly does pharmacies such as Walgreens. Regence Rx knew or should have known that the Cambia Plaintiffs understood and expected *both* Walgreens and Regence Rx to adhere to applicable industry standards when reporting U&C prices. When Regence Rx adjudicated Walgreens' reimbursement claims using its reported U&C prices, knowing as it did that Walgreens' U&C reporting did *not* include PSC and other savings-program prices, Regence Rx intentionally, recklessly, or negligently breached its duties to the Cambia Plaintiffs to provide accurate information. Moreover, while Regence Rx's contracts with Walgreens ████████████████████████████ ███████████████, Regence Rx intentionally, recklessly, or at least negligently breached its duties to the Cambia Plaintiffs to provide accurate information by agreeing ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████.

Regence Rx deceived the Cambia Plaintiffs and proximately caused them harm in the form of

overpayments for prescription drugs. Regence Rx thereby contributed to the Cambia Plaintiffs' losses.

**B.**     **Regence Rx Knew That Walgreens' U&C Prices Excluded PSC Prices**

50.     Walgreens instituted PSC in 2006 to make prescription drugs more affordable for uninsured and underinsured customers. To receive access to PSC prices, Walgreens customers are required to affirmatively enroll in the program, agree to share their personal data and health information, abide by PSC's terms and conditions, and pay an annual membership fee. The third parties that offered and administered the other savings clubs mentioned in Plaintiffs' Complaint imposed similar enrollment requirements for those clubs.

51.     Walgreens did not report the special prices available only to savings program members as its U&C prices. Plaintiffs allege that Walgreens' failure to include PSC and other special prices in its U&C reporting to Regence Rx (knowing that Regence Rx would then adjudicate the claim using that information and relay the information to the Cambia Plaintiffs) resulted in materially false statements that proximately harmed the Cambia Plaintiffs when they overpaid for their insureds' prescription drugs.

52.     Regence Rx was well aware of Walgreens' U&C reporting practices; indeed, Regence Rx ████████████████████████████████. Section 1.11 of the 2009 Agreement—executed roughly a year after PSC's nationwide launch—explicitly defined a U&C price ████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████████—

demonstrating that Regence Rx both understood what PSC was and understood that Walgreens
had never reported and would never report PSC prices as U&C.

53.    Regence Rx doubled down on this definition in 2012. Section 1.13 of the 2012
Agreement—executed more than four years after PSC's nationwide launch and approximately two
years after the first litigation concerning U&C prices was made public in *U.S. ex. rel. Garbe v.*
*Kmart Corp*, No. 3:12cv881 (S.D. Ill., filed July 16, 2008, unsealed Sept. 2, ████████████

████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████

54.    Despite having its own duties to the Cambia Plaintiffs not to convey false
information and to follow alleged "industry standards," Regence Rx intentionally, recklessly, or
negligently communicated Walgreens' U&C prices excluding PSC prices to the Cambia Plaintiffs
for nearly a decade. More egregiously, for at least several years, Regence Rx negotiated, signed,
and was a party to ████████████████████████████████████████. Moreover,
Regence Rx entered into contracts with at least a subset of the Cambia Plaintiffs ████████

18

██████████████████████████████████, leaving the Cambia Plaintiffs in the dark about the scope of Walgreens' reported prices and allowing the Cambia Plaintiffs to misconstrue that scope. By taking these actions, Regence Rx proximately harmed the Cambia Plaintiffs, exacerbated their losses, and contributed materially to the Cambia Plaintiffs' damages.

## C.  Regence Rx Transmitted Walgreens' U&C Prices to the Cambia Plaintiffs and Allowed the Cambia Plaintiffs to Believe They Included PSC Prices

55.    Although Regence Rx knew that Walgreens was excluding PSC prices from its U&C prices, allegedly in violation of Walgreens' duties to the Cambia Plaintiffs, Regence Rx intentionally, knowingly, recklessly, or at least negligently transmitted those exact same U&C prices directly to the Cambia Plaintiffs and adjudicated Walgreens' reimbursement claims based on those U&C prices. Regence Rx also intended for the Cambia Plaintiffs to rely on those prices when paying reimbursements. Accordingly, if the Cambia Plaintiffs suffered compensable losses as a result of the allegedly false U&C submissions, Regence Rx and the Walgreens Parties are joint tortfeasors with shared liability in a proportion to be determined at trial.

56.    Regence Rx contributed to and exacerbated the Cambia Plaintiffs' alleged harm by failing to inform the Cambia Plaintiffs that Walgreens' U&C prices exclude PSC and other savings-program prices—and that Regence Rx had ████████████████████████████ ██████████████████████████████. Regence Rx also contributed to that harm by ██████████████████████████████████, thus allowing the Cambia Plaintiffs to misconstrue the scope of Walgreens' reported U&C prices ██████ ██████████████████████████████████. Given the structure of the parties' contractual and practical business arrangements, whereby all transactions between Walgreens and the Cambia Plaintiffs funneled through Regence Rx as an intermediary, Regence Rx either contributed to or failed to correct the Cambia Plaintiffs' belief that Walgreens

was reporting PSC and other savings-program prices as U&C. Regence Rx's malfeasance was intentional, reckless, or at least negligent. Regence Rx knew or should have known, as the Cambia Plaintiffs' PBM and affiliate, that the Cambia Plaintiffs expected and understood that Walgreens' U&C prices would include PSC prices and other special pricing.

57.     Similarly, by failing to disclose the Cambia Plaintiffs' and Walgreens' mismatched understandings about U&C pricing, ███████████████████████████████████████ ████████████████████████████████████████████████████████████ █████████████, Regence Rx also denied Walgreens an opportunity to rectify or mitigate at least a portion of the harm that the Cambia Plaintiffs suffered.

58.     At the very least, Regence Rx negligently ignored clear and public warnings that the Walgreens Parties misunderstood their duties to the Cambia Plaintiffs; negligently failed to take any action to address the Walgreens Parties' misunderstanding; and negligently failed to discharge its duty to the Cambia Plaintiffs to report accurate information to the Cambia Plaintiffs and to investigate pharmacies' price-reporting practices.

59.     If Plaintiffs succeed on their claims, then Regence Rx will have breached its duties to the Cambia Plaintiffs, and Regence Rx (along with the Walgreens Parties) will be liable in tort to the Cambia Plaintiffs for the Cambia Plaintiffs' alleged damages, in a proportion to be determined at trial.

### COUNT I:   Oregon Contribution (O.R.S. §§ 31.600, 31.605, 31.800)

60.     The Walgreens Parties incorporate and repeat the allegations set forth in Paragraphs 1 through 59 above.

61.     Under Oregon law, "where two or more persons become jointly or severally liable in tort for the same injury . . . there is a right of contribution among them even though judgment

has not been recovered against all or any of them" if "a tortfeasor [ ] has paid more than a proportional share of the common liability." O.R.S. § 31.800(1).

62.     Oregon law also permits a party to request that the trier of fact specifically allocate fault to "third party defendants who are liable in tort to the" plaintiff. O.R.S. §§ 31.600, 31.605.

63.     If Plaintiffs succeed on their claims, then Regence Rx will also, along with the Walgreens Parties, have breached tort duties owed to the Cambia Plaintiffs.

        a.     If the Walgreens Parties are liable to the Cambia Plaintiffs, then Regence Rx committed negligent misrepresentation against the Cambia Plaintiffs.

            i.     Regence Rx owed the Cambia Plaintiffs a duty to exercise reasonable care to communicate accurate, truthful, non-misleading information about Walgreens' U&C prices and reimbursement claims. Regence Rx also owed the Cambia Plaintiffs a duty to use reasonable care to investigate Walgreens' U&C pricing practices and to audit Walgreens' claim submissions.

            ii.     Regence Rx likewise owed the Cambia Plaintiffs a duty, when adjudicating claims, to report and use U&C prices conforming to the "industry standards" alleged by the Plaintiffs to the same extent that any such standard binds Walgreens.

            iii.     As a PBM, Regence Rx is in the same general industry as Walgreens and Plaintiffs and thus knew or should have known of the "industry standard" definition of U&C prices alleged by Plaintiffs, including the Cambia Plaintiffs. That "industry standard" is alleged by Plaintiffs to require U&C prices to include PSC and other special prices.

            iv.     The U&C prices reported by Walgreens to Regence Rx and used by Regence Rx to adjudicate reimbursement claims did not comply with the alleged "industry standards."

         v.      Regence Rx carelessly or negligently adjudicated Walgreens' reimbursement claims based on Walgreens' reported U&C prices, including by conveying to the Cambia Plaintiffs information about those claims that was based on, was derived from, or included Walgreens' U&C prices.

         vi.      Regence Rx carelessly or negligently failed to determine whether Walgreens' U&C prices, which Regence Rx purportedly transmitted to the Cambia Plaintiffs, complied with the alleged "industry standards."

         vii.      Regence Rx carelessly or negligently investigated or failed to investigate Walgreens' U&C pricing practices or to audit Walgreens' claims submissions to determine whether Walgreens' U&C prices satisfied the Cambia Plaintiffs' price-reporting expectations.

         viii.      Regence Rx is in the business of supplying information to the Cambia Plaintiffs to guide them in their payment of reimbursement transactions. The Cambia Plaintiffs hired Regence Rx precisely to compile information to adjudicate Walgreens' reimbursement claims and to guide the insurers on the proper reimbursement amounts.

         ix.      Regence Rx intended for the Cambia Plaintiffs to rely on the U&C prices and other reimbursement-claim information that Regence Rx allegedly reported to the Cambia Plaintiffs.

         x.      The Cambia Plaintiffs allege that Walgreens' U&C prices and the claim-related information derived from those prices, as reported to the Cambia Plaintiffs by Regence Rx, were material to the calculation of the Cambia Plaintiffs' reimbursement payments.

xi.     The Cambia Plaintiffs allege that they relied on U&C prices and other claim-related information reported by Regence Rx when the plans calculated reimbursement payments.

xii.     The Cambia Plaintiffs allege that they were injured because the U&C prices reported by Walgreens did not comply with the purported "industry standards."

b.     In addition or in the alternative, if the Walgreens Parties are liable to the Cambia Plaintiffs, then Regence Rx committed consumer fraud against the Cambia Plaintiffs, including by violating the Oregon Unlawful Trade Practices Act, O.R.S. §§ 646.605, *et seq.*

i.     Regence Rx unfairly and deceptively failed to inform the Cambia Plaintiffs that Walgreens' U&C prices excluded PSC and other savings-program prices, and Regence Rx adjudicated Walgreens' reimbursement claims on the Cambia Plaintiffs' behalf using those U&C prices—all contrary to alleged "industry standards" and Plaintiffs' alleged expectations and all in violation of O.R.S. § 646.608(j), (s), and (u).

ii.     Regence Rx improperly benefitted from its access to both Walgreens' and the Cambia Plaintiffs' data and contracts to mislead, deceive, and unfairly treat the Cambia Plaintiffs.

iii.     Regence Rx exercised control over the flow of information regarding Walgreens' U&C reporting and reimbursement claims to the Cambia Plaintiffs.

iv.     Regence Rx knew or should have known both that the Cambia Plaintiffs expected Walgreens to report PSC and other savings-program prices as U&C and that Walgreens' U&C prices excluded those prices.

v.     As alleged above and in the Cambia Plaintiffs' pleadings, Regence Rx intended for the Cambia Plaintiffs to rely on Regence Rx's deceptive and unfair reports about

Walgreens' reimbursement claims (allegedly including reports about the U&C prices reported by Walgreens), and the Cambia Plaintiffs did in fact rely on Regence Rx's deceptive and unfair communications.

    vi.  Regence Rx's deceptive and unfair acts occurred in the course of Regence Rx's trade or commerce. Regence Rx's reimbursement-claim reporting was in fact, and according to the Regence Rx Plaintiffs in their initial Complaint, a material aspect of Regence Rx's services. *Id.*

    vii.  The Cambia Plaintiffs are direct consumers of Regence Rx's services; they hired Regence Rx specifically to provide the sophisticated PBM services set forth in the Regence Rx-Plaintiff contracts.

    viii.  The Cambia Plaintiffs allege that they suffered ascertainable losses in the form of quantifiable overpayments to Walgreens for prescription reimbursements.

    ix.  Regence Rx's unfair and deceptive conduct was a proximate cause of the Cambia Plaintiffs' alleged damages. The Cambia Plaintiffs allegedly overpaid for prescription drugs based on Regence Rx's unfair and deceptive reports about Walgreens' reimbursement claims.

    c.  In addition or in the alternative, if the Cambia Plaintiffs were deceived by the Walgreens Parties, then Regence Rx committed fraud against the Cambia Plaintiffs.

    i.  As a PBM, Regence Rx is in the same general industry as Walgreens and Plaintiffs and thus knew or should have known of the "industry standard" definition of U&C prices alleged by Plaintiffs, including the Cambia Plaintiffs. That "industry standard" is alleged by Plaintiffs to require U&C prices to include PSC and other special prices.

    ii.  The U&C prices reported by Walgreens to Regence Rx and used by Regence Rx to adjudicate reimbursement claims did not comply with the alleged "industry standards."

    iii.  Regence Rx knew that Walgreens U&C prices did not include PSC and other special prices, in violation of the alleged "industry standards," but Regence Rx used Walgreens' allegedly deceptive U&C prices (including by allegedly reporting those prices to the Cambia Plaintiffs) while intentionally or recklessly failing to inform the Cambia Plaintiffs of Walgreens' actual price-reporting practices. If Walgreens deceived the Cambia Plaintiffs, then Regence Rx also intentionally or recklessly deceived the Cambia Plaintiffs.

    iv.  Regence Rx intended for the Cambia Plaintiffs to rely on the U&C prices and other reimbursement-claim information that Regence Rx allegedly reported to the Cambia Plaintiffs.

    v.  The Cambia Plaintiffs allege that Walgreens' U&C prices and the claim-related information derived from those prices, as reported to the Cambia Plaintiffs by Regence Rx, were material to the calculation of the Cambia Plaintiffs' reimbursement payments.

    vi.  The Cambia Plaintiffs alleged in their pleadings that they relied on U&C prices and other claim-related information reported by Regence Rx when the plans calculated reimbursement payments. The Cambia Plaintiffs hired Regence Rx precisely for Regence Rx to compile information to adjudicate Walgreens' reimbursement claims and to guide the insurers on the proper reimbursement amounts.

    vii.  The Cambia Plaintiffs allege that they were injured because the U&C prices reported by Walgreens did not comply with the purported "industry standards."

64.     Regence Rx's liability to the Cambia Plaintiffs arises out of the same injury as the Walgreens Parties' liability to Plaintiffs: the Cambia Plaintiffs' allegedly inflated reimbursement payments.

65.     Regence Rx's tortious conduct (along with the Walgreens' Parties allegedly tortious conduct) proximately caused and contributed to the Cambia Plaintiffs' alleged injury.

66.     By failing, for over a decade, to communicate Walgreens' U&C pricing practices to the Cambia Plaintiffs or to alert Walgreens to its allegedly inaccurate U&C prices, and by purportedly conveying Walgreens' allegedly false U&C prices (and information derived from those prices) to the Cambia Plaintiffs as accurate information, Regence Rx's tortious conduct exacerbated and contributed to the Cambia Plaintiffs' alleged damages.

67.     If Plaintiffs succeed on their claims, Regence Rx thus will be responsible, along with one or both of the Walgreens Parties, for the Cambia Plaintiffs' damages, in a relative proportion to be determined at trial.

68.     Certain Cambia Plaintiffs allege that they were deceived by the Walgreens Parties (and thus also by Regence Rx) in Oregon and that they suffered injuries in Oregon. Consequently, the Walgreens Parties are entitled to contribution from Regence Rx under Oregon law, O.R.S. § 31.800. The Walgreens Parties are also or in the alternative entitled to a finding as to Regence Rx's degree of comparative fault under O.R.S. §§ 31.600, 31.605.

**COUNT II:  Idaho Contribution (Idaho Code § 6-803)**

69.     The Walgreens Parties incorporate and repeat the allegations set forth in Paragraphs 1 through 68 above.

70.     Under Idaho law, Idaho Code § 6-803, "[t]he right of contribution exists among joint tortfeasors."

26

71.     If Plaintiffs succeed on their claims, then Regence Rx will also, along with the Walgreens Parties, have breached tort duties owed to the Cambia Plaintiffs.

        a.      If the Walgreens Parties are liable to the Cambia Plaintiffs, then Regence Rx committed negligent misrepresentation against the Cambia Plaintiffs.

                i.      Regence Rx owed the Cambia Plaintiffs a duty to exercise reasonable care to communicate accurate, truthful, non-misleading information about Walgreens' U&C prices and reimbursement claims. Regence Rx also owed the Cambia Plaintiffs a duty to use reasonable care to investigate Walgreens' U&C pricing practices and to audit Walgreens' claim submissions.

                ii.     Regence Rx likewise owed the Cambia Plaintiffs a duty, when adjudicating claims, to report and use U&C prices conforming to the "industry standards" alleged by the Plaintiffs to the same extent that any such standard binds Walgreens.

                iii.    As a PBM, Regence Rx is in the same general industry as Walgreens and Plaintiffs and thus knew or should have known of the "industry standard" definition of U&C prices alleged by Plaintiffs, including the Cambia Plaintiffs. That "industry standard" is alleged by Plaintiffs to require U&C prices to include PSC and other special prices.

                iv.     The U&C prices reported by Walgreens to Regence Rx and used by Regence Rx to adjudicate reimbursement claims did not comply with the alleged "industry standards."

                v.      Regence Rx carelessly or negligently adjudicated Walgreens' reimbursement claims based on Walgreens' reported U&C prices, including by conveying to the Cambia Plaintiffs information about those claims that was based on, was derived from, or included Walgreens' U&C prices.

vi.     Regence Rx carelessly or negligently failed to determine whether Walgreens' U&C prices, which Regence Rx purportedly transmitted to the Cambia Plaintiffs, complied with the alleged "industry standards."

vii.     Regence Rx carelessly or negligently investigated or failed to investigate Walgreens' U&C pricing practices or to audit Walgreens' claims submissions to determine whether Walgreens' U&C prices satisfied the Cambia Plaintiffs' price-reporting expectations.

viii.     Regence Rx is in the business of supplying information to the Cambia Plaintiffs to guide them in their payment of reimbursement transactions. The Cambia Plaintiffs hired Regence Rx precisely to compile information to adjudicate Walgreens' reimbursement claims and to guide the insurers on the proper reimbursement amounts.

ix.     Regence Rx intended for the Cambia Plaintiffs to rely on the U&C prices and other reimbursement-claim information that Regence Rx allegedly reported to the Cambia Plaintiffs.

x.     The Cambia Plaintiffs allege that Walgreens' U&C prices and the claim-related information derived from those prices, as reported to the Cambia Plaintiffs by Regence Rx, were material to the calculation of the Cambia Plaintiffs' reimbursement payments.

xi.     The Cambia Plaintiffs allege that they relied on U&C prices and other claim-related information reported by Regence Rx when the plans calculated reimbursement payments.

xii.     The Cambia Plaintiffs allege that they were injured because the U&C prices reported by Walgreens did not comply with the purported "industry standards."

b.      In addition or in the alternative, if the Walgreens Parties are liable to the Cambia Plaintiffs, then Regence Rx committed consumer fraud against the Cambia Plaintiffs, including by violating the Idaho consumer protection act, Idaho Code § 48-601, *et seq.*

i.      Regence Rx misleadingly, falsely, and deceptively failed to inform the Cambia Plaintiffs that Walgreens' U&C prices excluded PSC and other savings-program prices, and Regence Rx adjudicated Walgreens' reimbursement claims on the Cambia Plaintiffs' behalf using those U&C prices—all contrary to alleged "industry standards" and Plaintiffs' alleged expectations and all in violation of Idaho Code § 48-603(17).

ii.      Regence Rx improperly and unconscionably benefitted from its access to both Walgreens' and the Cambia Plaintiffs' data and contracts to mislead, deceive, and unfairly treat the Cambia Plaintiffs, in violation of Idaho Code § 48-603(18).

iii.      Regence Rx exercised control over the flow of information regarding Walgreens' U&C reporting and reimbursement claims to the Cambia Plaintiffs.

iv.      Regence Rx knew or should have known both that the Cambia Plaintiffs expected Walgreens to report PSC and other savings-program prices as U&C and that Walgreens' U&C prices excluded those prices.

v.      As alleged above and in the Cambia Plaintiffs' pleadings, Regence Rx intended for the Cambia Plaintiffs to rely on Regence Rx's deceptive and unfair reports about Walgreens' reimbursement claims (allegedly including reports about the U&C prices reported by Walgreens), and the Cambia Plaintiffs did in fact rely on Regence Rx's deceptive and unfair communications.

vi.     As alleged above, Regence Rx also knew or should have known that their reports about Walgreens' reimbursement claims (allegedly including reports about the U&C prices reported by Walgreens) had a tendency or capacity to deceive the Cambia Plaintiffs.

vii.    Regence Rx's deceptive and unfair acts occurred in the course of Regence Rx's trade or commerce. Regence Rx's reimbursement-claim reporting was in fact, and according to the Regence Rx Plaintiffs in their pleadings, a material aspect of Regence Rx's services.

viii.   The Cambia Plaintiffs are direct consumers of Regence Rx's services; they hired Regence Rx specifically to provide the sophisticated PBM services set forth in the Regence Rx-Plaintiff contracts.

ix.     Regence Rx's unfair and deceptive conduct was a proximate cause of the Cambia Plaintiffs' alleged damages. The Cambia Plaintiffs allegedly overpaid for prescription drugs based on Regence Rx's unfair and deceptive reports about Walgreens' reimbursement claims.

c.      In addition or in the alternative, if the Cambia Plaintiffs were deceived by the Walgreens Parties, then Regence Rx committed fraud against the Cambia Plaintiffs.

i.      As a PBM, Regence Rx is in the same general industry as Walgreens and Plaintiffs and thus knew or should have known of the "industry standard" definition of U&C prices alleged by Plaintiffs, including the Cambia Plaintiffs. That "industry standard" is alleged by Plaintiffs to require U&C prices to include PSC and other special prices.

ii.     The U&C prices reported by Walgreens to Regence Rx and used by Regence Rx to adjudicate reimbursement claims did not comply with the alleged "industry standards."

iii. Regence Rx knew that Walgreens U&C prices did not include PSC and other special prices, in violation of the alleged "industry standards," but Regence Rx used Walgreens' allegedly deceptive U&C prices (including by allegedly reporting those prices to the Cambia Plaintiffs) while intentionally or recklessly failing to inform the Cambia Plaintiffs of Walgreens' actual price-reporting practices. If Walgreens deceived the Cambia Plaintiffs, then Regence Rx also intentionally or recklessly deceived the Cambia Plaintiffs.

iv. Regence Rx intended for the Cambia Plaintiffs to rely on the U&C prices and other reimbursement-claim information that Regence Rx allegedly reported to the Cambia Plaintiffs.

v. The Cambia Plaintiffs allege that Walgreens' U&C prices and the claim-related information derived from those prices, as reported to the Cambia Plaintiffs by Regence Rx, were material to the calculation of the Cambia Plaintiffs' reimbursement payments.

vi. The Cambia Plaintiffs alleged in their pleadings that they relied on U&C prices and other claim-related information reported by Regence Rx when the plans calculated reimbursement payments. The Cambia Plaintiffs hired Regence Rx precisely for Regence Rx to compile information to adjudicate Walgreens' reimbursement claims and to guide the insurers on the proper reimbursement amounts.

vii. The Cambia Plaintiffs allege that they were injured because the U&C prices reported by Walgreens did not comply with the purported "industry standards."

72. Regence Rx's liability to the Cambia Plaintiffs arises out of the same injury as the Walgreens Parties' liability to Plaintiffs: the Cambia Plaintiffs' allegedly inflated reimbursement payments.

73.     Regence Rx's tortious conduct (along with the Walgreens' Parties allegedly tortious conduct) proximately caused and contributed to the Cambia Plaintiffs' alleged injury.

74.     By failing, for over a decade, to communicate Walgreens' U&C pricing practices to the Cambia Plaintiffs or to alert Walgreens to its allegedly inaccurate U&C prices, and by purportedly conveying Walgreens' allegedly false U&C prices (and information derived from those prices) to the Cambia Plaintiffs as accurate information, Regence Rx's tortious conduct exacerbated and contributed to the Cambia Plaintiffs' alleged damages.

75.     If Plaintiffs succeed on their claims, Regence Rx thus will be responsible, along with one or both of the Walgreens Parties, for the Cambia Plaintiffs' damages, in a relative proportion to be determined at trial.

76.     Certain Cambia Plaintiffs allege that they were deceived by the Walgreens Parties (and thus also by Regence Rx) in Idaho and that they suffered injuries in Idaho. Consequently, the Walgreens Parties are entitled to contribution from Regence Rx under Idaho law, Idaho Code § 6-803.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiffs the Walgreens Parties respectfully request that, if judgment is entered in favor of Plaintiffs and against Walgreens or WBA, the Court (a) enter judgment for contribution in favor of the Walgreens Parties and against Regence Rx in an amount equal to Regence Rx's relative share of fault for Plaintiffs' damages and (b) award such other relief as the Court deems just and proper.

Dated: August 19, 2022

Respectfully submitted,

/s/ Jeffrey J. Bushofsky
Jeffrey J. Bushofsky
Laura G. Hoey
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
Tel: (312) 845-1200
Fax: (312) 845-5562
Jeffrey.Bushofsky@ropesgray.com
Laura.Hoey@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendants / Third-Party Plaintiffs*
*Walgreen Co. & Walgreens Boots Alliance, Inc.*

## JURY DEMAND

The Walgreens Parties demand a jury of 12 for all issues so triable.

/s/ Jeffrey J. Bushofsky
Jeffrey J. Bushofsky
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, Illinois 60606
Tel: (312) 845-1200
Fax: (312) 845-5562
Jeffrey.Bushofsky@ropesgray.com

*Attorney for Defendants / Third-Party Plaintiffs*
*Walgreen Co. & Walgreens Boots Alliance, Inc.*