# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., *et al.*,<br><br>　　*Plaintiffs*,<br><br>　　　　v.<br><br>WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>　　*Defendants*. | Case No. 1:20-cv-01853<br><br><br>Honorable Virginia M. Kendall<br>Honorable Sheila M. Finnegan<br><br>Related Cases:<br>Case No. 1:20-cv-04738<br>Case No. 1:20-cv-03332<br>Case No. 1:20-cv-01929<br>Case No. 1:20-cv-04940<br>Case No. 1:22-cv-01362 |
| WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>　　*Third-Party Plaintiffs*,<br><br>　　　　v.<br><br>PRIME THERAPEUTICS LLC & OMEDARX, INC.,<br><br>　　*Third-Party Defendants*. | |

# JOINT STATUS REPORT

Pursuant to the Court's November 21, 2022 Order (ECF No. 358), the Initial Plaintiffs,[1] the Additional Plaintiffs,[2] Defendant / Third-Party Plaintiff Walgreen Co. ("Walgreens") and Defendant Walgreens Boots Alliance, Inc. (together with Walgreens, "Defendants"), and Third-Party Defendant Prime Therapeutics LLC ("Prime"), through their respective counsel, respectfully submit the following Joint Status Report.

## I. The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion

### A. Deadline for the Close of Fact Discovery

By order dated September 15, 2022 (ECF No. 336), fact discovery is currently set to close on April 28, 2023.

### B. Referral to Magistrate Judge

On April 11, 2022, the Court referred this case to Magistrate Judge Sheila Finnegan for general discovery supervision. (ECF No. 252.)

---

[1] BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Asuris Northwest Health; Blue Cross and Blue Shield of Kansas City, Inc.; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Oregon; Regence BlueCross BlueShield of Utah; Regence BlueShield; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); Northeastern New York (f/k/a BlueShield of Northeastern New York); Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

[2] CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc.

### C.      Expert Discovery

By order dated September 15, 2022 (ECF No. 336), expert discovery is currently governed

by the following deadlines:

- June 9, 2023 – Opening expert reports due

- July 18, 2023 – Rebuttal expert reports due

- September 1, 2023 – Close of expert discovery

### D.      Proposed Pre-Trial Scheduling Order and Dispositive Motions

By order dated September 15, 2022 (ECF No. 336), the parties are to submit a proposed

pre-trial scheduling order, including deadlines for dispositive and pre-trial motions, by September

8, 2023.

## II.      The Progress of Discovery

### A.      Document Production and Written Interrogatories

As reported in the November 18, 2022 Joint Status Report, the parties are currently

engaged in written discovery and continue to produce documents and respond to written

discovery requests.  The parties have continued to engage in a largely productive dialogue

regarding ongoing discovery obligations and have exchanged letters over the course of the past

several months and weeks outlining concerns and expectations in this regard.  There remain open

disputes regarding the scope of certain written discovery, on which the parties continue to confer.

On November 22, 2022, the District Court denied Defendants' motion to dismiss the

Additional Plaintiffs' complaint for lack of subject matter jurisdiction (ECF No. 360).  Counsel

for the Additional Plaintiffs and Defendants promptly began conferring on discovery logistics

following the Court's November 22, 2022 order.  The Additional Plaintiffs and Defendants have

each served written discovery requests.  Defendants have provided the Additional Plaintiffs with

the written and document discovery produced by Defendants before the Additional Plaintiffs

joined the case and served written responses and objections to the Additional Plaintiffs' document

requests.

### B. Depositions of the Parties and Their Former and Current Employees

Plaintiffs have taken depositions of one current and two former Walgreens employees.

The Initial Plaintiffs / Counter-Defendants and Defendants have exchanged initial drafts

of topic lists for corporate representative depositions. The Additional Plaintiffs and Defendants

intend to exchange initial drafts of topic lists in the coming weeks.

### C. Parties' Positions on Discovery Schedule

***Initial Plaintiffs/Counter-Defendants' Position***.

The Initial Plaintiffs incorporate by reference their comments in prior discovery status

reports. The Initial Plaintiffs anticipate completing all discovery by the dates currently prescribed

in the schedule. Since the filing of the last Joint Status Report on November 18, 2022, the Initial

Plaintiffs have extended their document productions with more documents produced by the

overlapping custodians in *BCBS of Alabama, et al. v. CVS Health Corp., et al.*, 1:20-cv-236

(D.R.I.) ("*CVS*") and additional documents from agreed-upon custodians in *CVS* that were not

selected originally as production custodians by the Initial Plaintiffs. Further, Initial Plaintiffs have

agreed to supplement their document productions with responsive files from two new custodians

and intend to provide additional responsive documents identified as presumptively-relevant by

their technology-assisted-review model. Initial Plaintiffs' document review and production

workflow remains continuous and ongoing.

Finally, the Initial Plaintiffs dispute Defendants' assertion regarding "material gaps in

Plaintiffs' document productions."

### *Additional Plaintiffs' Position.*

The Additional Plaintiffs incorporate by reference their comments in prior discovery status reports. Following the Court's ruling on Defendants' Motion to Dismiss (ECF No. 360), the parties are engaging in discovery. Thus far, both Defendants and Additional Plaintiffs have exchanged initial discovery requests for both interrogatories and production of documents. The Additional Plaintiffs are also pursuing their third-party subpoenas. The Additional Plaintiffs' also may file an Amended Complaint, pursuant to the leave granted by the Court. (ECF No. 360). Their deadline to file an Amended Complaint is this Thursday, December 22, 2022.

### *Defendants' Position*.

Defendants continue to believe that fact discovery can be completed within the current schedule provided that certain fundamental issues underlying Initial Plaintiffs' document productions can be resolved promptly and all Plaintiffs and Prime can complete their document productions with dispatch.  As reported in the November 18, 2022 Joint Status Report, Defendants recently discovered material gaps in the Initial Plaintiffs' document productions and have raised concerns about those gaps' implications for the Initial Plaintiffs' broader search and review. Defendants expect to file a motion to compel for the Court's intervention in these matters such that Defendants can get sufficient document discovery with enough time to complete their depositions within the current schedule.

### *Third-Party Defendant, Prime's Position*.

Prime expects to complete all discovery within the dates in the current scheduling order.

## III.    Other Third-Party Discovery

The Initial Plaintiffs/Counter-Defendants have issued subpoenas to the following third-party entities:

- National Council of Prescription Drug Programs, Inc.

- Pharmaceutical Care Management Association

- Costco Wholesale Corporation

- The Kroger Co.

- Elixir Rx Solutions, LLC

- GoodRx Holdings, Inc.

- Klix, LLC d/b/a Easy Drug Card

- Towers Administrators LLC d/b/a SingleCare Administrators

- NeedyMeds, Inc.

- U.S. Pharmacy Card, LLC

- Discount Drug Network, LLC

- Texas Health and Human Services

- Oregon Health Authority

- Connecticut Department of Social Services

The Additional Plaintiffs have issued subpoenas to the following third-party entities:

- Caremark, LLC

- Express Scripts, Inc.

- OptumRx, Inc.

- Walmart, Inc.

- Target Corporation

- WAGDCO, LLC

- MedImpact Healthcare Systems, Inc.

- Envolve Pharmacy Solutions Pharmacy Solutions, Inc.

5

- Leehar Distributors, LLC

- Medical Security Card Company, LLC

Defendants / Counter-Plaintiff have issued subpoenas to the following third parties:

- Bretta Grinsteinner

- Blue Cross Blue Shield Association

- Caremark, LLC

- Express Scripts, Inc.

- MedImpact Healthcare Systems, Inc.

- OptumRx, Inc.

- Preferred Care Services, Inc.

- EPIC Pharmacy Network, Inc.

- Health Mart Atlas, LLC

- Wholesale Alliance, LLC

## IV.    The Status of Discovery Motions

The Initial Plaintiffs and Additional Plaintiffs filed on October 21 a Motion to Compel (ECF No. 339) the production of certain documents clawed back by Defendants based on a claim of privilege or protection. Defendants filed their Opposition to Plaintiffs' Motion to Compel on November 4 (ECF No. 347), Plaintiffs filed a Reply in Support of their Motion to Compel on November 11 (ECF No. 349), and Walgreens filed a Motion to Strike Waived Arguments from Plaintiffs' Reply on November 17 (ECF No. 355).

Defendants expect that they also will shortly file a motion to compel related to the material gaps in Plaintiffs' document productions Defendants described above, as well as other issues on which the parties have reached an impasse.

6

**V.      Whether the Parties Have Engaged or Are Engaging in Settlement Discussions**

The parties have not engaged in settlement discussions.

**VI.      Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days**

In the event that Defendants file a motion to compel, Defendants anticipate a need for a hearing to resolve such motion.  Absent such a motion, the parties do not anticipate the need for a hearing within the next 60 days.

Pursuant to the Court's May 25, 2022, Order (ECF No. 276), the parties shall continue to provide joint status reports at 30-day intervals.  Subject to the Court's approval, the parties will file the next status report by January 18, 2023.

Dated: December 19, 2022

Respectfully submitted,

By: */s/ Kelly H. Hibbert*

David L. Applegate (IL Bar# 3122573)
Brigid E. Kennedy (IL Bar # 6201446
**WILLIAMS & JOHN LTD.**
Suite 6800 Willis Tower233 S. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500
dla@willjohnlaw.com
bek@willjohnlaw.com

Kent A. Gardiner (D.C. Bar No. 432081)*
Stephen J. McBrady (D.C. Bar No. 978847)*
Kelly H. Hibbert (D.C. Bar No. 1006010)*
Justin D. Kingsolver (N.D. Ill. Bar No. 6320926)
**CROWELL & MORING LLP**
1001 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
KGardiner@crowell.com
SMcBrady@crowell.com
KHibbert@crowell.com
JKingsolver@crowell.com

\* Admitted pro hac vice

*Attorneys for Initial Plaintiffs*

By: */s/ Timothy R. Farrell*

By: */s/ Robert B. Gilmore*

Laura G. Hoey
Jeffrey J. Bushofsky
Timothy R. Farrell
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Laura.Hoey@ropesgray.com
Jeffrey.Bushofsky@ropesgray.com
Timothy.Farrell@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*

Robert B. Gilmore (admitted *pro hac vice*)
Michael A. Petrino (*pro hac vice* forthcoming)
Kevin J. Attridge (*pro hac vice* forthcoming)
Susie Kim (*pro hac vice* forthcoming)
Megan Benevento (*pro hac vice* forthcoming)
**STEIN MITCHELL BEATO & MISSNER LLP**
901 15th Street, N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 737-7777
Fax: (202) 296-8312
rgilmore@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com
skim@steinmitchell.com
mbenevento@steinmitchell.com

Samera Syeda Ludwig
**L&G LAW GROUP LLP**

8

175 West Jackson Blvd, Suite 950
Chicago, Illinois 60604
Tel: (312) 364-2500
Fax: (312) 364-1003
sludwig@lgcounsel.com

*Attorneys for the Additional Plaintiffs*


By: */s/ Robert J. Gilbertson*

**Forsgren Fisher McCalmont DeMarea Tysver LLP**
Robert J. Gilbertson
Virginia R. McCalmont
225 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 474-3300
bgilbertson@forsgrenfisher.com
vmccalmont@forsgrenfisher.com

**SALVATORE PRESCOTT PORTER & PORTER, PLLC**
Andrew C. Porter
Andrea L. Evans
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
aporter@spplaw.com
evans@spplaw.com

*Attorneys for Third-Party Defendant Prime Therapeutics LLC*

9

## **CERTIFICATE OF SERVICE**

I, Charles D. Zagnoli, an attorney authorized to practice before this Court, hereby certify that the foregoing Join Status Report was electronically filed on December 19, 2022, and will be served electronically via the Court's ECF Notice system upon the registered parties and counsel of record.

*/s/ Charles D. Zagnoli*
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Charles.Zagnoli@ropesgray.com

*Attorney for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*