IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BCBSM, INC.**, *et al.*, | ) | Case No. 1:20-cv-01853 |
| | ) | |
| | ) | Honorable Virginia M. Kendall |
| *Plaintiffs / Counter-Defendants*, | ) | Honorable Sheila M. Finnegan |
| | ) | |
| v. | ) | *Consolidated with*: |
| | ) | No. 1:20-cv-01929 |
| **WALGREEN CO.**, *et al.*, | ) | No. 1:20-cv-03332 |
| | ) | No. 1:20-cv-04738 |
| *Defendants / Counterclaimant.* | ) | No. 1:20-cv-04940 |
| | ) | No. 1:22-cv-01362 |
| | ) | |
| | ) | |
| | ) | |
| **WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.**, | ) | |
| | ) | |
| *Third-Party Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **PRIME THERAPEUTICS LLC & OMEDARX, INC.**, | ) | |
| | ) | |
| *Third-Party Defendants*. | ) | |

**DEFENDANTS' MOTION TO COMPEL
PLAINTIFFS' DOCUMENT DISCOVERY AND RELATED METRICS**

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37, Defendants Walgreen Co. and Walgreens Boots Alliance, Inc. (together "Walgreens"), through their undersigned attorneys, respectfully move the Court to compel the twenty-eight Blue Cross insurer plaintiffs[1]

---

[1] Plaintiffs are BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc. ("BCBS of Kansas"); Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark

1

to (i) provide assurances that they have corrected their previous document discovery errors and will produce all responsive documents, and (ii) produce responsive, non-privileged documents from 20 disputed custodians who fill key temporal and subject-matter gaps left by Plaintiffs' error-plagued discovery to date.

In support of this motion, Walgreens relies on all pleadings and papers of record to date and their Memorandum in Support of Defendants' Motion to Compel Plaintiffs' Document Discovery and Related Metrics ("Defendants' Memorandum"), filed contemporaneously with this Motion.

Walgreens has conferred with Plaintiffs, who oppose this Motion. Walgreens and Plaintiffs propose the following briefing schedule on this disputed Motion:

- Walgreens' Memorandum filed contemporaneously with this Motion;
- Plaintiffs' Opposition filed January 20, 2023; and
- Walgreens' Reply filed February 6, 2023.[2]

WHEREFORE, Defendants respectfully request that the Court enter an order:

    a.    Adopting Walgreens' and Plaintiffs' proposed briefing schedule;

    b.    Directing Plaintiffs to supply data and information on their technology aided review (TAR) model's performance as of (1) August 22, 2022, the date Plaintiffs first declared their production substantially complete; (2) November 4, 2022, when Plaintiffs began producing documents from the CVS litigation; (3) November 23, 2022, the date of the parties' first meet-and-confer regarding Plaintiffs' TAR model; (4) December 12, 2022, the date of the parties' meet-and-confer with their e-discovery experts; (5) December 21, 2022, the date Walgreens

---

Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Asuris Northwest Health; Blue Cross and Blue Shield of Kansas City ("Blue KC"); Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross and BlueShield of Oregon; Regence BlueCross and BlueShield of Utah; Regence BlueShield of Washington; HealthNow New York, Inc.; BlueCross BlueShield of Western New York, Inc. (f/k/a Blue Cross of Western New York); BlueShield of Northeastern New York; Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

[2] Walgreens did not confer with Plaintiffs regarding the reply date.

filed this Motion; and (6) the date the Court grants the Motion, such data and information to include:

    i.    the responsiveness rate for the highest score band just below the cutoff;

    ii.    validation sample results;

    iii.    the number of times the model had been refreshed; and

    iv.    a reasonably detailed description of how Plaintiffs built and trained their TAR model.

c.    Directing Plaintiffs to certify that they are not knowingly withholding responsive documents merely because those documents fall outside the parties' collection parameters;

d.    Directing Plaintiffs to produce a log of documents that hit on the following search terms[3] but that Plaintiffs have withheld from production, such log to include, for each document, (1) a unique identifier; (2) the custodian(s) from which the document was obtained; (3) the date the document was sent (for electronic communications) or created (for documents other than electronic communications); (4) for any electronic communications, the sender and recipient(s) (including CC and BCC recipients); (5) the subject line (for electronic communications) or file name (for documents other than electronic communications); (6) for documents other than emails, the file extension or other identification of the native application in which the document can be read (for example, Word, PowerPoint, Excel):;

    i.    "PSC" OR "WAG* card" OR "Walgreen* card" OR "W* Card" OR "saving* card" OR "saving* program" OR "saving* club" OR "Walgreen* club" OR "WAG* club" OR "prescription* saving* card" OR "prescription* saving* club" OR "discount club" OR "discount program" OR "discount card" OR "generic* card" OR "generic* program" OR "generic* club" OR "club* program*" OR (Walgreen* w/3 card) OR (saving* w/3 card) OR (saving* w/3 program) OR (prescription* w/3 saving* w/3 card) OR (prescription* w/3 saving* w/3 club) OR (generic* w/3 card) OR (generic* w/3 program) OR (generic* w/3 club) OR (generic* w/3 pric* w/3 program*)

    ii.    ((Walgreen* OR WAG OR "Walgreens Boots Alliance" OR WBA OR Argus OR PTI OR Prime OR "Prime Therapeutics" OR PrimeTherapeutics OR ESI OR "Express Scripts" OR ExpressScripts OR Envision* OR Elixir OR MSC OR "medical security card" OR Optum*

---

[3] In correspondence, Walgreens asked for and Plaintiffs refused to provide a log of documents that hit on three sets of search strings. Walgreens has combined two of the search strings in (ii) as a compromise to reduce the number of hits.)

3

OR Medimpact OR (audit* w/10 "U&C") OR (pharmacy w/3 benefit*) OR Medco OR Catalyst OR Catamaran OR CVS OR Caremark OR "CaremarkPCS" OR "Preferred Care" OR PCS OR "Systems Xcellence" OR SXC OR ComCo OR ComCoTec OR (PBM w/3 Maryland)) w/5 (contract* OR agreement* OR PPA OR "participating pharmacy agreement" OR negotiat* OR amend* OR (provider w/3 manual*) OR recover* OR compens* OR rebate* OR refund* OR reconcil* OR reimburs* OR club OR card OR program OR claim* OR payment* OR "U&C" OR "U & C" OR "usual and customary" OR "U and C" OR "UandC" OR "UNC" OR "U n C" OR "U+C" OR "U + C" OR "U/C" OR "UC" OR "usual&customary" OR "usual & customary" OR (usual w/3 custom*) OR (usual w/3 pric*) OR (customary w/3 pric*))

e. Directing Plaintiffs to collect and produce responsive documents from the following custodians;

   i. Joan McCusker (BCBS of North Dakota);

   ii. Shanda Harclerode (Wellmark Plaintiffs);

   iii. Michael Patterson (BCBS of Alabama);

   iv. Arif Khan (BCBS of North Carolina);

   v. Rebecca Sheridan (HealthNow);

   vi. Lara Magnani (Cambia);

   vii. Tracy Hill (Cambia);

   viii. Dudley Slater (Cambia);

   ix. Raulo Frear (Cambia);

   x. John Morgan (Cambia);

   xi. Chip Parkinson (Cambia);

   xii. Kerry Bendel (Cambia);

   xiii. Diana Otis (Cambia);

   xiv. Karen Jackson (BCBS of Massachusetts);

   xv. Matthew Connell (BCBS of Massachusetts);

   xvi. Kristine Dyment (BCBS of Massachusetts);

   xvii. Cedric Terrell (BCBS of Massachusetts);

        xviii.    Melinda Nelhuebel (BCBS of Massachusetts);

        xix.    Bill Fedus (BCBS of Massachusetts); and

        xx.    Saira Jan (Horizon)

    f.    Granting such other and further relief as the Court deems just and proper.

Dated: December 21, 2022

Respectfully submitted,

By:    /s/ *Jeffrey J. Bushofsky*

Jeffrey J. Bushofsky
Laura G. Hoey
Timothy R. Farrell
Charles D. Zagnoli
ROPES & GRAY LLP
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Jeffrey.Bushofsky@ropesgray.com
Laura.Hoey@ropesgray.com
Timothy.Farrell@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendant / Counterclaimant / Third-Party Plaintiff Walgreen Co. & Defendant / Third-Party Plaintiff Walgreens Boots Alliance, Inc.*

5

## CERTIFICATE OF SERVICE

I, Charles D. Zagnoli, hereby certify that the foregoing document was electronically filed on December 21, 2022, and will be served electronically via the Court's ECF Notice system upon all registered counsel of record.

    /s/ *Charles D. Zagnoli*
Charles D. Zagnoli
ROPES & GRAY LLP
191 N. Wacker Dr.
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Charles.Zagnoli@ropesgray.com

*Attorney for Defendant / Counterclaimant / Third-Party Plaintiff Walgreen Co. & Defendant / Third-Party Plaintiff Walgreens Boots Alliance, Inc.*