IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., *et al.*,<br><br>　　*Plaintiffs*,<br><br>　　　　v.<br><br>WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>　　*Defendants*. | Case No. 1:20-cv-01853<br><br>Honorable Virginia M. Kendall<br>Honorable Sheila M. Finnegan<br><br>Related Cases:<br>Case No. 1:20-cv-04738<br>Case No. 1:20-cv-03332<br>Case No. 1:20-cv-01929<br>Case No. 1:20-cv-04940<br>Case No. 1:22-cv-01362 |
| WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>　　*Third-Party Plaintiffs*,<br><br>　　　　v.<br><br>PRIME THERAPEUTICS LLC & OMEDARX, INC.,<br><br>　　*Third-Party Defendants*. | |

**JOINT STATUS REPORT**

Pursuant to the Court's May 25, 2022, Order (ECF No. 276) stating that the parties shall provide joint status reports at 30-day intervals and the parties' last Joint Status Report dated December 19, 2022 (ECF No. 372), the Initial Plaintiffs,[1] the Additional Plaintiffs,[2] Defendant / Third-Party Plaintiff Walgreen Co. ("Walgreens") and Defendant Walgreens Boots Alliance, Inc. (together with Walgreens, "Defendants"), and Third-Party Defendant Prime Therapeutics LLC ("Prime"), through their respective counsel, respectfully submit the following Joint Status Report.

## I. The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion

### A. Deadline for the Close of Fact Discovery

By order dated September 15, 2022 (ECF No. 336), fact discovery is currently set to close on April 28, 2023.

---

[1] BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Asuris Northwest Health; Blue Cross and Blue Shield of Kansas City, Inc.; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Oregon; Regence BlueCross BlueShield of Utah; Regence BlueShield; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); Northeastern New York (f/k/a BlueShield of Northeastern New York); Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

[2] CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc.

### B. Referral to Magistrate Judge

On April 11, 2022, the Court referred this case to Magistrate Judge Sheila Finnegan for general discovery supervision. (ECF No. 252.)

### C. Expert Discovery

By order dated September 15, 2022 (ECF No. 336), expert discovery is currently governed by the following deadlines:

- June 9, 2023 – Opening expert reports due
- July 18, 2023 – Rebuttal expert reports due
- September 1, 2023 – Close of expert discovery

### D. Proposed Pre-Trial Scheduling Order and Dispositive Motions

By order dated September 15, 2022 (ECF No. 336), the parties are to submit a proposed pre-trial scheduling order, including deadlines for dispositive and pre-trial motions, by September 8, 2023.

On December 9, 2022, Third Party Defendant OmedaRx, Inc. f/k/a Regence Rx, Inc. ("OmedaRx"), filed a motion to dismiss the third-party complaint (ECF No. 370) that the Court granted Walgreens leave to file on August 23, 2022 (ECF No. 319). The motion to dismiss alleges that the Court lacks personal jurisdiction over OmedaRx and that Defendants failed to state a valid contribution claim. Walgreens filed its opposition brief on January 16, 2023, and OmedaRx's reply is due by January 27. (*See* ECF No. 381.) Counsel to OmedaRx and the Initial Plaintiffs has indicated to Defendants' counsel that OmedaRx will not respond to the discovery requests that Defendants served on OmedaRx on December 2, 2022, until the Court has resolved OmedaRx's pending motion to dismiss. OmedaRx relies on the Court's prior instruction to not move forward

2

with discovery during pending disputes over jurisdiction. (*See* November 18, 2022, Joint Status Report, ECF No. 357, at 4, *quoting* 7/16/20 Hrg. Tr. at 13:7-9, 14:16-18.)

## II. The Progress of Discovery

### A. Document Production and Written Interrogatories

As reported in the November 18, 2022 Joint Status Report, the parties are currently engaged in written discovery and continue to produce documents and respond to written discovery requests. The parties have continued to engage in a largely productive dialogue regarding ongoing discovery obligations and have exchanged letters over the course of the past several months and weeks outlining concerns and expectations in this regard. There remain open disputes regarding the scope of certain written discovery, on which the parties continue to confer. Most significantly, Walgreens has filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics regarding material gaps in the Initial Plaintiffs' document productions. (ECF No. 374). Walgreens also expects to file a motion to compel regarding specific discovery requests on which it believes there remains an impasse.

As reported in the December 19, 2022 Joint Status Report, the Additional Plaintiffs and Defendants have each served written discovery requests. Defendants have provided the Additional Plaintiffs with the written and document discovery produced by Defendants before the Additional Plaintiffs joined the case and served written responses and objections to the Additional Plaintiffs' document requests. The Additional Plaintiffs served Defendants written responses to Defendants' discovery requests on January 17, 2023.

### B. Depositions of the Parties and Their Former and Current Employees

Plaintiffs have taken depositions of one current and two former Walgreens employees. The deposition of an additional Walgreens employee is scheduled to take place on February 17, 2023.

3

The Initial Plaintiffs / Counter-Defendants and Defendants have exchanged initial drafts of topic lists for corporate representative depositions. The Additional Plaintiffs and Defendants intend to exchange initial drafts of topic lists in the coming weeks.

### C. Parties' Positions on Discovery Schedule

*Initial Plaintiffs/Counter-Defendants' Position*.

The Initial Plaintiffs incorporate by reference their comments in prior discovery status reports. The Initial Plaintiffs anticipate completing all discovery by the dates currently prescribed in the schedule. Since the filing of the last Joint Status Report on December 18, 2022, the Initial Plaintiffs have produced 10,097 documents/141,411 pages, and the Initial Plaintiffs anticipate producing approximately 57,000 additional documents in the next two weeks. Initial Plaintiffs' document review and production workflow remains continuous and ongoing.

The Initial Plaintiffs continue to dispute Defendants' assertion regarding "material gaps in Plaintiffs' document productions." The Initial Plaintiffs also dispute that the parties will need an extension of the current discovery schedule.

*Additional Plaintiffs' Position.*

The Additional Plaintiffs incorporate by reference their comments in prior discovery status reports. Following the Court's ruling on Defendants' Motion to Dismiss (ECF No. 360), the parties are engaging in discovery. Thus far, both Defendants and Additional Plaintiffs have exchanged initial discovery requests, and responses, for both interrogatories and production of documents. The Additional Plaintiffs served their written responses and objections to Defendants' requests yesterday, January 17, 2023, and anticipate that the parties will confer on these shortly. The Additional Plaintiffs have begun gathering responsive documents and anticipate that they will commence rolling document productions in the near future as the parties confer on the scope of

4

production and search terms. The Additional Plaintiffs are also pursuing completion of document productions by subpoenaed third-parties, as well as scheduling of third-party depositions.

### *Defendants' Position*.

Defendants believe the parties will need an extension of the current discovery schedule, the length of which will depend on the timing and outcomes of pending motions and the various Plaintiffs' timetables in completing their collection, search, and production of documents. First, Defendants filed their Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022. (ECF No. 374). As reported in the November 18 and December 19, 2022 Joint Status Reports, Defendants discovered material gaps in the Initial Plaintiffs' document productions and have raised concerns about those gaps' implications for the Initial Plaintiffs' broader search and review. Plaintiffs' opposition to that motion is due by January 20, 2023, and Defendants' reply is due by February 6, 2023. (ECF No. 385). Once Defendants receive Plaintiffs' completed document productions (consistent with their current undertakings as well as the pending motion's outcome), Defendants anticipate a significant number of depositions. Second, third-party defendant OmedaRx has indicated that it will not respond to Defendants' discovery requests until its dismissal motion is resolved. When that motion is resolved, the parties will need to conduct discovery related to OmedaRx, either through Defendants' pending discovery requests to OmedaRx and the Initial Plaintiffs or through a third-party subpoena. Finally, discovery from third-party defendant Prime and the Additional Plaintiffs is underway, but Prime and the Additional Plaintiffs have not yet begun to produce documents.

### *Third-Party Defendant, Prime's Position*.

Prime expects that motion and discovery progress within the next 30 days will help the parties and Court determine whether an amendment to the scheduling order is needed. Prime does

not presently seek a change to the scheduling order.

### III. Other Third-Party Discovery

The Initial Plaintiffs/Counter-Defendants have issued subpoenas to the following third-party entities:

- National Council of Prescription Drug Programs, Inc.
- Pharmaceutical Care Management Association
- Costco Wholesale Corporation
- The Kroger Co.
- Elixir Rx Solutions, LLC
- GoodRx Holdings, Inc.
- Klix, LLC d/b/a Easy Drug Card
- Towers Administrators LLC d/b/a SingleCare Administrators
- NeedyMeds, Inc.
- U.S. Pharmacy Card, LLC
- Discount Drug Network, LLC
- Texas Health and Human Services
- Oregon Health Authority
- Connecticut Department of Social Services

The Additional Plaintiffs have issued subpoenas to the following third-party entities:

- Caremark, LLC
- Express Scripts, Inc.
- OptumRx, Inc.
- Walmart, Inc.

6

- Target Corporation
- WAGDCO, LLC
- MedImpact Healthcare Systems, Inc.
- Envolve Pharmacy Solutions Pharmacy Solutions, Inc.
- Leehar Distributors, LLC
- Medical Security Card Company, LLC

Defendants / Counter-Plaintiff have issued subpoenas to the following third parties:

- Bretta Grinsteinner
- Blue Cross Blue Shield Association
- Caremark, LLC
- Express Scripts, Inc.
- MedImpact Healthcare Systems, Inc.
- OptumRx, Inc.
- Preferred Care Services, Inc.
- EPIC Pharmacy Network, Inc.
- Health Mart Atlas, LLC
- Wholesale Alliance, LLC

### IV. The Status of Discovery Motions

Plaintiffs filed on October 21, 2022 a Motion to Compel (ECF No. 339) the production of certain documents clawed back by Defendants based on a claim of privilege or protection. The Court denied the motion on January 4, 2023. (ECF No. 385).

As noted in Section 2(C) *supra*, Defendants filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022. (ECF No. 374). Plaintiffs'

response is due by January 20, 2023, and Defendants' reply is due by February 6, 2023. (ECF No. 385).

Defendants expect that they will file in the near term an additional motion to compel related to other issues on which the parties have reached an impasse within the coming days. Reserving all rights to file additional discovery motions as they become necessary, particularly with respect to the Additional Plaintiffs' and Prime's ongoing discovery productions, Defendants submit that this additional motion to compel will encompass all issues on which the parties have reached an impasse as of the date of the motion's filing.

**V.     Whether the Parties Have Engaged or Are Engaging in Settlement Discussions**

The parties have not engaged in settlement discussions.

**VI.    Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days**

Defendants request an in-person hearing on their Motion to Compel Plaintiffs' Document Discovery and Related Metrics, following Defendant's February 6, 2023 deadline to file a reply brief. Once Defendants file their forthcoming motion to compel the remaining issues with the Initial Plaintiffs' discovery responses, Defendants anticipate a need for a hearing to resolve such motion.

The parties do not otherwise anticipate the need for a hearing within the next 60 days.

Pursuant to the Court's May 25, 2022, Order (ECF No. 276), the parties shall continue to provide joint status reports at 30-day intervals. Subject to the Court's approval, the parties will file the next status report by February 17, 2023.

8

Dated: January 18, 2023

David L. Applegate (IL Bar# 3122573)
Brigid E. Kennedy (IL Bar # 6201446
**WILLIAMS & JOHN LTD.**
Suite 6800 Willis Tower233 S. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500
dla@willjohnlaw.com
bek@willjohnlaw.com

Respectfully submitted,

By: */s/ Kelly H. Hibbert*

Kent A. Gardiner (D.C. Bar No. 432081)*
Stephen J. McBrady (D.C. Bar No. 978847)*
Kelly H. Hibbert (D.C. Bar No. 1006010)*
Justin D. Kingsolver (N.D. Ill. Bar No. 6320926)
**CROWELL & MORING LLP**
1001 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
KGardiner@crowell.com
SMcBrady@crowell.com
KHibbert@crowell.com
JKingsolver@crowell.com

\* Admitted pro hac vice

*Attorneys for Initial Plaintiffs & Third-Party Defendant OmedaRx, Inc.*

By: */s/ Timothy R. Farrell*

Laura G. Hoey
Jeffrey J. Bushofsky
Timothy R. Farrell
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Laura.Hoey@ropesgray.com
Jeffrey.Bushofsky@ropesgray.com
Timothy.Farrell@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*

By: */s/ Robert B. Gilmore*

Robert B. Gilmore (admitted *pro hac vice*)
Michael A. Petrino (*pro hac vice* forthcoming)
Kevin J. Attridge (*pro hac vice* forthcoming)
Susie Kim (*pro hac vice* forthcoming)
Megan Benevento (*pro hac vice* forthcoming)
**STEIN MITCHELL BEATO & MISSNER LLP**
901 15th Street, N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 737-7777
Fax: (202) 296-8312
rgilmore@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com
skim@steinmitchell.com
mbenevento@steinmitchell.com

Samera Syeda Ludwig
**L&G LAW GROUP LLP**
175 West Jackson Blvd, Suite 950

9

        Chicago, Illinois 60604
        Tel: (312) 364-2500
        Fax: (312) 364-1003
        sludwig@lgcounsel.com

        *Attorneys for the Additional Plaintiffs*

        By: */s/ Robert J. Gilbertson*

| | |
|---|---|
| **Forsgren Fisher McCalmont DeMarea Tysver LLP** | **SALVATORE PRESCOTT PORTER & PORTER, PLLC** |
| Robert J. Gilbertson | Andrew C. Porter |
| Virginia R. McCalmont | Andrea L. Evans |
| 225 South Sixth Street, Suite 1500 | 1010 Davis Street |
| Minneapolis, MN 55402 | Evanston, IL 60201 |
| (612) 474-3300 | (312) 283-5711 |
| bgilbertson@forsgrenfisher.com | aporter@spplaw.com |
| vmccalmont@forsgrenfisher.com | evans@spplaw.com |
| | *Attorneys for Third-Party Defendant Prime Therapeutics LLC* |

10

## **CERTIFICATE OF SERVICE**

I, Charles D. Zagnoli, an attorney authorized to practice before this Court, hereby certify that the foregoing Join Status Report was electronically filed on January 18, 2023, and will be served electronically via the Court's ECF Notice system upon the registered parties and counsel of record.

        */s/ Charles D. Zagnoli*
        Charles D. Zagnoli
        **ROPES & GRAY LLP**
        191 N. Wacker Drive
        32nd Floor
        Chicago, IL 60606
        Telephone: (312) 845-1200
        Facsimile: (312) 845-5522
        Charles.Zagnoli@ropesgray.com

        *Attorney for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*