THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BCBSM, INC., *et al.*, | ) | |
| | ) | |
| *Plaintiffs/Counter-Defendants*, | ) | |
| v. | ) | |
| | ) | No. 20 C 1853 |
| WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC., | ) ) | |
| | ) | Judge Virginia M. Kendall |
| *Defendants/Counter-Plaintiffs.* | ) ) | |
| | ) | *Consolidated with:* |
| WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC., | ) ) | No. 20 C 1929 No. 20 C 3332 |
| | ) | No. 20 C 4940 |
| *Defendants/Third-Party Plaintiffs*, | ) ) | No. 20 C 4738 No. 22 C 1362 |
| v. | ) ) | |
| PRIME THERAPEUTICS LLC, | ) ) | |
| *Third-Party Defendant.* | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 23, 2022, this Court granted Defendant/Third-Party Plaintiffs Walgreen Co. and Walgreens Boots Alliance, Inc. ("Walgreens") leave to file a Third-Party Complaint ("TPC") against OmedaRx, Inc., f/k/a Regence Rx, Inc. ("Regence Rx"). (Dkt. 319). Six Plaintiffs in this consolidated action—together, the "Cambia Plaintiffs"[1]—moved to vacate that order, strike the third-party complaint, and set a briefing schedule on Walgreens' Motion for leave to file the TPC

---

[1] The "Cambia Plaintiffs" include Cambia Health Solutions, Inc.; Asuris Northwest Health; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Oregon; Regence BlueCross BlueShield of Utah; and Regence BlueShield of Washington. These plaintiffs are alleged to have all used Regence Rx as their pharmacy benefit manager (PBM) during the relevant time period in this case. (Dkt. 321 ¶ 1). Regence Rx (now OmedaRx) is alleged to be a wholly owned subsidiary of Cambia Health Solutions.

1

against Regence Rx. (Dkt. 323). For the following reasons, the Cambia Plaintiffs' Motion is denied. [323]

A defendant may implead a third party "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). When more than fourteen days have passed after answering the complaint, the defendant must seek the court's leave. *Id.* Under Rule 14, leave should be granted so long as jurisdictional and venue requirements are met, and the plaintiff is not unfairly prejudiced. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002). The Court also considers "the timeliness of the motions and whether the third-party complaint will introduce unrelated issues to the litigation or unduly complicate the original suit." *Cent. States, Se. & Sw. Areas Pension Fund v. Gopher News Co.*, 542 F. Supp. 2d 823, 826 (N.D. Ill. 2008) (citing *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993)). The policy behind Rule 14 is to promote judicial economy by deciding common factual or legal questions together in one action. *See Colton v. Swain*, 527 F.2d 296, 299 (7th Cir. 1975) ("The rule guarantees consistent results, saves the time and cost involved in the needless repetition of evidence at a subsequent trial, and prevents the defendant in the original action from being handicapped by the time which may elapse between a judgment against him and a judgment in his favor [against a third-party defendant].").

Walgreens sought leave of the Court under Rule 14 to file the TPC against Regence Rx on August 19, 2022, (dkt. 310), almost thirteen months after the Court's deadline for joinder of parties, July 26, 2021, (dkts. 129, 138). Walgreens must establish good cause under Rule 16(b) before addressing whether it has met Rule 14's liberal standard. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *cf. Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (discussing Rule 16 good-cause standard as first step in two-

step inquiry when pleading deadline in court's scheduling order has passed). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence" of the moving party. *Alioto*, 651 F.3d at 720. "The movant bears the burden to establish its diligence." *Kirk v. Clark Equipment Co.*, No. 17 CV 50144, 2018 WL 10601812, at *2 (N.D. Ill. Aug. 22, 2018) (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)).

The Court finds that Walgreens has established good cause for filing the TPC against Regence Rx because it has diligently pursued contribution claims against pharmacy benefit managers (PBM) throughout this action. The Cambia Plaintiffs' initial complaint, *Asuris Northwest Health et al. v. Walgreen Co. et al.*, No. 20-cv-4950 (N.D. Ill. Aug. 21, 2020), ECF No. 1, did not clearly identify Regence Rx as a PBM. Dkt. 1 ¶ 29. That complaint also quoted the Cambia Plaintiffs' contract with third-party PBM Catalyst Rx and its successors. *Id.* ¶ 39(d). The contract was cited as "Pharmacy Benefit Management Services Agreement between Catalyst Rx and Regence Rx, Inc." *Id.* n.27. Subsequent amended complaints filed in January 2021 and June 2021 omitted Regence Rx entirely. (*See* No. 20-cv-1853, dkts. 122, 145). Walgreens' explanation for its original understating of Regence Rx's role—that it was only an affiliate that contracted with one of the Cambia Plaintiffs' primary PBMs, Catalyst Rx, to service PBM agreements on behalf of the Cambia Plaintiffs—is credible considering this context. One allusion to a contract between Regence Rx and another PBM would not have put Walgreens on notice that Regence Rx was itself a direct PBM for the Cambia Plaintiffs.

Walgreens continued to pursue potential contribution claims against PBMs through discovery in 2021, when it asked the Cambia Plaintiffs to identify "each PBM with whom you

3

contracted at any point during the Time Period to process reimbursement claims submitted by Walgreens . . . ." (Dkt. 312-1 at 5). They responded on July 13, 2021:

> Cambia Plaintiffs further state that they contracted with Regence Rx, Inc. Cambia Plaintiffs further state that they contracted with Catalyst RX, effective March 19, 2012. This relationship was governed by the Pharmacy Benefits Management Services Agreement between Regence Rx, Inc. and Catalyst RX. Cambia Plaintiffs further state that they contracted with Prime Therapeutics, LLC, effective January 1, 2013. This relationship was governed by the Pharmacy Benefits Management Agreement between Cambia Health Solutions, Inc. and Prime Therapeutics LLC.

(*Id.*) The Cambia Plaintiffs point to this interrogatory answer as the very latest Walgreens could have reasonably known about Regence Rx. (Dkt. 335 at 4). This answer came two weeks before the deadline to join additional parties. But context again shows the relationship among the entities was still not clear. The answer does not dispel Walgreens' original understanding of Regence Rx's role as merely a go-between for the Cambia Plaintiffs and Catalyst RX, rather than their direct PBM. Walgreens diligently sought additional clarification in letters and meet-and-confers several times through then end of 2021. (Dkt. 312 ¶¶ 4–6).

The Cambia Plaintiffs provided an amended interrogatory response in late January 2022. (Dkt. 312-1 at 2). This response confirmed the Cambia Plaintiffs contracted with Regence Rx, Inc., directly as a PBM—omitting Catalyst RX—and identified governing contracts between the Cambia Plaintiffs and Regence Rx. (*Id.*) This disclosure prompted Walgreens' further inquiry about Regence Rx. (Dkt. 331 at 6). Walgreens requested these contracts in April and again in May 2022. (Dkt. 312 ¶¶ 8–9; dkt. 315-3). In a June meet-and-confer phone call, the parties continued discussing the relationship between the Cambia Plaintiffs and Regence Rx, and Walgreens renewed the request for the contracts that governed that relationship. (Dkt. 312 ¶ 10). Plaintiffs produced them on July 22, 2022. (*Id.* ¶ 11). Within a month of receiving them, Walgreens moved for leave to file the TPC against Regence Rx. (Dkt. 310).

The Cambia Plaintiffs point to Walgreens' ability to consult its own contracts with Regence Rx and verify its role as a traditional PBM. (Dkt. 335 at 4–5 (citing contracts between Regence Rx and Walgreen Co., executed between 2005 and 2009)). Maybe so. But the Court agrees with Walgreens here that they had little reason to scour their own files to understand how Regence Rx might contract with the Cambia Plaintiffs as a direct PBM when pleadings and interrogatories did not clearly show a direct PBM relationship. Moreover, the Court finds Walgreens acted diligently in requesting the contracts *between Regence Rx and the Cambia Plaintiffs* once it was clear such a relationship existed. Walgreens did not have access to those contracts before July 2022, which show how Regence Rx intermediated drug reimbursement claims for the Plaintiffs. Finally, Walgreens points to Regence Rx's name change at some point to OmedaRx and "the company's wholesale 'folding' into its parent's operations" as another factor that complicated the picture. (Dkt. 331 at 9). It is credible that Walgreens had difficulty determining whether Regence Rx or a successor remained a suable entity, particularly if, as claimed, Plaintiffs' counsel in mid-June could not clearly articulate its place in the corporate structure. (*Id.*)

In this context, the Court finds that Walgreens had good cause to move for leave to file the TPC even after more than a year had passed since the scheduling order cut off such filings. *See, e.g.*, *Kirk v. Clark Equipment Co.*, No. 17 CV 50144, 2018 WL 10601812, at *2 (N.D. Ill. Aug. 22, 2018) (finding good cause when recent depositions in discovery supported Defendant's third-party claim even if claim might have been asserted earlier); *cf. Harris v. Certco, Inc.*, No. 15 CV 50040, 2016 WL 6135806, at *2 (N.D. Ill. Oct. 21, 2016) (finding that defendants had not shown good cause when third-party claims were based on records disclosed early in discovery). Walgreens diligently pursued potential contribution claims against PBMs through discovery. When it became clear that Regence Rx was a direct PBM for the Cambia Plaintiffs, Walgreens

5

further investigated possible contribution claims by seeking the relevant contracts. The Court does not see the length of time this took as "pretext to delay this case," as Plaintiffs suggest. (Dkt. 335 at 7).

Having found good cause, the Court next finds that Rule 14's requirements are met here. The Cambia Plaintiffs do not contend that the TPC falls outside the action's venue or jurisdictional requirements. *See Marseilles Hydro Power, LLC*, 299 F.3d at 650. Nor have they argued that the TPC would cause them undue prejudice—their arguments focus on Walgreens' lack of good cause. (*See* dkts. 323, 335). They have thus waived any argument as to prejudice. The timeliness of the TPC was already addressed above, and the additional claims will likely not complicate the action or introduce unrelated issues. *See Central States, Se. and Sw. Areas Pension Fund*, 542 F. Supp. 2d at 826. The contribution claim against Regence Rx is similar to Walgreens' claim against Prime Therapeutics, LLC, which the Court granted leave to amend in April 2022. (Dkt. 253). Moreover, the policy behind the Rule 14 encourages judicial efficiency. *See Colton*, 527 F.2d at 299. Should Walgreens be held liable for any part of the Plaintiffs claims against it, Walgreens would then assert the same contribution claim against Regence Rx. It is more efficient to assert it now in this consolidated action.

For these reasons, the Cambia Plaintiffs' Motion to Vacate the Court's August 23, 2022 Order, (dkt. 319), and to Strike Defendants' Third-Party Complaint Against OmedaRx, Inc., is denied. [323] OmedaRx, Inc., f/k/a Regence Rx, Inc., is ordered either to answer Walgreens' Complaint or otherwise plead within thirty (30) days from entry of this Order.

Virginia M. Kendall
United States District Judge

Date: January 23, 2023