From: Zagnoli, Charles <Charles.Zagnoli@ropesgray.com>
Sent: Tuesday, April 18, 2023 11:36 PM
To: Proposed_Order_Finnegan <Proposed_Order_Finnegan@ilnd.uscourts.gov>
Cc: KHibbert@crowell.com; Mpine@crowell.com; JKingsolver@crowell.com; bgilbertson_forsgrenfisher.com <bgilbertson@forsgrenfisher.com>; vmccalmont@forsgrenfisher.com; Bushofsky, Jeffrey J. <Jeffrey.Bushofsky@ropesgray.com>; Farrell, Timothy <Timothy.Farrell@ropesgray.com>
Subject: BCBSM v. Walgreen Co., No. 1:20-cv-1853 - Proposed Order re Special Master Appointment

CAUTION - EXTERNAL:

Hon. Judge Finnegan & Staff,

Pursuant to the Court's instructions, see Dkt. 437, I've attached the parties' proposed orders appointing a Special Master in the above-captioned case. The Plaintiffs' proposed order indicates the differences between the parties' drafts in tracked changes. The parties have been unable to resolve these differences through negotiation.

Walgreens' Position

Defendants submit the following explanation of their position on the open provisions:

In Paragraph 2, Plaintiffs wish to preserve the option of submitting documents in camera to the Special Master for the Special Master to rely on in issuing reports, orders, or recommendations. Defendants have serious concerns that the Initial Plaintiffs intend to submit such information without allowing Defendants any opportunity to review or respond to the information. Such a process would violate Defendants' due process and other rights if the information became a basis for the Special Master's reports, orders, or recommendations on the Motion's merits.

Defendants were willing to accept the Initial Plaintiffs' proposed language in Paragraph 2, if the Initial Plaintiffs would agree to add "privilege" before "disputes." Defendants proposed that qualifier because they believe the Special Master should have authority to resolve, or recommend a resolution of, any privilege disputes related to Defendants' Motion to Compel. During meet-and-confers predating the Motion, the Initial Plaintiffs refused to provide certain TAR metrics specifically requested by Defendants on privilege grounds. Defendants have sought the same metrics in their Motion, and Defendants disagree that the metrics are in fact privileged. Defendants understood the Court to refer the entire Motion to the Special Master, and Defendants thus believe the Special Master should have authority to recommend resolutions of privilege disputes related to the Motion. Defendants would agree to allow the Special Master to review documents in camera for that limited purpose.

Plaintiffs have indicated that they do not believe the Special Master should resolve privilege disputes, and Plaintiffs have refused to limit the in camera review authority to the context of resolving privilege disputes, as Defendants requested. The resulting language suggests that a party may submit any information to the Special Master to resolve any dispute, including the merits of the Motion itself. If the parties are not going to be submitting potentially privileged documents to the Special Master to resolve privilege disputes, according to the Initial Plaintiffs' position, then the parties would have no valid reason for submitting, for in camera inspection, documents on which the Special Master would then rely to issue her decisions.

With respect to the language in Paragraph 9, Defendants wish to be clear that the Special Master has the authority to recommend the award or reallocation of attorneys' fees and costs related to the Motion. Again, Defendants' Motion specifically requested that relief, and we understood the Court to intend that the Special Master would recommend a complete resolution of the Motion. Paragraph 7 permits the Special Master to recommend sanctions, but Defendants wish to avoid any ambiguity as to whether a cost-shifting award qualifies as a discovery sanction.

Initial Plaintiffs' Position

The Initial Plaintiffs' counsel drafted the following explanation of their position and asked that we include the explanation in the email to the Court:

"The Initial Plaintiffs submit the attached Proposed Order Appointing Maura Grossman as Special Master. The Parties disagree as to the language included in two of the provisions in the attached Proposed Order. First, with regard to paragraph 2, the Initial Plaintiffs believe the Special Master should have the ability to review privileged or protected documents in camera and to rely on those documents in making her recommendations to the Court.  This is standard practice, and there is no reasonable basis for forcing the Initial Plaintiffs to waive their privilege or work product claims, as envisioned by Defendants, in the event the Special Master relies on her in camera review to make certain determinations.

"Second, the Parties disagree with the language proposed by Defendants in paragraph 9 pertaining to the shifting of costs associated with Defendants' Motion to Compel (Dkt. 374).  Any such cost-shifting would necessarily be considered a sanction under Rule 37, and the Special Master's authority with regard to recommending sanctions is already set forth in the Proposed Order at paragraph 7.  Thus, inclusion of the cost-shifting provision at paragraph 9 is, at best, redundant, and at worst, confusing as to the Special Master's authority with regard to recommending sanctions."

Sincerely,

Charles D. Zagnoli

Attorney for Defendants Walgreen Co. and Walgreens Boots Alliance, Inc.

Charles D. Zagnoli
ROPES & GRAY LLP
T +1 312 845 1374 | M +1 484 437 6374
191 North Wacker Drive, 32nd Floor
Chicago, IL 60606
Charles.Zagnoli@ropesgray.com
www.ropesgray.com
This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BCBSM, INC., *et al.*, | Case No. 1:20-cv-01853 |
| *Plaintiffs*, | Honorable Virginia M. Kendall |
| | Honorable Sheila M. Finnegan |
| v. | |
| WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC., | Consolidated with: |
| | Case No. 1:20-cv-04738 |
| *Defendants*. | Case No. 1:20-cv-03332 |
| | Case No. 1:20-cv-01929 |
| | Case No. 1:20-cv-04940 |
| | Case No. 1:22-cv-01362 |

## ORDER APPOINTING SPECIAL MASTER

I HEREBY APPOINT, pursuant to Federal Rules of Civil Procedure 53(a)(1)(C), Maura R. Grossman to serve as Special Master in Case No. 1:20-cv-01853 until further order of this Court. The Court has received an affidavit from Dr. Grossman disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455. *See* Fed. R. Civ. P. 53(a)(2), (b)(3)(A). Consistent with Federal Rule of Civil Procedure 53(b)(1), all parties have had the opportunity to be heard on the appointment of Dr. Grossman. The Court has also considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expense or delay, as required by Federal Rule of Civil Procedure 53(a)(3). Finding that no grounds for disqualification of Dr. Grossman exist, for the reasons explained in open court, *see* Dkt. 434, 436, 437, and finding that these matters require specialized technical expertise and cannot be effectively and timely addressed by a district or magistrate judge in this district, the Court hereby appoints Dr. Grossman to serve as Special Master.

IT IS FURTHER ORDERED THAT:


DEFENDANTS' DRAFT 4.13.23

1. The Special Master is appointed to address and resolve all issues raised in Defendants'[1] Motion to Compel Plaintiffs' Document Discovery and Related Metrics [Dkt. 374], including asserted issues related to (A) the Initial Plaintiffs'[2] use of technology assisted review (TAR) and (B) the Initial Plaintiffs' collection and production of documents from additional custodians. The parties and the Special Master will meet and confer to formulate a process for the Special Master's work. The Special Master is directed to proceed with all reasonable diligence in the performance of her duties. Fed. R. Civ. P. 53(b)(2).

2. The Special Master may communicate *ex parte* with the Court for any reason. The Special Master may not communicate *ex parte* with the parties except with respect to scheduling matters. A party may not submit materials to the Special Master *ex parte* without the other party's written consent, or without (a) the disclosing party first submitting the materials to the Court *in camera*, (b) the parties having an opportunity to be heard by the Court as to the producing party's objections to sharing the information with the other party, and (c) the Court entering an order

---

[1] "Defendants" refers to Walgreen Co. and Walgreens Boots Alliance, Inc.

[2] "Initial Plaintiffs" refers to BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Asuris Northwest Health; Blue Cross and Blue Shield of Kansas City, Inc.; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Oregon; Regence BlueCross BlueShield of Utah; Regence BlueShield; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); Northeastern New York (f/k/a BlueShield of Northeastern New York); Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

DEFENDANTS' DRAFT 4.13.23

resolving the producing party's objection to producing the materials to the other party. Fed. R. Civ. P. 53(b)(2)(B).

3. The Special Master shall preserve, as a record of her activities, all written submissions received from the parties, all written submissions sent to the parties or the Court, any transcripts of hearings before the Special Master, and any evidence considered in making or recommending findings of fact. Fed. R. Civ. P. 53(b)(2)(C). Upon request of the Court or of any party, the Special Master shall file these records with the Clerk of the Court. The Special Master shall file any report, order, or recommendation to the Court and promptly serve a copy on each party. Fed. R. Civ. P. 53(d), (e). Docketing an order, report, or recommendation via the CM/ECF system shall constitute proper service of process on all parties.

4. The Initial Plaintiffs or Defendants may file an objection to—or a motion to adopt or modify—the Special Master's order, report, or recommendations no later than twenty-one (21) days after a copy of such order, report, or recommendations is served. Fed. R. Civ. P. 53(f)(2). The party filing an objection or motion must also file the relevant record if not filed by the Special Master with her order, report, or recommendations. Unless a different schedule is set by the Court, the responding party must file any written response within fourteen (14) days after the objection or motion is filed.

5. Legal conclusions made by the Special Master will be reviewed by the Court *de novo*. Fed. R. Civ. P. 53(f)(4). Findings of fact made by the Special Master will be reviewed by the Court *de novo*. Fed. R. Civ. P. 53(f)(3). Rulings on procedural matters made by the Special Master will be reviewed by the Court for abuse of discretion. Fed. R. Civ. P. 53(f)(5). Any order, report, or recommendation of the Special Master, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter.

DEFENDANTS' DRAFT 4.13.23

6. The Special Master shall be bound by the terms of the Amended Agreed Confidentiality Order [Dkt. 365]. In particular, and without limiting the foregoing, the Special Master must comply with the Amended Agreed Confidentiality Order with respect to the maintenance, transmission, service, and filing of Confidential or Highly Confidential Information (as defined by the Amended Agreed Confidentiality Order) received by the Special Master or reflected in any order, report, or recommendation of the Special Master.

7. The Special Master is granted the full rights, powers, and duties afforded by Federal Rule of Civil Procedure 53(c) and may adopt such procedures as are not inconsistent with that Rule, or with this Order or other Orders of the Court. The Special Master may recommend that the Court impose against a party any noncontempt sanction provided by Federal Rule of Civil Procedure 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty. Fed. R. Civ. P. 53(c)(2). The Court will decide *de novo* all objections to any such recommendations.

8. Disclosure of privileged or protected information connected with the litigation to the Special Master shall not constitute a waiver of any privilege or immunity or of a right to seek protection in this case, and such disclosure also does not constitute a waiver in any other federal or state proceeding; accordingly, a claim of privilege or protection may not be raised as a basis to resist such a disclosure ordered by the Special Master.

9. The Special Master's compensation, including reasonable costs or expenses incurred, shall be borne equally, with 50% paid by the Initial Plaintiffs and 50% paid by Defendants. Fed. R. Civ. P. 53(g). If the Special Master finds that she needs the assistance of a secretary, paralegal, or similar adjunct, the expense of such adjunct will be billed by the Special Master at cost. The Special Master shall submit a monthly invoice to both parties, with a copy to

the Court. Objections to the Special Master's invoices must be raised promptly, first to the Special Master. If the parties and Special Master find they cannot resolve the objection, the Court will resolve the objection. If there are no objections, the parties shall pay the Special Master's invoice within 60 days of receipt. The Special Master shall be compensated at a rate of $875.00 per hour. For cause or when fairness dictates, the Special Master may recommend that the Court shift or reallocate between the parties the costs of and expenses related to (a) her services or (b) Defendants' Motion to Compel Plaintiffs' Document Discovery and Related Metrics [Dkt. 374]. Fed. R. Civ. P. 53(g)(3).

10. This Order may be amended after notice to the parties and an opportunity to be heard. Fed. R. Civ. P. 53(b)(4).

**IT IS SO ORDERED.**

Dated: _____ _____
Magistrate Judge Sheila Finnegan

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC., <br><br> *Defendants*. | Case No. 1:20-cv-01853 <br><br> Honorable Virginia M. Kendall <br> Honorable Sheila M. Finnegan <br><br> Consolidated with: <br><br> Case No. 1:20-cv-04738 <br> Case No. 1:20-cv-03332 <br> Case No. 1:20-cv-01929 <br> Case No. 1:20-cv-04940 <br> Case No. 1:22-cv-01362 |

## ORDER APPOINTING SPECIAL MASTER

I HEREBY APPOINT, pursuant to Federal Rules of Civil Procedure 53(a)(1)(C), Maura R. Grossman to serve as Special Master in Case No. 1:20-cv-01853 until further order of this Court. The Court has received an affidavit from Dr. Grossman disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455. *See* Fed. R. Civ. P. 53(a)(2), (b)(3)(A). Consistent with Federal Rule of Civil Procedure 53(b)(1), all parties have had the opportunity to be heard on the appointment of Dr. Grossman. The Court has also considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expense or delay, as required by Federal Rule of Civil Procedure 53(a)(3). Finding that no grounds for disqualification of Dr. Grossman exist, for the reasons explained in open court, *see* Dkt. 434, 436, 437, and finding that these matters require specialized technical expertise and cannot be effectively and timely addressed by a district or magistrate judge in this district, the Court hereby appoints Dr. Grossman to serve as Special Master.

IT IS FURTHER ORDERED THAT:

DEFENDANTS' DRAFT 4.13.23

1. The Special Master is appointed to address and resolve all issues raised in Defendants'[1] Motion to Compel Plaintiffs' Document Discovery and Related Metrics [Dkt. 374], including asserted issues related to (A) the Initial Plaintiffs'[2] use of technology assisted review (TAR) and (B) the Initial Plaintiffs' collection and production of documents from additional custodians. The parties and the Special Master will meet and confer to formulate a process for the Special Master's work. The Special Master is directed to proceed with all reasonable diligence in the performance of her duties. Fed. R. Civ. P. 53(b)(2).

2. The Special Master may communicate *ex parte* with the Court for any reason. The Special Master may not communicate *ex parte* with the parties except with respect to scheduling matters. The restriction on *ex parte* communications does not prohibit the submission of documents to the Special Master *in camera* for resolution of disputes. Fed. R. Civ. P. 53(b)(2)(B).

3. The Special Master shall preserve, as a record of her activities, all written submissions received from the parties, all written submissions sent to the parties or the Court, any

---

[1] "Defendants" refers to Walgreen Co. and Walgreens Boots Alliance, Inc.

[2] "Initial Plaintiffs" refers to BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Asuris Northwest Health; Blue Cross and Blue Shield of Kansas City, Inc.; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Oregon; Regence BlueCross BlueShield of Utah; Regence BlueShield; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); Northeastern New York (f/k/a BlueShield of Northeastern New York); Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

transcripts of hearings before the Special Master, and any evidence considered in making or recommending findings of fact. Fed. R. Civ. P. 53(b)(2)(C). Upon request of the Court or of any party, the Special Master shall file these records with the Clerk of the Court. The Special Master shall file any report, order, or recommendation to the Court and promptly serve a copy on each party. Fed. R. Civ. P. 53(d), (e). Docketing an order, report, or recommendation via the CM/ECF system shall constitute proper service of process on all parties.

4. The Initial Plaintiffs or Defendants may file an objection to—or a motion to adopt or modify—the Special Master's order, report, or recommendations no later than twenty-one (21) days after a copy of such order, report, or recommendations is served. Fed. R. Civ. P. 53(f)(2). The party filing an objection or motion must also file the relevant record if not filed by the Special Master with her order, report, or recommendations. Unless a different schedule is set by the Court, the responding party must file any written response within fourteen (14) days after the objection or motion is filed.

5. Legal conclusions made by the Special Master will be reviewed by the Court *de novo*. Fed. R. Civ. P. 53(f)(4). Findings of fact made by the Special Master will be reviewed by the Court *de novo*. Fed. R. Civ. P. 53(f)(3)(A). Rulings on procedural matters made by the Special Master will be reviewed by the Court for abuse of discretion. Fed. R. Civ. P. 53(f)(5). Any order, report, or recommendation of the Special Master, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter.

6. The Special Master shall be bound by the terms of the Amended Agreed Confidentiality Order [Dkt. 365]. In particular, and without limiting the foregoing, the Special Master must comply with the Amended Agreed Confidentiality Order with respect to the maintenance, transmission, service, and filing of Confidential or Highly Confidential Information

DEFENDANTS' DRAFT 4.13.23

(as defined by the Amended Agreed Confidentiality Order) received by the Special Master or reflected in any order, report, or recommendation of the Special Master.

7. The Special Master is granted the full rights, powers, and duties afforded by Federal Rule of Civil Procedure 53(c) and may adopt such procedures as are not inconsistent with that Rule, or with this Order or other Orders of the Court. The Special Master may recommend that the Court impose against a party any noncontempt sanction provided by Federal Rule of Civil Procedure 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty. Fed. R. Civ. P. 53(c)(2). The Court will decide *de novo* all objections to any such recommendations.

8. Disclosure of privileged or protected information connected with the litigation to the Special Master shall not constitute a waiver of any privilege or immunity or of a right to seek protection in this case, and such disclosure also does not constitute a waiver in any other federal or state proceeding; accordingly, a claim of privilege or protection may not be raised as a basis to resist such a disclosure ordered by the Special Master.

9. The Special Master's compensation, including reasonable costs or expenses incurred, shall be borne equally, with 50% paid by the Initial Plaintiffs and 50% paid by Defendants. Fed. R. Civ. P. 53(g). If the Special Master finds that she needs the assistance of a secretary, paralegal, or similar adjunct, the expense of such adjunct will be billed by the Special Master at cost. The Special Master shall submit a monthly invoice to both parties, with a copy to the Court. Objections to the Special Master's invoices must be raised promptly, first to the Special Master. If the parties and Special Master find they cannot resolve the objection, the Court will resolve the objection. If there are no objections, the parties shall pay the Special Master's invoice within 60 days of receipt. The Special Master shall be compensated at a rate of $875.00 per hour.

DEFENDANTS' DRAFT 4.13.23

For cause or when fairness dictates, the Special Master may recommend that the Court shift or reallocate between the parties the costs of and expenses related to her services. Fed. R. Civ. P. 53(g)(3).

10. This Order may be amended after notice to the parties and an opportunity to be heard. Fed. R. Civ. P. 53(b)(4).

**IT IS SO ORDERED.**

Dated: _____  _____
                                              Magistrate Judge Sheila Finnegan