**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BCBSM, INC., *et al.*,<br><br>  *Plaintiffs*,<br><br>v.<br><br>WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>  *Defendants*. | Case No. 1:20-cv-01853<br><br>Honorable Virginia M. Kendall<br>Honorable Sheila M. Finnegan<br><br>Related Cases:<br>Case No. 1:20-cv-04738<br>Case No. 1:20-cv-03332<br>Case No. 1:20-cv-01929<br>Case No. 1:20-cv-04940<br>Case No. 1:22-cv-01362 |
| WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>  *Third-Party Plaintiffs*,<br><br>v.<br><br>PRIME THERAPEUTICS LLC & OMEDARX, INC.,<br><br>  *Third-Party Defendants*. | |

**JOINT STATUS REPORT**

Pursuant to the Court's June 13, 2023, Order (ECF No. 458), the Initial Plaintiffs,[1] the Additional Plaintiffs,[2] Defendant / Third-Party Plaintiff Walgreen Co. ("Walgreens") and Defendant Walgreens Boots Alliance, Inc. (together with Walgreens, "Defendants"), and Third-Party Defendants Prime Therapeutics LLC ("Prime") and OmedaRx, Inc. f/k/a Regence Rx, Inc. ("OmedaRx"), through their respective counsel, respectfully submit the following Joint Status Report.

## I. The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion

### A. Deadline for the Close of Fact Discovery

By order dated March 30, 2023 (ECF No. 436), the parties are to substantially complete document production by two (2) months after the resolution of Walgreens' pending motion to

---

[1] BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Asuris Northwest Health; Blue Cross and Blue Shield of Kansas City, Inc.; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Oregon; Regence BlueCross BlueShield of Utah; Regence BlueShield; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); Northeastern New York (f/k/a BlueShield of Northeastern New York); Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

[2] CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc.

1

compel (ECF No. 374),[3] and fact discovery (including oral discovery) is to be completed three (3) months following that substantial completion deadline.

### B. Referral to Magistrate Judge

On April 11, 2022, the Court referred this case to Magistrate Judge Sheila Finnegan for general discovery supervision. (ECF No. 252.)

### C. Expert Discovery

By order dated March 30, 2023 (ECF No. 436), expert discovery is currently governed by the following deadlines:

- Opening expert reports are due five (5) weeks following the end of fact discovery;
- Rebuttal expert reports are due eight (8) weeks following opening expert reports;
- Expert discovery closes seven (7) weeks following rebuttal expert reports.

### D. Proposed Pre-Trial Scheduling Order and Dispositive Motions

By order dated March 30, 2023 (ECF No. 436), the parties are to submit a proposed pre-trial scheduling order, including deadlines for dispositive and pre-trial motions, one (1) week following the close of expert discovery.

On December 9, 2022, Third-Party Defendant OmedaRx filed a motion to dismiss the third-party complaint (ECF No. 370) that the Court granted Walgreens leave to file on August 23, 2022

---

[3] The currently operative scheduling order sets the substantial completion deadline at two months after resolution of the last of two motions to compel that were pending when the scheduling order was entered. The Court granted the second of those two motions (ECF No. 407) on May 31, 2023 (*see* ECF No. 453). The other motion remains pending before the Special Master appointed by the Court. (ECF No. 450.)

2

(ECF No. 319). On May 23, 2023, the Court denied OmedaRx's motion to dismiss. (ECF No. 452). On June 13, 2023, OmedaRx filed its Answer to the third-party complaint. (ECF No. 459).

## II. The Progress of Discovery

### A. Document Production and Written Interrogatories

As reported in previous Joint Status Reports, the parties are currently engaged in written discovery and continue to produce documents and respond to written discovery requests, including a new round of requests for production, interrogatories, and requests to admit served on Walgreens by the Initial Plaintiffs on May 24, 2023. The parties have continued to engage regarding ongoing discovery obligations and have exchanged letters over the course of the past several months and weeks outlining concerns and expectations in this regard. There remain open disputes regarding the scope of certain written discovery. Most significantly, Walgreens filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022, regarding material gaps in the Initial Plaintiffs' document productions. (ECF No. 374). On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master, pursuant to Federal Rule of Civil Procedure 53, to assist the Court in resolving this motion. (ECF No. 450). The parties expect Dr. Grossman to file her initial order, dictating the protocol by which Dr. Grossman will diagnose any issues underlying the Initial Plaintiffs' document collection, search, and review.

As reported in prior Joint Status Reports, the Additional Plaintiffs and Defendants have each served written discovery requests. Defendants have provided the Additional Plaintiffs with the written and document discovery produced by Defendants before the Additional Plaintiffs joined the case and served written responses and objections to the Additional Plaintiffs' document requests. The Additional Plaintiffs served Defendants written responses to Defendants' discovery requests on January 17, 2023. The parties have met, conferred, and agreed on the general scope

of those written responses and negotiated the Additional Plaintiffs' search parameters for their custodial email review.

Prime has responded to the written discovery requests that Walgreens served starting on November 5, 2021, and Prime has produced certain documents, including documents that it previously produced in other U&C pricing litigation. Prime continues to review documents for potential production in response to Defendants' requests.

Counsel to OmedaRx and the Initial Plaintiffs indicated to Defendants' counsel that OmedaRx would not respond to the discovery requests that Defendants served on OmedaRx on December 2, 2022, until the Court resolved OmedaRx's pending motion to dismiss. OmedaRx relied on the Court's prior instruction to not move forward with discovery during pending disputes over jurisdiction. (*See* November 18, 2022, Joint Status Report, ECF No. 357, at 4, *quoting* 7/16/20 Hrg. Tr. at 13:7-9, 14:16-18). On May 23, 2023, the Court denied OmedaRx's motion to dismiss. (ECF No. 452). OmedaRx served written responses and objections to the December 2022 discovery requests on June 23, 2023. OmedaRx has represented to Defendants that documents responsive to Walgreens' Requests for Production of Documents to OmedaRx have previously been produced by the Cambia Plaintiffs. Defendants are evaluating that assertion.

### B.  Depositions of the Parties and Their Former and Current Employees

Plaintiffs have taken depositions of one current and six former Walgreens employees. Additionally, Plaintiffs have indicated their intent to depose one additional Walgreens employee.

To date, Walgreens has neither taken, nor requested, the depositions of any Plaintiff or Prime witness. As explained further below, Walgreens intends to take depositions only after witnesses' documents have been produced to Walgreens.

4

The Initial Plaintiffs / Counter-Defendants and Defendants have exchanged initial drafts of topic lists for corporate representative depositions. Defendants have served objections to the Initial Plaintiffs' draft topic list. The Additional Plaintiffs and Defendants intend to exchange initial drafts of topic lists in the coming weeks.

Prime intends to take depositions of current or former Walgreens employees.

### III. Other Third-Party Discovery

The Initial Plaintiffs / Counter-Defendants have issued subpoenas to the following third-party entities:

- National Council of Prescription Drug Programs, Inc.
- Pharmaceutical Care Management Association
- Costco Wholesale Corporation
- The Kroger Co.
- Elixir Rx Solutions, LLC
- GoodRx Holdings, Inc.
- Klix, LLC d/b/a Easy Drug Card
- Towers Administrators LLC d/b/a SingleCare Administrators
- NeedyMeds, Inc.
- U.S. Pharmacy Card, LLC
- Discount Drug Network, LLC
- Texas Health and Human Services
- Oregon Health Authority
- Connecticut Department of Social Services

The Additional Plaintiffs have issued subpoenas to the following third-party entities:

5

- Caremark, LLC

- Express Scripts, Inc.

- OptumRx, Inc.

- Walmart, Inc.

- Target Corporation

- WAGDCO, LLC

- MedImpact Healthcare Systems, Inc.

- Envolve Pharmacy Solutions Pharmacy Solutions, Inc.

- Leehar Distributors, LLC

- Medical Security Card Company, LLC

Defendants / Counter-Plaintiff have issued subpoenas to the following third parties:

- Bretta Grinsteinner

- Blue Cross Blue Shield Association

- Caremark, LLC

- Express Scripts, Inc.

- MedImpact Healthcare Systems, Inc.

- OptumRx, Inc.

- Preferred Care Services, Inc.

- EPIC Pharmacy Network, Inc.

- Health Mart Atlas, LLC

- Wholesale Alliance, LLC

- Blue Cross and Blue Shield of Nebraska, Inc.

6

## IV. The Status of Discovery Motions

As noted above, Defendants filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022. (ECF No. 374). Plaintiffs filed their response in opposition on January 23, 2023. (ECF No. 400). Defendants filed their reply on February 9, 2023. (ECF No. 414). On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master to decide Walgreens' motion. The parties have met and exchanged several correspondence with Dr. Grossman regarding procedural and merits issues related to the motion to compel. The Special Master and the parties discussed potential resolutions of the motion during a phone call on June 13, 2023.

Additionally, Defendants filed a second Motion to Compel Plaintiffs' Discovery on January 23, 2023. (ECF No. 407). The Court granted Walgreens' motion in full on May 31, 2023, ordering the Initial Plaintiffs to promptly provide the applicable discovery responses. (ECF No. 453). The Initial Plaintiffs have communicated that they intend to serve the compelled discovery responses on or before July 28, 2023.

## V. Whether the Parties Have Engaged or Are Engaging in Settlement Discussions

The parties have not engaged in settlement discussions.

## VI. Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days

The parties do not anticipate the need for a hearing with the Court within the next 60 days.

Pursuant to the Court's May 25, 2022, Order (ECF No. 276), the parties shall continue to provide joint status reports at 30-day intervals. Subject to the Court's approval, the parties will file the next status report by August 11, 2023.

| | |
|---|---|
| Dated: July 12, 2023 | Respectfully submitted, |
| | By: */s/ Kelly H. Hibbert* |
| David L. Applegate (IL Bar# 3122573)<br>Brigid E. Kennedy (IL Bar # 6201446<br>**WILLIAMS BARBER & MOREL LTD.**<br>Suite 6800 Willis Tower<br>233 S. Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 443-3200<br>Facsimile: (312) 630-8500<br>dla@williamsbarbermorel.com<br>bek@williamsbarbermorel.com | Kent A. Gardiner (D.C. Bar No. 432081)*<br>Stephen J. McBrady (D.C. Bar No. 978847)*<br>Kelly H. Hibbert (D.C. Bar No. 1006010)*<br>Justin D. Kingsolver (N.D. Ill. Bar No. 6320926)<br>**CROWELL & MORING LLP**<br>1001 Pennsylvania Ave. NW<br>Washington, D.C. 20004<br>Telephone: (202) 624-2500<br>Facsimile: (202) 628-5116<br>KGardiner@crowell.com<br>SMcBrady@crowell.com<br>KHibbert@crowell.com<br>JKingsolver@crowell.com |
| | \* Admitted pro hac vice |
| | *Attorneys for Initial Plaintiffs & Third-Party Defendant OmedaRx, Inc.* |
| By: */s/ Jeffrey J. Bushofsky* | By: */s/ Robert B. Gilmore* |
| Laura G. Hoey<br>Jeffrey J. Bushofsky<br>Timothy R. Farrell<br>Charles D. Zagnoli<br>**ROPES & GRAY LLP**<br>191 N. Wacker Drive<br>32nd Floor<br>Chicago, IL 60606<br>Telephone: (312) 845-1200<br>Facsimile: (312) 845-5522<br>Laura.Hoey@ropesgray.com<br>Jeffrey.Bushofsky@ropesgray.com<br>Timothy.Farrell@ropesgray.com<br>Charles.Zagnoli@ropesgray.com<br><br>*Attorneys for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.* | Robert B. Gilmore (admitted *pro hac vice*)<br>Michael A. Petrino (*pro hac vice* forthcoming)<br>Kevin J. Attridge (*pro hac vice* forthcoming)<br>Susie Kim (*pro hac vice* forthcoming)<br>Megan Benevento (*pro hac vice* forthcoming)<br>**STEIN MITCHELL BEATO & MISSNER LLP**<br>901 15th Street, N.W., Suite 700<br>Washington, D.C. 20005<br>Tel: (202) 737-7777<br>Fax: (202) 296-8312<br>rgilmore@steinmitchell.com<br>mpetrino@steinmitchell.com<br>kattridge@steinmitchell.com<br>skim@steinmitchell.com<br>mbenevento@steinmitchell.com<br><br>Samera Syeda Ludwig<br>**L&G LAW GROUP LLP** |

8

        175 West Jackson Blvd, Suite 950
        Chicago, Illinois 60604
        Tel: (312) 364-2500
        Fax: (312) 364-1003
        sludwig@lgcounsel.com

*Attorneys for the Additional Plaintiffs*

By: */s/ Robert J. Gilbertson*

| | |
|---|---|
| **Forsgren Fisher McCalmont DeMarea Tysver LLP** | **SALVATORE PRESCOTT PORTER & PORTER, PLLC** |
| Robert J. Gilbertson | Andrew C. Porter |
| Caitlinrose H. Fisher | Andrea L. Evans |
| Virginia R. McCalmont | 1010 Davis Street |
| 225 South Sixth Street, Suite 1500 | Evanston, IL 60201 |
| Minneapolis, MN 55402 | (312) 283-5711 |
| (612) 474-3300 | aporter@sppplaw.com |
| bgilbertson@forsgrenfisher.com | evans@sppplaw.com |
| cfisher@forsgrenfisher.com | |
| vmccalmont@forsgrenfisher.com | *Attorneys for Third-Party Defendant Prime Therapeutics LLC* |

9

**CERTIFICATE OF SERVICE**

I, Charles D. Zagnoli, an attorney authorized to practice before this Court, hereby certify that the foregoing Join Status Report was electronically filed on July 12, 2023, and will be served electronically via the Court's ECF Notice system upon the registered parties and counsel of record.

                                                    */s/ Charles D. Zagnoli*
                                                    Charles D. Zagnoli
                                                    **ROPES & GRAY LLP**
                                                    191 N. Wacker Drive
                                                    32nd Floor
                                                    Chicago, IL 60606
                                                    Telephone: (312) 845-1200
                                                    Facsimile: (312) 845-5519
                                                    Charles.Zagnoli@ropesgray.com

                                                    *Attorney for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*