IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BCBSM, INC.,** *et al.*, | ) | Case No. 1:20-cv-01853 |
| | ) | |
| | ) | Honorable Virginia M. Kendall |
| *Plaintiffs / Counter-Defendants*, | ) | Honorable Sheila M. Finnegan |
| | ) | |
| v. | ) | *Consolidated with*: |
| | ) | No. 1:20-cv-01929 |
| **WALGREEN CO. & WALGREENS** | ) | No. 1:20-cv-03332 |
| **BOOTS ALLIANCE, INC.,** | ) | No. 1:20-cv-04738 |
| | ) | No. 1:20-cv-04940 |
| *Defendants / Counterclaimant.* | ) | No. 1:22-cv-01362 |
| | ) | |

| | |
|---|---|
| **WALGREEN CO. & WALGREENS** | ) |
| **BOOTS ALLIANCE, INC.,** | ) |
| | ) |
| *Third-Party Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) |
| **PRIME THERAPEUTICS LLC &** | ) |
| **OMEDARX, INC.,** | ) |
| | ) |
| *Third-Party Defendant.* | ) |

**DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Defendants Walgreen Co. and Walgreens Boots Alliance, Inc. (together, "Walgreens"), through their undersigned attorneys, respectfully request that this Court, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and the Court's Order Granting Defendants' Motion to Compel Plaintiffs' Discovery (ECF No. 453), award Walgreens its reasonable attorneys' fees and expenses incurred in connection with Walgreens' Motion to Compel Plaintiffs' Discovery (ECF No. 407). Walgreens further requests

1

that the Court award Walgreens further reasonable attorneys' fees and expenses incurred in connection with filing the instant motion for attorneys' fees and expenses.

In support of this motion, Walgreens relies on all pleadings and papers of record to date and states as follows:

1. On January 23, 2023, Walgreens moved to compel the twenty-eight original Blue Cross insurer plaintiffs[1] (the "Initial Plaintiffs") to answer certain of Walgreens' discovery requests that Plaintiffs had theretofore refused (the "Motion"). (ECF Nos. 407, 408.) Specifically, Walgreens sought an order requiring the Initial Plaintiffs to respond to (i) Interrogatory 26, which seeks basic information about the financial relationship between the Initial Plaintiff insurers and Prime Therapeutics LLC, a Blue Cross-owned pharmaceutical benefit manager and third-party defendant; (ii) Interrogatories 13, 14, and 16, which relate to the Initial Plaintiffs' common-interest and joint-defense agreements, litigation-financing or contingent attorneys' fee arrangements, insurance policies and indemnification agreements, and other, similar agreements, including any cooperative agreements among and between Prime and the Initial Plaintiffs or their respective counsel; (iii) Interrogatory 10 and Requests for Production 38 and 39, which relate to the basis for and documents supporting the exhibits that the Initial Plaintiffs attached to their complaint; and (iv) requests for admission that ask the Initial Plaintiffs to confirm the legal and factual basis for their consumer fraud claims.

2. On February 13, 2023, the Initial Plaintiffs filed their opposition to the Motion. (ECF Nos. 418, 419.)

---

[1] In March 2022, seven more Blue Cross insurers (the "*CareFirst* Plaintiffs") filed a nearly identical complaint against Walgreens. The *CareFirst* Plaintiffs' case was consolidated with the other Plaintiffs', *see* Dkt. 272, but discovery between Walgreens and the *CareFirst* Plaintiffs is in its early stages. *See, e.g.*, Dkt. 372, at 2–3. This Motion seeks relief only against the initial 28 Plaintiffs, reserving all rights as to the *CareFirst* Plaintiffs.

3. On February 27, 2023, Walgreens filed its reply in support of the Motion. (ECF Nos. 427–430.)

4. In its May 31, 2023 Order (the "Order"), the Court granted the Motion in its entirety, ordering all of the relief sought by Walgreens without exception. (ECF No. 453.) Specifically, the Court ordered the Initial Plaintiffs to (i) respond to Interrogatory No. 26; (ii) respond to Interrogatories Nos. 13, 14, and 16; (iii) respond to Interrogatory No. 10 and Requests for Production Nos. 38–39; and (iv) respond to Requests for Admission Nos. 148–160. *Id.*

5. In so holding, the Court rejected all of Initial Plaintiffs' conclusory and boilerplate objections based on generic claims of irrelevance and privilege. *See, e.g.*, Order at 4 ("No reasons were given for each such conclusory objection."), 9 ("Such conclusory objections carry no weight and could be stricken, but the objections Plaintiffs ultimately advanced in opposing this motion to compel are untenable in any event."), 10 ("Plaintiffs provide no basis for asserting that the information sought in Interrogatory No. 13 is privileged.").

6. Under Federal Rule of Civil Procedure 37(a)(5)(A), when the Court grants a motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless certain exceptions exist, which do not exist here. *See also Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (Rule 37 "presumptively requires every loser to make good the victor's costs.").

7. In satisfaction of Rule 37(a)(5)(A)(i), Walgreens filed its Motion after attempting in good faith to obtain the discovery requested without court action. *See* Motion at ¶¶ 4, 20, 24 (citing ECF No. 408, Declaration of Charles D. Zagnoli, Ex. 3–7).

8. And clearly triggering Rule 37(a)(5)(A)(ii)'s fee shifting mandate, the Initial Plaintiffs' opposition to the discovery requested in the Motion was not only *substantially* unjustified—Plaintiffs' resisted this clearly relevant discovery in most cases providing no justification *at all*. *See supra* ¶ 5. *See also* Order at 5 ("Even without these deficiencies, however, the Court would overrule these objections because the data sought appears to be relevant."), 11 ("Even if all Plaintiffs had responded, however, the Court agrees with Walgreens that the discovery sought here is not irrelevant, cumulative, or disproportionately burdensome."), 12 ("Plaintiffs present no argument, much less proof, that producing information about fee arrangements now is unduly burdensome or disproportionate."), 13 ("Providing sworn responses to that effect is appropriate and not burdensome"), 15 ("Plaintiffs' assertion of the consulting expert objection to Exhibit 2 is wholly conclusory . . . [and] is especially troubling since, as Walgreens rightly points out, the *consulting* expert claim here varies from Plaintiffs' written response to Interrogatory No. 10 asserting that the process used to create Exhibit 2 will be answered by 'the forthcoming expert report(s),' clearly a reference to a *testifying* expert."), 19 ("The Court rejects Plaintiffs' argument that the requests here seek legal conclusions. On their face, they do not. . . ."), 21 ("It is worth noting that Plaintiffs themselves signal that they *are* in fact asserting consumer fraud claims based on conduct short of intentional deceit by confirming that such claims are viable and stating that they have not been abandoned . . . . The requests for admission are a proper way to understand what Plaintiffs are alleging.").

9. No other circumstances exist that would make an award of fees and expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

10. Having no other choice but to move to compel this important discovery, Walgreens' counsel billed fees to Walgreens relating to the filing of the Motion, as well as the instant motion for attorneys' fees, in the amount of $103,184.40. *See* Declaration of Timothy R. Farrell, ¶¶ 3-4.

11. These fees are reasonable.[2] *See Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) ("When a prevailing party is entitled to 'a reasonable attorney's fee,' . . . the district court must make that assessment, at least initially, based on a calculation of the 'lodestar'—the hours reasonably expended multiplied by the reasonable hourly rate—and nothing else."); *see also Bos. Sci. Corp. v. Cook Grp. Inc.*, No. 117CV03448JRSMJD, 2022 WL 2210011, at *2 (S.D. Ind. June 21, 2022) (granting motion for attorneys' fees for time spent bringing motion for attorneys' fees); *Haywood v. Wexford Health Sources, Inc.*, No. 16 CV 3566, 2021 WL 2254968, at *14 (N.D. Ill. June 3, 2021) (attorneys' fees for time spent assessing produced documents for compliance with discovery requests is recoverable upon successful motion to compel). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). The Seventh Circuit "presume[s] that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate." *Id.*

WHEREFORE, Walgreens thus respectfully requests that the Court enter an order directing the Initial Plaintiffs and/or their counsel to pay Walgreens' costs and expenses,

---

[2] Indeed, the billing rates actually charged by Walgreens' counsel are lower than what undersigned counsel typically charges clients for work of this nature, further evidencing the reasonableness of the fees requested. *See* Declaration of Timothy R. Farrell, ¶ 5.

including attorneys' fees, incurred in connection with Walgreens' filing of the Motion in the amount of $103,184.40, plus any expenses and fees to be incurred through further briefing or argument on the instant motion.

Dated: September 8, 2023

Respectfully submitted,

By:    /s/ *Jeffrey J. Bushofsky*

Jeffrey J. Bushofsky
Laura G. Hoey
Timothy R. Farrell
Charles D. Zagnoli
ROPES & GRAY LLP
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Jeffrey.Bushofsky@ropesgray.com
Laura.Hoey@ropesgray.com
Timothy.Farrell@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendant / Counterclaimant / Third-Party Plaintiff Walgreen Co. & Defendant / Third-Party Plaintiff Walgreens Boots Alliance, Inc*

## CERTIFICATE OF SERVICE

      I, Charles D. Zagnoli, hereby certify that the foregoing document was electronically filed on September 8, 2023, and will be served electronically via the Court's ECF Notice system upon all registered counsel of record.

           /s/ *Charles D. Zagnoli*
Charles D. Zagnoli
ROPES & GRAY LLP
191 N. Wacker Dr.
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Charles.Zagnoli@ropesgray.com

*Attorney for Defendants / Counterclaimant / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance, Inc.*