IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., *et al.*, ) | |
| ) | |
| *Plaintiffs/Counter-Defendants*, ) | |
| v. ) | |
| ) | No.  20 C 1853 |
| WALGREEN CO. and WALGREENS BOOTS ) | |
| ALLIANCE, INC., ) | |
| ) | Judge Virginia M. Kendall |
| *Defendants/Counter-Plaintiffs.* ) | |
| ) | |
| ──────────────────────────── ) | *Consolidated with:* |
| ) | No.  20 C 1929 |
| WALGREEN CO. and WALGREENS BOOTS ) | No.  20 C 3332 |
| ALLIANCE, INC., ) | No.  20 C 4940 |
| ) | No.  20 C 4738 |
| *Defendants/Third-Party Plaintiffs*, ) | No.  22 C 1362 |
| ) | |
| v. ) | |
| ) | |
| PRIME THERAPEUTICS LLC, ) | |
| ) | |
| *Third-Party Defendant*. ) | |
| ) | |

## ORDER

Plaintiffs are health care plans offering comprehensive health care services and coverage, including prescription drug coverage, to their members across the United States. Defendants are Walgreen Co. and Walgreens Boots Alliance, Inc. (collectively, "Walgreens") who allegedly engaged in a fraudulent scheme to overcharge Plaintiffs for prescription drugs by submitting claims for payment at artificially inflated prices. Before the Court is Walgreens' Motion for Attorneys' Fees and Expenses, (Dkt. 470), brought pursuant to the Magistrate Judge's May 31, 2023 Order ("Order") granting Walgreens' Motion to Compel, (Dkt. 453). For the following

1

reasons, Walgreens' Motion for Attorneys' Fees and Expenses [470] is granted in part and Walgreens is awarded $68,316.80 in fees.

## BACKGROUND

The Court has detailed the factual background of Plaintiffs' main claims and Walgreens' counterclaim in previous opinions. *See* Dkt. 453; *BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 846–47 (N.D. Ill. 2021); *BCBSM, Inc. v. Walgreen Co.*, No. 20 C 1853, 2022 WL 393596, at *1–3 (N.D. Ill. Feb. 9, 2022). The Court will briefly summarize the relevant factual allegations and procedural history.

Plaintiffs are health care plans offering comprehensive health care services and coverage, including prescription drug coverage, to their insureds across the United States.[1] Walgreens send claims for reimbursement to Plaintiffs' pharmacy benefit managers, who then submit claims for payment to Plaintiffs when a Walgreens pharmacy dispenses a prescription to an insured. Plaintiffs allege that Walgreens engaged in a fraudulent scheme to inflate the prescription prices —thus owing them damages. (Dkt. 145; Dkt. 453 at 2).

Discovery in this case proceeds under the Honorable Magistrate Judge Sheila M. Finnegan. In January 2023, Walgreens moved to compel Plaintiffs to respond to certain document requests and interrogatories. (Dkt. 407). The Magistrate Judge addressed the raised discovery issues in depth. Specifically at issue were:

- Interrogatory 26, which sought information about the financial relationship between Plaintiffs and Prime Therapeutics LLC, in connection with Walgreens'

---

[1] Walgreens seeks relief against the 28 original Blue Cross insurer plaintiffs. In March 2022, seven more Blue Cross insurers joined this case as plaintiffs; Walgreens' Motion to Compel does not apply to the new plaintiffs. (*See* Dkt. 470 at 2 n.1).

third-party complaint against Prime Therapeutics for contribution. (Dkt. 453 at 2; Dkt. 407 at 2).

- Interrogatories 13, 14, and 16, which sought information about common interest agreements, litigation financing or funding, and insurance contracts or policies covering any part of Plaintiffs' costs in this case between or among Plaintiffs and third parties. (Dkt. 453 at 8).

- Interrogatory 10 and Requests for Production ("RFPs") 38 and 39, which sought information regarding the method, processes, and documents supporting or forming the basis for the Complaint's exhibits. (Dkt. 453 at 13).

- Requests for Admission ("RFAs") 148–160 related to Plaintiffs' Consumer Fraud Act claims against Walgreens. (Dkt. 453 at 17; Dkt. 408-8 at 6–10).

In May 2023, Magistrate Judge Finnegan granted Walgreens' Motion to Compel in its entirety and ordered Plaintiffs to respond. (Dkt. 453 at 8, 10, 13, 17, 21). Walgreens now move under Federal Rule of Civil Procedure 37(a)(5)(A) for Plaintiffs to pay Walgreens' reasonable attorneys' fees and expenses incurred in connection with filing its Motion to Compel, (Dkt. 407), and the Motion for Attorneys' Fees and Expenses, (Dkt. 472), in the amount of $103,184.40, plus any expenses and fees to be incurred through further briefing. Plaintiffs object.[2]

## DISCUSSION

### I. Substantial Justification under Rule 37(a)(5)(A)

Under Rule 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay

---

[2] Initially, Walgreens requested $102,746.00 (Dkt. 470 at 6), but later, changed it to $103,184.40, (Dkts. 472, 476).

3

the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Proc. 37(a)(5)(A); *see also, e.g.*, *Gevas v. Wexford Health Sources*, No. 20 C 50146, 2021 WL 5795308, at *8 (N.D. Ill. Dec. 7, 2021). The fee-shifting is automatic: if the motion to compel is granted a court *must* require the party to pay the movant's reasonable expenses and attorney's fees incurred in making the motion unless (1) the motion was filed before the parties attempted to resolve their discovery dispute without court intervention; (2) the opposing party's nondisclosure, responses, or objections were substantially justified; or (3) other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). The rule "presumptively requires every loser to make good the victor's costs," *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994), and the burden is on the defendants to prove that one of the Rule 37 exceptions applies, *see Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009).

There is no dispute that Walgreens filed their Motion to Compel following meet-and-confers with Plaintiffs. (Dkt. 453 at 4; Dkt. 475 at 6–7). Further, neither party raises, nor does the Court find, any circumstances making the award of expenses unjust. The issue lies with whether Plaintiffs were "substantially justified" in their nondisclosure, responses, or objection. Fed. R. Civ. Proc. 37(a)(5)(A)(ii). A party's resistance to discovery is substantially justified if there is a "genuine dispute," or if "reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court will not recite the entirety of Magistrate Judge Finnegan's Order evaluating the Motion to Compel. However, in the Court's view, the Magistrate Judge's findings speak to whether Plaintiffs bore their burden of displaying substantial justification in their position. In relevant part, the Magistrate Judge found:

a) as to Interrogatory 26, Plaintiffs provided a "conclusory objection" with "no reasons" such that they were "tantamount to not making any objection at all," and "ha[d] not even attempted to make [an undue burden] showing." (Dkt. 453 at 4, 7–8);

b) as to Interrogatory 13, Plaintiffs "conclusory objections carry no weight and could be stricken," but Plaintiffs objections were "untenable in any event." (*Id.* at 9);

c) as to Interrogatory 14, Plaintiffs "present no argument" that "producing information . . . is unduly burden or disproportionate," and make "no claim that their agreements contain legal advice." (*Id.* at 12);

d) as to Integratory 16, providing sworn responses to information that Plaintiffs believed was already required under the initial disclosure rules is appropriate and not burdensome. (*Id.* at 13);

e) as to Interrogatory 10 and RFPs 38 and 39, that 1) "assertion of the consulting expert objection . . . is wholly conclusory"; 2) was waived in any event, and 3) Plaintiffs failed to produce a privilege log or identify any specific documents that would be work product (*Id.* at 14–15); and

f) as to RFAs 148-160, that Plaintiffs, while arguing that the work product privilege applied, "never even explain[ed] why responding to this discovery would involve attorney work product, and none of Plaintiffs' cases is on point." (*Id.* at 19).

In sum, the Order's repeated findings of boilerplate, conclusory, and unsupported objections showed that Plaintiffs were not substantially justified under Rule 37(a)(5)(A)(ii). Nevertheless, Plaintiffs resist this conclusion. They argue that the Rule 37(a)(5)(A)(ii) exception applies because there was a "good faith effort" to resolve "genuine discovery disputes" and the Magistrate Judge did not find "bad faith" or a "disregard for clear, bright-line discovery rules." (*See* Dkt. 475 at 8, 14). They misstate the law: an objection or response to a discovery request is

substantially justified if there is a genuine dispute. Questions of good faith or bright-line discovery rules are irrelevant here. Plaintiffs' argument fails because they did not provide substantial justification in their initial objections, but instead, rested on generic, vague responses, characterized as "no reasons," "no argument," and "conclusory objections." The Court has previously granted fees where a party failed to provide "compelling reasons that the information is not discoverable, either by asserting a privilege or by explaining [how it] would impose an undue burden," just as the underlying Order found. *In re: Local TV Adver. Antitrust Litig.*, No. 18 C 6785, 2023 WL 5659926, at *2 (N.D. Ill. Aug. 31, 2023). Now, upon Walgreens' Motion for Attorneys' Fees, Plaintiffs seek to set forth more detailed arguments to display a genuine dispute.

A key purpose of awarding fees and expenses under Rule 37(a)(5) is to deter abuses of the discovery process, *see In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 330 (N.D. Ill. 2005) (citing 7 Moore's Federal Practice § 37.23[1], at 37–42); *Gevas*, 2021 WL 5795308, at *8, and to "promote voluntary discovery without the need for motion practice," *Ill. Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F.Supp.2d 951, 960 (N.D. Ill. 1999). Plaintiffs' responses violate the spirit of Rule 37 if Plaintiffs can rely on conclusory and boilerplate objections and still escape Rule 37's presumptive fee-shifting. The Court finds that Plaintiffs have not met their burden of proving they fit into one of Rule 37(a)(5)(A)'s exceptions and thus, applies the presumptive fee-shifting in favor of Walgreens.

## II. Reasonableness of Counsel's Rates and Hours

### a. Billing Rate

The district court enjoys "wide latitude" in establishing attorney fee awards. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). The Court must determine the reasonable hourly rate to be applied and the number of hours reasonably expended, and then multiply the two

figures—the "lodestar." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012); *Haywood v. Wexford Health Sources, Inc.*, No. 16 CV 3566, 2021 WL 2254968, at *10 (N.D. Ill. Jun. 3, 2021). There "is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award," though the Court may nevertheless adjust the fee based on factors not included in the computation. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011); *Pable v. Chicago Transit Auth.*, No. 19 CV 7868, 2023 WL 5955832, at *3 (N.D. Ill. Aug. 16, 2023).

In determining a reasonable rate, we "presume that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate." *Pickett*, 664 F.3d at 640. Defendants, as the fee applicant, bear the initial burden in producing enough evidence that their requested rates are in line with those prevailing in the community. *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). If the fee applicant satisfies this burden, the burden shifts to the other party to offer evidence that sets forth a "good reason why a lower rate is essential." *Id.*

In support of their rates' reasonableness, Defendants provided an affidavit from Ropes & Gray LLP attorney Timothy R. Farrell, counsel to Walgreens. The affidavit includes a breakdown of the billing rates and hours worked for eight associates, one paralegal, one counsel, and two partners and notes that the rates reflect an alternative fee arrangement whereby their client "receive[s] a substantial discount compared to [the firm's] standard billing rates" "below what is customarily charged by the firm in litigation of this type," and are "comparable to those of similarly situated law firm in the Chicago area." (Dkt. 470-1 at 3).

Plaintiffs argue that 1) Walgreens failed to submit any proof of actual billing rates in similar cases or in the district to support the request rate; and 2) that Walgreens has not submitted any proof that the fees were actually billed and paid by Walgreen. (Dkt. 475 at 18). While Walgreens does not provide a specific rate comparison, they are not required to do so. *See Little v. JB Pritzker*

7

*for Governor*, No. 1:18-cv-06954, ECF No. 241, at *2-3 (N.D. Ill. August 2, 2022). Moreover, Plaintiffs have not stated why a lower rate should apply. Considering that these attorneys are based in Chicago, which has generally high market rates, the Court finds Ropes & Gray's rates reasonable. Next, Walgreens do not need to show that they paid the attorneys' fees to recover those fees. And Walgreens did state that Ropes & Gray billed them for work on the Motions. (Dkt. 472 ¶10; Dkt. 476 at 7). Thus, the Court finds the hourly rates reasonable.

    b. **Number of Hours**

Having determined that the hourly rates are appropriate, the Court next assesses whether the time entries are reasonable, which can include looking at whether entries are "excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). A "reasonable" use of a lawyer's time "is a highly contextual and fact specific enterprise," and the court has "wide latitude" in awarding attorney's fees. *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) (internal quotation marks omitted); *see also Schmalz v. Vill. of N. Riverside*, No. 13 C 8012, 2018 WL 11198063, at *2 (N.D. Ill. Dec. 17, 2018).

Here, the Court finds no excessive or redundant entries. Plaintiffs' argument that eight associates is excessive is irrelevant—the team size has no bearing on whether the total number of hours expended is reasonable. But the Court does take issue with the $34,867.60 in attorneys' fees for work performed after the ruling on the Motion to Compel.

There is no binding precedent on this Court as to whether Rule 37 attorneys' fees include fees incurred after a motion to compel is granted. *Compare Rackemann v. LISNR, Inc.*, No. 17 CV 624, 2018 WL 3328140, at *6 (S.D. Ind. Jul. 6, 2018) (ordering costs and fees associated with the filing of the motion to compel, reply brief, and original brief in support of its request for fees),

8

with *Hubert v. Oswego Junction Ents. LLC*, No. 21 CV 3360, 2023 WL 2933052, at *2 (N.D. Ill. Apr. 13, 2023) (plaintiff not entitled to fees incurred "prod[ding] new defense counsel . . . to produce all the documents the Court ordered produced" because "time spent *after* the Court had ruled on Plaintiff's Motion does not justify an award of attorneys' fees or costs under Rule 37(a)(5)(A)") (emphasis in original) *and Pable v. Chicago Transit Auth.*, No. 19 CV 7868, 2023 WL 5955832, at *4 (N.D. Ill. Aug. 16, 2023) (denying fees and costs incurred after the motion to compel was granted where there were "numerous and serious deficiencies" in the fee petition).

The law is clear—the losing party must "pay the movant's reasonable *expenses incurred in making the motion*," Fed. R. Civ. Proc. 37(a)(5)(A), so that "the victor should be made whole," *Rickels*, 33 F.3d at 787. Therefore, the Court declines to find that Plaintiffs must pay Walgreens for the work performed after the Magistrate Judge's Order was entered on May 31, 2023. Walgreens' award of fees and costs will be reduced by $34,867.60.

## CONCLUSION

For the foregoing reasons, the Court grants in part Defendants' Motion for Attorney's Fees [470] in the amount of $68,316.80. The Court orders Plaintiffs and their counsel to pay $68,316.80 within 60 days of this Order.

                                                                         _____
                                                                         Virginia M. Kendall
                                                                         United States District Judge

Date: October 30, 2023

9