IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., et al.<br><br>    *Plaintiffs*,<br><br>v.<br><br>WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC.,<br><br>    *Defendants.* | Case No. 1:20-cv-01853<br><br>Honorable Virginia M. Kendall<br>Honorable Sheila M. Finnegan<br><br>Related Cases:<br>Case No. 1:20-cv-04738<br>Case No. 1:20-cv-03332<br>Case No. 1:20-cv-01929<br>Case No. 1:20-cv-04940<br>Case No. 1:22-cv-01362 |
| WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>    *Third-Party Plaintiffs*,<br><br>v.<br><br>PRIME THERAPEUTICS LLC & OMEDARX, INC.,<br><br>    *Third-Party Defendants*. | |

**DECLARATION OF JUSTIN D. KINGSOLVER
IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF CLAWED-BACK DOCUMENTS**

    I, Justin D. Kingsolver, hereby declare pursuant to 28 U.S.C. § 1746 that the following facts are true and accurate to the best of my knowledge and belief:

    1.    I am an attorney at Crowell & Moring LLP and counsel of record to Plaintiffs.[1] I am a member of the bar of the State of Illinois and of this Court.

---

[1] The Plaintiffs are BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa);

2. I submit this declaration in support of Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Production of Clawed-Back Documents, which Plaintiffs file herewith.

3. Prior to the deposition of Joe Kristie, I was not aware of the production of redacted versions of Kristie Exhibit 129. The questions I posed to Mr. Kristie regarding the exhibit were made based on a good faith determination that the material subsequently clawed back by Walgreens was not privileged.

4. The Memorandum of Law in Support of Plaintiffs' Motion to Compel Production of Clawed-Back Documents cited "Kingsolver Decl. ¶¶ 27-28." *See* ECF 482 at 14. That cite was intended to refer to the following two paragraphs omitted from the declaration filed in support of Plaintiffs' motion:

> 27. Based on my team's review of an October 3, 2023 export of data for files produced by Walgreens in this litigation, I have been advised that 13 contain "PSC options" in the filename and are slide decks, but have not been clawed back as of October 3, 2023. The Last Modified Date for these slide decks range from September 28, 2010 to January 22, 2016.
>
> 28. Based on my team's review of an October 3, 2023 export of data for files produced by Walgreens in this litigation, I have been advised that 99 contain "CPRx" and "Strategy" in the filename and are slide decks, but have not been

---

Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Asuris Northwest Health; Blue Cross and Blue Shield of Kansas City, Inc.; Cambia Health Solutions, Inc.; Regence BlueShield of Idaho, Inc.; Regence BlueCross BlueShield of Oregon; Regence BlueCross BlueShield of Utah; Regence BlueShield; HealthNow New York, Inc.; BlueCross BlueShield of Western New York, Inc. (f/k/a Blue Cross of Western New York); BlueShield of Northeastern New York; Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

- 3 -

clawed back as of October 3, 2023. The Last Modified Date for these slide decks range from April 23, 2014 to October 30, 2019.

5. I reviewed the LinkedIn profile for Daniel Fitzgerald, Senior Counsel at Walgreen Co. on November 15, 2023. *See* https://www.linkedin.com/in/dan-fitzgerald-36b0535/. The profile indicates that Mr. Fitzgerald is still employed at Walgreens.

6. I reviewed Walgreens' privilege log in the *Humana* action titled "Walgreens Third Amended Privilege Log – 11-11-20.XLSX." There, the "Privilege Description" for the PSC Options slide decks states that they were "prepared at the request of counsel" or "prepared at the direction of counsel." For example, "PSC options Aug2016 v.5.pptx" has this Privilege Description: "Draft PSC option spreadsheet, prepared at the request of counsel, attached to email thread between Inside Counsel H. Zimmerman, Inside Counsel D. Fitzgerald, Director - Healthcare Segment Development (Medicaid) A. Fox, VP, Market Access Analytics, Pharmacy Contracting & Pricing Operations M. Butterfield, and Divisional VP, Healthcare Market Development & Integration B. Slansky requesting legal advice re: PSC options." And, "20160805 PSC options Aug2016 v.5.3.pptx" has this Privilege Description: "Presentation shared by VP, Market Access Analytics, Pharmacy Contracting & Pricing Operations M. Butterfield with Divisional VP, Healthcare Market Development & Integration B. Slansky and N. Ahmed prepared at the direction of counsel regarding PSC compliance related to U&C."

7. I reviewed Walgreens' privilege log in the *Humana* action titled "Walgreens Third Amended Privilege Log – 11-11-20.XLSX." There, the only "Privilege Type" indicated for each of the PSC Options slide decks that Walgreens now seeks to claw back was "Attorney-Client."

8. I reviewed Walgreens' privilege log in the *Humana* action titled "Walgreens Third Amended Privilege Log – 11-11-20.XLSX." There, the Privilege Description of several emails and PSC Options decks refer to "proposed changes to PSC program" or use similar language.

9. I am aware that Megan Butterfield was a custodian in the *Humana* arbitration. Megan Butterfield is also a custodian in the above-captioned case.

10. Upon information and belief, the Walgreens' document collection for the *Humana* arbitration took place in or about 2017.

11. Plaintiffs' counsel engaged in a robust communication in accord with Local Rule 37.2. The parties had two video conferences, exchanged multiple letters, agreed to an extended briefing schedule, and resolved one issue related to the Kristie deposition exhibit.

12. The three documents that were introduced in *Russo* depositions are: (1) an email exchange introduced as Exhibit 121 in the Dec. 5, 2019 deposition of Megan Butterfield (*see* ECF 482-6), (2) an email exchange and attached "CPRx Strategy" slide deck bearing an April 23, 2015 date, introduced as Exhibit 100 in the Nov. 22, 2019 deposition of Blake Slansky (*see* ECF 482-10), and (3) a pair of CPRx Strategy slide decks bearing June 16, 2015 and April 30, 2015 dates, introduced as Exhibit 9 in the Oct. 5, 2018 deposition of Scott Schuler (*see* ECF 482-11). On information and belief, Walgreens' counsel did not invoke any clawback rights in regard to these documents within 14 days of their introduction at the depositions.

13. Attached hereto as **Exhibit 1** is a table prepared by counsel titled "Clawed Back Documents by Category and Prior Productions" indicating the prior use and production of the indicated documents. **[PUBLIC.]**

14. Attached hereto as **Exhibit 2** is a true and accurate copy of an excerpt of a document bearing a starting Bates number of WAG_BCBS00709627, the "Totals" tab of a spreadsheet titled

"March with GER and commercial (5).xlsx," with a creation date of August 25, 2016. **[FILED UNDER SEAL.]**

15. Attached hereto as **Exhibit 3** is a true and accurate copy of a document bearing a starting Bates number of WAG_BCBS00612238, slide deck titled "PSC update," dated August 9, 2016. **[FILED UNDER SEAL.]**

16. Attached hereto as **Exhibit 4** is a true and accurate copy of a document bearing a starting Bates number of WAG_BCBS01345465, a slide deck titled "Prescription Savings Club (PSC): Go Forward Recommendation," dated August 31, 2016. **[FILED UNDER SEAL.]**

17. Attached hereto as **Exhibit 5** is a true and accurate copy of a document bearing a starting Bates number of WAGBCBS00030161, an email thread starting with an email from Andrew Fox to Megan Butterfield with subject line "RE: PSC update," dated January 22, 2016. **[FILED UNDER SEAL.]**

18. Attached hereto as **Exhibit 6** is a true and accurate copy of a document with a starting Bates number of WAGBCBS00030164, a slide deck titled "Prescription Savings Club," dated January 2016. **[FILED UNDER SEAL.]**

19. Attached hereto as **Exhibit 7** is a true and accurate copy of a document bearing a starting Bates number of WAG_BCBS01609854, Exhibit 105 to the May 2023 deposition of Nabeel Ahmed, an email with subject line "FW: discount cards slides+ CPRx presentation" dated May 5, 2015, with attachment named "20150430_CRPx Strategy_All_Nabeel.pptx." **[FILED UNDER SEAL.]**

20. Attached hereto as **Exhibit 8** is a true and accurate copy of the Stipulation and Order Establishing the Protocol for the Production of Documents and Electronically Stored

Information ("ESI"), *Russo v. Walgreen Co.*, No. 1:17-cv-02246 (N.D. Ill. Mar. 9, 2018) (ECF 92). **[PUBLIC]**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed at 8:00 p.m. CST, this 15th day of November, 2023.

Dated: November 15, 2023

Respectfully submitted,

By: _____

Justin D. Kingsolver (Ill. Bar No. 6320926)
**Crowell & Moring LLP**
1001 Pennsylvania Ave. NW
Washington, D.C. 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
JKingsolver@crowell.com