# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., *et al.*,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>  *Defendants*. | Case No. 1:20-cv-01853<br><br>Honorable Virginia M. Kendall<br>Honorable Sheila M. Finnegan<br><br>Related Cases:<br>Case No. 1:20-cv-04738<br>Case No. 1:20-cv-03332<br>Case No. 1:20-cv-01929<br>Case No. 1:20-cv-04940<br>Case No. 1:22-cv-01362 |
| WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>  *Third-Party Plaintiffs*,<br><br>  v.<br><br>PRIME THERAPEUTICS LLC,<br><br>  *Third-Party Defendant*. | |

## JOINT STATUS REPORT

Pursuant to the Court's December 18, 2023, Order (ECF No. 502), the Additional Plaintiffs,[1] Defendants / Third-Party Plaintiffs Walgreen Co. and Walgreens Boots Alliance, Inc. (together, "Walgreens" or "Defendants"), and Third-Party Defendant Prime Therapeutics LLC ("Prime"), through their respective counsel, respectfully submit the following Joint Status Report. Counsel for Defendants, who initially drafts the parties' monthly joint status reports and files them upon receipt of approval from each party (including any revisions from the parties), has not been able to make contact with counsel to the Initial Plaintiffs with sufficient time to meet the January 12, 2024 filing deadline. Consequently, this filing is submitted only on behalf of the Additional Plaintiffs, Defendants, and Prime, but not the Initial Plaintiffs.

## I. The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion

### A. Deadline for the Close of Fact Discovery

By order dated March 30, 2023 (ECF No. 436), the parties are to substantially complete document production by two (2) months after the resolution of Walgreens' pending motion to compel (ECF No. 374),[2] and fact discovery (including oral discovery) is to be completed three (3) months following that substantial completion deadline.

---

[1] CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc.

[2] The currently operative scheduling order sets the substantial completion deadline at two months after resolution of the last of two motions to compel that were pending when the scheduling order was entered. The Court granted the second of those two motions (ECF No. 407) on May 31, 2023 (*see* ECF No. 453). The other motion remains pending before the Special Master appointed by the Court. (ECF No. 450).

### B. Referral to Magistrate Judge

On April 11, 2022, the Court referred this case to Magistrate Judge Sheila Finnegan for general discovery supervision. (ECF No. 252).

### C. Expert Discovery

By order dated March 30, 2023 (ECF No. 436), expert discovery is currently governed by the following deadlines:

- Opening expert reports are due five (5) weeks following the end of fact discovery;

- Rebuttal expert reports are due eight (8) weeks following opening expert reports;

- Expert discovery closes seven (7) weeks following rebuttal expert reports.

### D. Proposed Pre-Trial Scheduling Order and Dispositive Motions

By order dated March 30, 2023 (ECF No. 436), the parties are to submit a proposed pre-trial scheduling order, including deadlines for dispositive and pre-trial motions, one (1) week following the close of expert discovery.

## II. The Progress of Discovery

### A. Document Production and Written Interrogatories

As reported in previous Joint Status Reports, the parties are currently engaged in written discovery and continue to produce documents and respond to written discovery requests. The Initial Plaintiffs have produced 300,932 documents and 3,190,096 pages. Defendants have produced 249,771 documents and 1,744,801 pages.

The parties have continued to engage regarding ongoing discovery obligations and have exchanged letters over the course of the past several months and weeks outlining concerns and

expectations in this regard. There remain open disputes regarding the scope of certain written discovery. Most significantly, Walgreens filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022, regarding material gaps in the Initial Plaintiffs' document productions. (ECF No. 374). On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master, pursuant to Federal Rule of Civil Procedure 53, to assist the Court in resolving this motion. (ECF No. 450). The status of the Special Master process is summarized *infra*, § IV.

As reported in prior Joint Status Reports, the Additional Plaintiffs and Defendants have each served written discovery requests. Defendants have provided the Additional Plaintiffs with the written and document discovery produced by Defendants before the Additional Plaintiffs joined the case and served written responses and objections to the Additional Plaintiffs' document requests. The Additional Plaintiffs served Defendants written responses to Defendants' discovery requests on January 17, 2023. The parties have met, conferred, and agreed on the general scope of those written responses and negotiated the Additional Plaintiffs' search parameters for their custodial email review. To date, the Additional Plaintiffs have produced 3,882 documents and 45,747 pages. The Additional Plaintiffs continue to review documents for potential production in response to Defendants' requests.

Prime has responded to the written discovery requests that Walgreens served starting on November 5, 2021, and Prime has produced certain documents, including documents that it previously produced in other U&C pricing litigation. To date, Prime has produced 5,582 documents and 71,648 pages. Prime continues to review documents for potential production in response to Defendants' requests.

The parties continue to produce transactional claims data relevant to their claims and defenses. Walgreens has produced its agreed transactional claims data for retail prescription drugs purchased through a Prescription Savings Club membership, using a third-party discount card, or at the retail cash price. The Initial Plaintiffs have produced all but a small subset of their transactional claims data for retail prescription drug services for which reimbursement was paid to Walgreens. The Additional Plaintiffs and Walgreens are still in the process of producing transactional claims data for those retail prescription drugs purchased at Walgreens pharmacies by Initial Plaintiffs' and Additional Plaintiffs' members using their insurance plans. Pursuant to the protocol agreed upon by the parties, Walgreens will match the transactions reflected in Plaintiffs' claims data to the corresponding transaction reflected in Walgreens' own claims data. On August 3, 2023, Defendants' counsel wrote to Initial Plaintiffs' counsel requesting additional information needed for Walgreens to match Initial Plaintiffs' claims data, and separately wrote to Additional Plaintiffs' counsel to request an update on the timing of the timing of Additional Plaintiffs' production of their claims data. The Initial Plaintiffs responded on November 10, 2023. The Additional Plaintiffs responded on November 15, 2023, and Walgreens replied on November 21, 2023. The parties continue to discuss the remaining issues related to claims data productions.

### B. Depositions of the Parties and Their Former and Current Employees

Plaintiffs have taken depositions of one current and six former Walgreens employees. Additionally, Plaintiffs have indicated their intent to depose one additional Walgreens employee.

To date, Walgreens has neither taken, nor requested, the depositions of any Plaintiff or Prime witness. As explained further below, Walgreens intends to take depositions only after witnesses' documents have been produced to Walgreens.

The Initial Plaintiffs and Defendants have exchanged initial drafts of topic lists for corporate representative depositions. Defendants have served objections to the Initial Plaintiffs' draft topic list. On September 8, 2023, Defendants provided the Additional Plaintiffs with (a) Defendants' initial draft topics list for the Additional Plaintiffs' corporate representative depositions, and (b) the Initial Plaintiffs' preliminary draft topic list for Walgreens' corporate representative depositions and Walgreens' objections to those topics. The Additional Plaintiffs indicated on October 3, 2023, that they would review those materials.

Prime intends to take depositions of current or former Walgreens employees.

### III.    Other Third-Party Discovery

The Initial Plaintiffs have issued subpoenas to the following third-party entities:

- National Council of Prescription Drug Programs, Inc.
- Pharmaceutical Care Management Association
- Costco Wholesale Corporation
- The Kroger Co.
- Elixir Rx Solutions, LLC
- GoodRx Holdings, Inc.
- Klix, LLC d/b/a Easy Drug Card
- Towers Administrators LLC d/b/a SingleCare Administrators
- NeedyMeds, Inc.
- U.S. Pharmacy Card, LLC
- Discount Drug Network, LLC
- Texas Health and Human Services
- Oregon Health Authority

- Connecticut Department of Social Services

The Additional Plaintiffs have issued subpoenas to the following third-party entities:

- Caremark, LLC

- Express Scripts, Inc.

- OptumRx, Inc.

- Walmart, Inc.

- Target Corporation

- WAGDCO, LLC

- MedImpact Healthcare Systems, Inc.

- Envolve Pharmacy Solutions Pharmacy Solutions, Inc.

- Leehar Distributors, LLC

- Medical Security Card Company, LLC

Defendants have issued subpoenas to the following third parties:

- Bretta Grinsteinner

- Blue Cross Blue Shield Association

- Blue Cross and Blue Shield of Nebraska, Inc.

- Caremark, LLC

- DST Pharmacy Solutions, Inc. (f/k/a Argus Health Systems, Inc.)

- EPIC Pharmacy Network, Inc.

- Express Scripts, Inc.

- Health Mart Atlas, LLC

- MedImpact Healthcare Systems, Inc.

- OptumRx, Inc.

- Pharmaceutical Strategies Group, LLC

- Preferred Care Services, Inc.

- Rx Savings, LLC (d/b/a Rx Savings Solutions)

- Wholesale Alliance, LLC

## IV.    The Status of Discovery Motions

As noted above, Defendants filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022.  (ECF No. 374).  Plaintiffs filed their response in opposition on January 23, 2023.  (ECF No. 400).  Defendants filed their reply on February 9, 2023.  (ECF No. 414).  On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master to decide Walgreens' motion.  (ECF No. 450).  Dr. Grossman filed her initial Order on Preliminary Diagnostic Protocol ("PDP") to Assess the Adequacy of Initial Plaintiffs' Original and Supplemental Productions on July 21, 2023.  (ECF No. 465).  Initial Plaintiffs completed the PDP, and Dr. Grossman and the parties then met several times to discuss the PDP results and the proper next steps with respect to Walgreens' motion.

On January 5, 2024, Dr. Grossman filed the Special Master's Order on Remediation Protocol Pursuant to Her Order on Preliminary Diagnostic Protocol to Assess the Adequacy of Initial Plaintiffs' Original and Supplemental Productions, Both as Related to Defendants' Motion to Compel Document Production and Related Metrics (the "Special Master Remediation Order"). (ECF No. 507).  The Special Master Remediation Order observes that "the results of the PDP suggest that a substantial number of additional responsive documents likely remain within the documents collected for the [Initial Plaintiffs'] previous (agreed-upon) custodians" and that "the Parties have also agreed that Initial Plaintiffs will produce documents from [certain] additional custodians."  (*Id.* at 2).  Accordingly, the Special Master Remediation Order instructs the Initial

Plaintiffs to take certain steps directed by Dr. Grossman "to supplement their Original Production, as of August 22, 2022, their subsequent Supplemental Production, and the new production from the Additional Custodians" (the "Remediation Protocol"). (*Id.* at 3).

The Remediation Protocol is multi-step. In step one, Defendants shall review the 6,000 documents that comprised the PD sample (plus attachments and family members), as well as a sample of up to 300 documents per additional custodian (plus attachments and family members), minus any documents that hit on Special Master-approved privilege terms, and code each document for responsiveness to create a training set. Initial Plaintiffs' TAR model shall then be updated using Defendants' responsiveness coding. In step two, the top-ranked 100,000 unproduced documents that do not hit on privilege terms (plus attachments and family members) shall be made available to Defendants and Defendants shall code the documents for responsiveness. Again, Initial Plaintiffs' TAR model will be updated based on Defendants' responsiveness coding. In step three, the Initial Plaintiffs shall provide a report to the Special Master, and the Initial Plaintiffs, the Defendants, and the Special Master shall meet to discuss whether additional training sets are necessary. If additional training sets are necessary, the procedure from step two shall be repeated. Once it is determined that no further training and review are needed, the Initial Plaintiffs, the Defendants, and the Special Master shall jointly determine what final validation testing should be performed, which will constitute the Final Validation Protocol.

As provided in the Special Master Remediation Order, upon successful completion of the Remediation Protocol, the parties will jointly file with the Court a revised proposed scheduling order (or competing proposals if they cannot agree) within 14 days of when the Remediation Protocol is determined to have been successfully completed. (*Id.*). The Special Master

Remediation Order does not address collateral relief or sanctions, which Walgreens and Initial Plaintiffs intend to address in separate motions. The revised case management proposal(s) shall take into account the time needed by Walgreens to review all newly produced documents and include a schedule for the parties to brief any motion for collateral relief subsequent to the resolution of the Motion to Compel.

The Initial Plaintiffs filed a Motion to Compel Production of Clawed-Back Documents on October 11, 2023. (ECF No. 481). Defendants filed an Opposition to this Motion on November 1, 2023. (ECF No. 491). Initial Plaintiffs filed a Reply on November 15, 2023. On December 8, 2023, the Court ordered Walgreens to submit certain documents for *in camera* review. (ECF No. 500). Walgreens provided the requested documents to the Court on December 15 and 19, 2023. The motion remains pending.

Defendants have asserted certain deficiencies in Prime's discovery responses and the Additional Plaintiffs' interrogatory responses. Defendants anticipate the possibility of seeking relief from the Court, as appropriate.

The Additional Plaintiffs served amended responses to certain of Walgreens' interrogatories on December 21, 2023. The Additional Plaintiffs dispute that their responses to Walgreens' interrogatories are deficient, but are evaluating Walgreens' contentions and will continue to meet and confer with Walgreens in an attempt to resolve the parties' disagreements without the need for motions practice.

## V. Whether the Parties Have Engaged or Are Engaging in Settlement Discussions

Following certain settlement discussions, Walgreens; Plaintiffs Cambia Health Solutions, Inc., Regence BlueShield of Idaho, Inc., Regence BlueCross BlueShield of Oregon, Regence BlueCross BlueShield of Utah, Regence BlueShield, and Asuris Northwest Health (the "Cambia Plaintiffs"); and Third-Party Defendant OmedaRx, Inc. ("OmedaRx") filed on December 28, 2023

a joint motion for the dismissal with prejudice of certain claims, counterclaims, and third-party claims. (ECF No. 503). The motion sought the voluntary dismissal with prejudice of (a) the Cambia Plaintiffs' claims against Walgreens; (b) Walgreens' counterclaim against the Cambia Plaintiffs; and (c) Walgreens' third-party claims against OmedaRx. On January 2, 2024, the Court granted the motion and dismissed the above-listed claims with prejudice, with each party to pay its own costs arising from the dismissed claims. (ECF No. 506).

At the end of the prior calendar year, Walgreens, Crowell & Moring LLP ("Crowell"), and non-party insurer Humana Insurance Company (as well as these entities' respective affiliates) reached a settlement of various actions pending in Washington, D.C. federal and municipal court, including an action that sought relief from Crowell for its alleged breaches of its fiduciary duties to Walgreens. Pursuant to that settlement, on January 8, 2024, Walgreens filed in this action an unopposed motion (i) to voluntarily dismiss with prejudice Walgreens' Verified Counterclaim for Aiding & Abetting Breaches of Fiduciary Duties against the remaining Initial Plaintiffs; and (ii) for leave to amend Walgreens' affirmative defenses against the remining Initial Plaintiffs to excise Paragraphs 148–155, 166–173, and 184–189. (ECF No. 509).

## VI.    Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days

The Court has currently scheduled a status hearing with Judge Kendall for January 16, 2024, and a telephonic status hearing with Judge Finnegan for January 17, 2024. The parties do not anticipate the need for a further hearing with the Court within the next 60 days.

Pursuant to the Court's May 25, 2022, Order (ECF No. 276), the parties shall continue to provide joint status reports at 30-day intervals. Subject to the Court's approval, the parties will file the next status report by February 12, 2024.

Dated: January 12, 2024

Respectfully submitted,

By: */s/ Jeffrey J. Bushofsky*

Laura G. Hoey
Jeffrey J. Bushofsky
Timothy R. Farrell
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Laura.Hoey@ropesgray.com
Jeffrey.Bushofsky@ropesgray.com
Timothy.Farrell@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendants / Third-Party
Plaintiffs Walgreen Co. & Walgreens Boots
Alliance Inc.*

By: */s/ Robert B. Gilmore*

Robert B. Gilmore (admitted *pro hac vice*)
Michael A. Petrino (admitted *pro hac vice*)
Kevin J. Attridge (admitted *pro hac vice*)
Susie Kim (admitted *pro hac vice*)
Megan Benevento (admitted *pro hac vice*)
**STEIN MITCHELL BEATO & MISSNER
LLP**
901 15th Street, N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 737-7777
Fax: (202) 296-8312
rgilmore@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com
skim@steinmitchell.com
mbenevento@steinmitchell.com

Samera Syeda Ludwig
**L&G LAW GROUP LLP**
175 West Jackson Blvd, Suite 950
Chicago, Illinois 60604
Tel: (312) 364-2500
Fax: (312) 364-1003
sludwig@lgcounsel.com

*Attorneys for the Additional Plaintiffs*

By: */s/ Robert J. Gilbertson*

**SALVATORE PRESCOTT PORTER &
PORTER, PLLC**
Andrew C. Porter
Andrea L. Evans
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
aporter@sppplaw.com

**Forsgren Fisher McCalmont DeMarea
Tysver LLP**
Robert J. Gilbertson
Caitlinrose H. Fisher
Virginia R. McCalmont
225 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 474-3300

evans@sppplaw.com

bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com

*Attorneys for Third-Party Defendant Prime
Therapeutics LLC*

## CERTIFICATE OF SERVICE

I, Charles D. Zagnoli, an attorney authorized to practice before this Court, hereby certify that the foregoing Joint Status Report was electronically filed on January 12, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties and counsel of record.

/s/ Charles D. Zagnoli
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Charles.Zagnoli@ropesgray.com

*Attorney for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*