IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>    *Defendants*.<br><br>WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>    *Third-Party Plaintiffs*,<br><br>v.<br><br>PRIME THERAPEUTICS LLC,<br><br>    *Third-Party Defendant*. | Case No. 1:20-cv-01853<br><br>Honorable Virginia M. Kendall<br>Honorable Sheila M. Finnegan<br><br>Related Cases:<br>Case No. 1:20-cv-04738<br>Case No. 1:20-cv-03332<br>Case No. 1:20-cv-01929<br>Case No. 1:20-cv-04940<br>Case No. 1:22-cv-01362 |

**JOINT STATUS REPORT**

Pursuant to the Court's January 18, 2024, Order (ECF Nos. 515, 521), Initial Plaintiffs,[1] Additional Plaintiffs,[2] Defendants / Third-Party Plaintiffs Walgreen Co. and Walgreens Boots Alliance, Inc. (together, "Walgreens" or "Defendants"), and Third-Party Defendant Prime Therapeutics LLC ("Prime"), through their respective counsel, respectfully submit the following Joint Status Report regarding status on potential for mediation deadline.

**Initial Plaintiffs' Statement**

The Initial Plaintiffs, Walgreens, and Prime continue to meet and confer regarding potential mediation in this case. At this time, Walgreens refuses to commit to submit this case to a private mediator until Initial Plaintiffs submit an opening demand and Walgreens determines that "the negotiations have a reasonable chance of success." Initial Plaintiffs objected to this staggered approach; however, Initial Plaintiffs agreed to provide an opening demand to Walgreens in short order. Initial Plaintiffs suggested that the Parties confirm the availability of proposed mediators and party representatives in order to ensure that private mediation could take

---

[1] BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Blue Cross and Blue Shield of Kansas City, Inc.; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); Northeastern New York (f/k/a BlueShield of Northeastern New York); Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

[2] CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc.

place in the near future. Walgreens objected to this approach and refuses to agree to cooperate with Initial Plaintiffs in confirming availability for a potential mediation this year. Finally, Initial Plaintiffs proposed setting a mediation deadline of October 31, 2024, to encourage these continuing discussions. Walgreens refused this proposal and continues to refuse to set a deadline for mediation of this case altogether.

**Walgreens' Statement**

Walgreens is open to the possibility of submitting this case to a private mediator, but only if the negotiations have a reasonable chance of success. Walgreens does not wish to incur the considerable expense of preparing for a complex mediation without an opening demand from the plaintiffs, which will allow Walgreens to determine whether a compromise is realistic. Walgreens continues to wait for critical information from Initial Plaintiffs regarding their settlement position. Absent that information, Walgreens cannot and does not agree, at this time, to mediate the case or to set a deadline for any such mediation.

| | |
|---|---|
| Dated: April 12, 2024 | Respectfully submitted, |
| | By: */s/ Kelly H. Hibbert* |
| David L. Applegate (IL Bar# 3122573)<br>Brigid E. Kennedy (IL Bar # 6201446<br>**WILLIAMS BARBER & MOREL LTD.**<br>Suite 6800 Willis Tower<br>233 S. Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 443-3200<br>Facsimile: (312) 630-8500<br>dla@williamsbarbermorel.com<br>bek@williamsbarbermorel.com | Kent A. Gardiner (D.C. Bar No. 432081)*<br>Stephen J. McBrady (D.C. Bar No. 978847)*<br>Kelly H. Hibbert (D.C. Bar No. 1006010)*<br>Justin D. Kingsolver (N.D. Ill. Bar No. 6320926)<br>**CROWELL & MORING LLP**<br>1001 Pennsylvania Ave. NW<br>Washington, D.C. 20004<br>Telephone: (202) 624-2500<br>Facsimile: (202) 628-5116<br>KGardiner@crowell.com<br>SMcBrady@crowell.com<br>KHibbert@crowell.com<br>JKingsolver@crowell.com<br><br>* Admitted pro hac vice<br><br>*Attorneys for Initial Plaintiffs* |
| Samera Syeda Ludwig<br>**L&G LAW GROUP LLP**<br>175 West Jackson Blvd, Suite 950<br>Chicago, Illinois 60604<br>Tel: (312) 364-2500<br>Fax: (312) 364-1003<br>sludwig@lgcounsel.com | By: */s/ Robert B. Gilmore*<br><br>Robert B. Gilmore (admitted *pro hac vice*)<br>Michael A. Petrino (admitted *pro hac vice*)<br>Kevin J. Attridge (admitted *pro hac vice*)<br>Susie Kim (admitted *pro hac vice*)<br>Megan Benevento (admitted *pro hac vice*)<br>**STEIN MITCHELL BEATO & MISSNER LLP**<br>901 15th Street, N.W., Suite 700<br>Washington, D.C. 20005<br>Tel: (202) 737-7777<br>Fax: (202) 296-8312<br>rgilmore@steinmitchell.com<br>mpetrino@steinmitchell.com<br>kattridge@steinmitchell.com<br>skim@steinmitchell.com<br>mbenevento@steinmitchell.com<br><br>*Attorneys for Additional Plaintiffs* |

By: /s/ *Jeffrey J. Bushofsky*

Laura G. Hoey
Jeffrey J. Bushofsky
Timothy R. Farrell
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Laura.Hoey@ropesgray.com
Jeffrey.Bushofsky@ropesgray.com
Timothy.Farrell@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*

**SALVATORE PRESCOTT PORTER & PORTER, PLLC**
Andrew C. Porter
Andrea L. Evans
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
aporter@sppplaw.com
evans@sppplaw.com

**MORRISON & FOERSTER LLP**
Natalie A. Fleming Nolen
2100 L Street, NW, Suite 900
Washington, D.C. 20037
(202) 887-1551
nflemingnolen@mofo.com

By: /s/ *Robert J. Gilbertson*

**FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**
Robert J. Gilbertson
Caitlinrose H. Fisher
Virginia R. McCalmont
225 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 474-3300
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com

*Attorneys for Third-Party Defendant Prime Therapeutics LLC*

# CERTIFICATE OF SERVICE

I, Kelly H. Hibbert, an attorney authorized to practice before this Court, hereby certify that the foregoing Joint Status Report was electronically filed on April 12, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties and counsel of record.

By: */s/ Kelly H. Hibbert*

Kelly H. Hibbert (D.C. Bar No. 1006010)*
**CROWELL & MORING LLP**
1001 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
KHibbert@crowell.com

* Admitted pro hac vice

*Attorneys for Initial Plaintiffs*