**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BCBSM, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC., <br><br> *Defendants*. | Case No. 1:20-cv-01853 <br><br> Honorable Virginia M. Kendall <br> Honorable Sheila M. Finnegan <br><br> Related Cases: <br> Case No. 1:20-cv-04738 <br> Case No. 1:20-cv-03332 <br> Case No. 1:20-cv-01929 <br> Case No. 1:20-cv-04940 <br> Case No. 1:22-cv-01362 |
| WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC., <br><br> *Third-Party Plaintiffs*, <br><br> v. <br><br> PRIME THERAPEUTICS LLC, <br><br> *Third-Party Defendant*. | |

**JOINT STATUS REPORT**

Pursuant to the Court's June 24, 2024, Order (ECF No. 558), Initial Plaintiffs,[1] Additional Plaintiffs,[2] Defendants / Third-Party Plaintiffs Walgreen Co. and Walgreens Boots Alliance, Inc. (together, "Walgreens" or "Defendants"), and Third-Party Defendant Prime Therapeutics LLC ("Prime"), through their respective counsel, respectfully submit the following Joint Status Report.

## I. The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion

### A. Deadline for the Close of Fact Discovery

By order dated March 30, 2023 (ECF No. 436), the parties are to substantially complete document production by two (2) months after the resolution of Walgreens' pending motion to compel (ECF No. 374),[3] and fact discovery (including oral discovery) is to be completed three (3) months following that substantial completion deadline.

---

[1] BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Blue Cross and Blue Shield of Kansas City, Inc.; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); Northeastern New York (f/k/a BlueShield of Northeastern New York); Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

[2] CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc.

[3] The currently operative scheduling order sets the substantial completion deadline at two months after resolution of the last of two motions to compel that were pending when the scheduling order was entered. The Court granted the second of those two motions (ECF No. 407) on May 31, 2023 (*see* ECF No. 453). The other motion remains pending before the Special Master appointed by the Court. (ECF No. 450).

As explained *infra* § IV, the parties have been instructed to submit (jointly, if possible) a proposed revised discovery schedule following the completion of the Special Master remediation process described further below.

### B. Referral to Magistrate Judge

On April 11, 2022, the Court referred this case to Magistrate Judge Sheila Finnegan for general discovery supervision. (ECF No. 252).

### C. Expert Discovery

By order dated March 30, 2023 (ECF No. 436), expert discovery is currently governed by the following deadlines:

- Opening expert reports are due five (5) weeks following the end of fact discovery;
- Rebuttal expert reports are due eight (8) weeks following opening expert reports;
- Expert discovery closes seven (7) weeks following rebuttal expert reports.

### D. Proposed Pre-Trial Scheduling Order and Dispositive Motions

By order dated March 30, 2023 (ECF No. 436), the parties are to submit a proposed pre-trial scheduling order, including deadlines for dispositive and pre-trial motions, one (1) week following the close of expert discovery.

## II. The Progress of Discovery

### A. Document Production and Written Interrogatories

As reported in previous Joint Status Reports, the parties are currently engaged in written discovery and continue to produce documents and respond to written discovery requests. Initial Plaintiffs have produced 327,918 documents and 3,357,064 pages. Additional Plaintiffs have

produced 9,496 documents and 129,072 pages and continue to review documents for potential production in response to Defendants' requests. Prime has produced 12,395 documents and 189,845 pages and continues to review documents for potential production in response to Defendants' requests. Defendants have produced 255,558 documents and 1,772,063 pages. On February 9, 2024, Defendants declared their document productions substantially complete, with the exception of certain claims data discussed further below. Defendants have made and may continue to make small additional productions of targeted materials as they conclude their search for materials responsive to Plaintiffs' requests, but Defendants expect any such further production to include relatively few documents, if any.

The parties have continued to engage regarding ongoing discovery obligations and have exchanged letters over the course of the past several months and weeks outlining concerns and expectations in this regard. There remain open disputes regarding the scope of certain written discovery. Most significantly, Walgreens filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022, regarding material gaps in Initial Plaintiffs' document productions. (ECF No. 374). On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master, pursuant to Federal Rule of Civil Procedure 53, to assist the Court in resolving this motion. (ECF No. 450). The status of the Special Master process is summarized *infra*, § IV.

The parties continue to produce transactional claims data relevant to their claims and defenses. Walgreens has produced its agreed transactional claims data for retail prescription drugs purchased through a Prescription Savings Club membership, using a third-party discount card, or at the retail cash price. Initial Plaintiffs have produced all but a small subset of their transactional claims data for retail prescription drug services for which reimbursement was paid

to Walgreens. Additional Plaintiffs and Walgreens are still in the process of producing transactional claims data for those retail prescription drugs purchased at Walgreens pharmacies by Initial Plaintiffs' and Additional Plaintiffs' members using their insurance plans. Pursuant to the protocol agreed upon by the parties, Walgreens will match the transactions reflected in Plaintiffs' claims data to the corresponding transaction reflected in Walgreens' own claims data. Walgreens will be able to begin the matching process once it receives Additional Plaintiffs' claims data production. The parties continue to discuss the remaining issues related to claims data productions.

### B. Depositions of the Parties and Their Former and Current Employees

Plaintiffs have taken depositions of one current and six former Walgreens employees. Additionally, Plaintiffs have indicated their intent to depose one additional Walgreens employee.

To date, Walgreens has not taken the depositions of any Plaintiff or Prime witness. As explained further below, Walgreens intends to take depositions only after witnesses' documents have been produced to Walgreens. Walgreens has noticed the deposition of a former Prime employee and key fact witness, which is expected to take place in September 2024.

Initial Plaintiffs and Defendants have exchanged initial drafts of topic lists for corporate representative depositions. Defendants have served objections to Initial Plaintiffs' draft topic list. On September 8, 2023, Defendants provided Additional Plaintiffs with (a) Defendants' initial draft topics list for Additional Plaintiffs' corporate representative depositions, and (b) Initial Plaintiffs' preliminary draft topic list for Walgreens' corporate representative depositions and Walgreens' objections to those topics. Additional Plaintiffs indicated on October 3, 2023, that they would review those materials.

Prime intends to take depositions of current or former Walgreens employees.

**III.    Other Third-Party Discovery**

Initial Plaintiffs have issued subpoenas to the following third-party entities:

- National Council of Prescription Drug Programs, Inc.
- Pharmaceutical Care Management Association
- Costco Wholesale Corporation
- The Kroger Co.
- Elixir Rx Solutions, LLC
- GoodRx Holdings, Inc.
- Klix, LLC d/b/a Easy Drug Card
- Towers Administrators LLC d/b/a SingleCare Administrators
- NeedyMeds, Inc.
- U.S. Pharmacy Card, LLC
- Discount Drug Network, LLC
- Texas Health and Human Services
- Oregon Health Authority
- Connecticut Department of Social Services

Additional Plaintiffs have issued subpoenas to the following third-party entities:

- Caremark, LLC
- Express Scripts, Inc.
- OptumRx, Inc.
- Walmart, Inc.
- Target Corporation
- WAGDCO, LLC

- MedImpact Healthcare Systems, Inc.
- Envolve Pharmacy Solutions Pharmacy Solutions, Inc.
- Leehar Distributors, LLC
- Medical Security Card Company, LLC

Defendants have issued subpoenas to the following third parties:

- Bretta Grinsteinner
- Blue Cross Blue Shield Association
- Blue Cross and Blue Shield of Nebraska, Inc.
- Caremark, LLC
- DST Pharmacy Solutions, Inc. (f/k/a Argus Health Systems, Inc.)
- EPIC Pharmacy Network, Inc.
- Express Scripts, Inc.
- Health Mart Atlas, LLC
- Health Strategy, LLC
- MedImpact Healthcare Systems, Inc.
- OptumRx, Inc.
- Pharmaceutical Strategies Group, LLC
- Preferred Care Services, Inc.
- Rx Savings, LLC (d/b/a Rx Savings Solutions)
- Wholesale Alliance, LLC

The Additional Plaintiffs issued subpoenas and notices of deposition to four of the third-party pharmacy benefit management companies listed above (OptumRx, Inc.; Caremark, LLC; MedImpact Healthcare Systems, Inc.; and Express Scripts, Inc.) in February of 2023, but

6

Defendants took the position that those depositions could not occur until Defendants had received complete document productions from the Plaintiffs that retained those PBMs, including documents subject to future production through the Special Master's Remediation Protocol to resolve Defendants' motion to compel (ECF No. 374). On June 20, 2024, after these depositions had been delayed for over a year, the Additional Plaintiffs requested that Defendants proceed with scheduling these depositions and consent to consolidating them with the Rule 30(b)(6) depositions concurrently noted in a related usual and customary pricing dispute against Defendants pending in Illinois state court: *HCSC v. Walgreen Co., et. al.*, No. 2021L000621 (Cir. Ct. for Cook Cty., Illinois) to reduce the burden on these third-parties. Pertinently, the topics of corporate testimony identified in the deposition notices issued in the state court action are nearly identical to those identified in Additional Plaintiffs' notices in this litigation and all parties are represented by the same counsel in both actions. The parties are currently discussing scheduling these depositions in September 2024.

Walgreens has received document productions from some third parties to which Walgreens has issued subpoenas and anticipates taking some of those depositions in the coming weeks and months.

### IV. The Status of Discovery Motions

#### A. Defendants' Motion to Compel Plaintiffs' Document Discovery and Related Metrics (ECF No. 374)

As noted above, Defendants filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022. (ECF No. 374). Plaintiffs filed their response in opposition on January 23, 2023. (ECF No. 400). Defendants filed their reply on February 9, 2023. (ECF No. 414). On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master to decide Walgreens' motion. (ECF No. 450). Dr. Grossman filed her initial Order on

7

Preliminary Diagnostic Protocol ("PDP") to Assess the Adequacy of Initial Plaintiffs' Original and Supplemental Productions on July 21, 2023. (ECF No. 465). Initial Plaintiffs completed the PDP, and Dr. Grossman and the parties then met several times to discuss the PDP results and the proper next steps with respect to Walgreens' motion.

On January 5, 2024, Dr. Grossman filed the Special Master's Order on Remediation Protocol Pursuant to Her Order on Preliminary Diagnostic Protocol to Assess the Adequacy of Initial Plaintiffs' Original and Supplemental Productions, Both as Related to Defendants' Motion to Compel Document Production and Related Metrics (the "Remediation Protocol"). (ECF No. 507).

The Remediation Protocol is multi-step. In step one, Defendants shall review the 6,000 documents that comprised the PDP sample, as well as a sample of up to 300 documents per additional custodian, minus any documents that hit on Special Master-approved privilege terms, and code each document for responsiveness to create a training set. Initial Plaintiffs' TAR model shall then be updated using Defendants' responsiveness coding determinations on the step-one training set. In step two, the top-ranked 100,000 unproduced documents that do not hit on privilege terms (plus attachments and family members) will be made available to Defendants, and Defendants shall code the documents for responsiveness. Again, Initial Plaintiffs' TAR model will be updated based on Defendants' responsiveness coding. In step three, Initial Plaintiffs shall provide a report to the Special Master, and Initial Plaintiffs, Defendants, and the Special Master shall meet to discuss whether additional training sets are necessary. If additional training sets are necessary, the procedure from step two shall be repeated. Once it is determined that no further training and review are needed, Initial Plaintiffs, Defendants, and the Special

Master shall jointly determine what final validation testing should be performed, which will constitute the Final Validation Protocol.

Initial Plaintiffs and Defendants have completed Step One of the Remediation Protocol. Defendants began their review of the Step Two documents on Monday, May 20, 2024. The parties and the Special Master had a conference on June 27, 2024, and discussed whether Walgreens had reached a point in the Step Two review where it was unlikely to identify additional responsive documents within the approximately 28,000 remaining Step Two documents that Walgreens had not yet reviewed. During that conference, the parties and the Special Master agreed to modify the process provided in the Remediation Order such that Initial Plaintiffs would provide Walgreens access to an additional 28,000 documents (plus families) (the "Step 2B" documents) to replace the approximately 28,000 Step Two documents that scored lowest on Walgreens' internal TAR model and that Walgreens had not yet reviewed. Based on data reviewed during a July 25, 2024, conference amongst the parties and Special Master, the Initial Plaintiffs made available to Walgreens another 20,000 documents (plus families) (the "Step 2C" documents). Walgreens is reviewing the Step 2C documents. The parties and the Special Master shall continue to confer with regard to what additional steps are appropriate before concluding the Remediation Protocol.

As provided in the Remediation Protocol, upon successful completion of the Remediation Protocol, the parties will jointly file with the Court a revised proposed scheduling order (or competing proposals if they cannot agree) within 14 days of when the Remediation Protocol is determined to have been successfully completed. (ECF No. 539). The Remediation Protocol does not address collateral relief or sanctions, which Walgreens and Initial Plaintiffs intend to address in separate motions. The revised case management proposal(s) will take into account the

time needed by Walgreens to complete review of any documents newly produced as a result of the Remediation Protocol and include a schedule for the parties to brief any motion for collateral relief that any party may choose to make.

### B. Initial Plaintiffs' Motion to Compel Production of Clawed-Back Documents (ECF Nos. 479, 481)

Initial Plaintiffs filed a Motion to Compel Production of Clawed-Back Documents on October 11, 2023. (ECF Nos. 479, 481). Defendants filed an Opposition to this Motion on November 1, 2023. (ECF No. 491). Initial Plaintiffs filed a Reply on November 15, 2023. (ECF No. 496). On December 8, 2023, the Court ordered Walgreens to submit certain documents for *in camera* review. (ECF No. 500). Walgreens provided the requested documents to the Court on December 15 and 19, 2023. The motion remains pending.

### C. Other Discovery Issues

On June 14, 2024, Plaintiffs jointly moved for leave to amend their complaints (ECF No. 552) in order to make clear their intention to prove lesser standards of requisite intent for certain state law consumer protection claims that Plaintiffs have asserted since originally filing their claims. Plaintiffs do not seek to add claims, parties, or any substantive allegations to their Complaints. Instead, Plaintiffs merely seek to amend their Complaints to conform to the evidence in this case and to reflect the dismissal of certain claims. Plaintiffs have already amended their responses to requests for admission to conform with these amendments, having served their amended RFA responses by February 29, 2024 (for Initial Plaintiffs) and by May 30, 2024 (for Additional Plaintiffs), respectively. These amendments plead the exact same claims but include allegations of lesser-included levels of requisite intent. Walgreens advised the Court by letter of June 17, 2024 (ECF No. 556) that it intended to oppose the motion. On June 28, 2024, Walgreens

filed its response in opposition to Plaintiffs' joint motion (ECF No. 561), and Plaintiffs filed separate replies on July 8, 2024 (ECF Nos. 536, 564).

Initial Plaintiffs have asserted certain deficiencies in Defendants' document production. The deficiencies pertain to alleged major gaps in Defendants' document productions to date. Initial Plaintiffs anticipate possibly seeking relief from the Court, as appropriate. In Defendants' view, Initial Plaintiffs' claims of deficiencies or purported gaps in Defendants' document production lack any merit.

Defendants have asserted certain deficiencies in Prime's discovery responses and Additional Plaintiffs' interrogatory responses. Defendants anticipate possibly seeking relief from the Court, as appropriate.

Additional Plaintiffs served amended responses to certain of Walgreens' interrogatories on December 21, 2023 and on April 19, 2024, as well as amended responses to Walgreens' requests for admission on May 30, 2024. Additional Plaintiffs dispute that their responses to Walgreens' discovery requests were deficient but agreed to provide certain supplemental or amended responses in an attempt to resolve the parties' disagreements without the need for motions practice. The Additional Plaintiffs are not aware of any further discovery responses which require amendment or supplementation, but will continue to meet and confer with Walgreens if and when needed.

**V.     Whether the Parties Have Engaged or Are Engaging in Settlement Discussions**

Following certain settlement discussions among the parties, the Court has granted motions to dismiss or amend certain claims and defenses, as described in prior joint status reports, including

the claims asserted among the Cambia Plaintiffs,[4] Walgreens, and Third-Party Defendant OmedaRx, Inc. ("OmedaRx") (*see* ECF No. 506), and the counterclaims and certain affirmative-defense theories asserted by Walgreens against certain Plaintiffs (*see* ECF Nos. 516, 519).

Pursuant to the Court's order (ECF Nos. 515, 521), the parties filed a joint status report on April 12, 2024, regarding a potential deadline for holding a mediation (ECF No. 540).

## VI. Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days

The parties do not anticipate the need for a hearing with the Court within the next 60 days.

Pursuant to the Court's May 25, 2022, Order (ECF No. 276), the parties will continue to provide joint status reports at 30-day intervals. The parties therefore propose filing their next joint status report by September 4, 2024.

---

[4] Cambia Health Solutions, Inc., Regence BlueShield of Idaho, Inc., Regence BlueCross BlueShield of Oregon, Regence BlueCross BlueShield of Utah, Regence BlueShield, and Asuris Northwest Health.

| | |
|---|---|
| Dated: August 5, 2024 | Respectfully submitted, |
| | By: */s/ Kelly H. Hibbert* |
| David L. Applegate (IL Bar# 3122573)<br>Brigid E. Kennedy (IL Bar # 6201446<br>**WILLIAMS BARBER & MOREL LTD.**<br>Suite 6800 Willis Tower<br>233 S. Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 443-3200<br>Facsimile: (312) 630-8500<br>dla@williamsbarbermorel.com<br>bek@williamsbarbermorel.com | Kent A. Gardiner (D.C. Bar No. 432081)\*<br>Stephen J. McBrady (D.C. Bar No. 978847)\*<br>Kelly H. Hibbert (D.C. Bar No. 1006010)\*<br>Justin D. Kingsolver (N.D. Ill. Bar No. 6320926)<br>**CROWELL & MORING LLP**<br>1001 Pennsylvania Ave. NW<br>Washington, D.C. 20004<br>Telephone: (202) 624-2500<br>Facsimile: (202) 628-5116<br>KGardiner@crowell.com<br>SMcBrady@crowell.com<br>KHibbert@crowell.com<br>JKingsolver@crowell.com<br><br>\* Admitted pro hac vice<br><br>*Attorneys for Initial Plaintiffs* |
| Samera Syeda Ludwig<br>**Kilpatrick Townsend & Stockton LLP**<br>175 West Jackson Blvd, Suite 950<br>Chicago, Illinois 60604<br>Direct: 312.628.7189<br>sludwig@ktslaw.com | By: */s/ Robert B. Gilmore*<br><br>Robert B. Gilmore (N.D. Ill. Bar No. 492424)<br>Michael A. Petrino (admitted *pro hac vice*)<br>Kevin J. Attridge (admitted *pro hac vice*)<br>Joshua D. Elliott (admitted *pro hac vice*)<br>Megan Benevento (N.D. Ill. Bar No. 888229559)<br>**STEIN MITCHELL BEATO & MISSNER LLP**<br>2000 K Street, N.W., Suite 600<br>Washington, D.C. 20005<br>Tel: (202) 737-7777<br>Fax: (202) 296-8312<br>rgilmore@steinmitchell.com<br>mpetrino@steinmitchell.com<br>kattridge@steinmitchell.com<br>jelliott@steinmitchell.com<br>mbenevento@steinmitchell.com<br><br>*Attorneys for Additional Plaintiffs* |

By: */s/ Jeffrey J. Bushofsky*

Laura G. Hoey
Jeffrey J. Bushofsky
Timothy R. Farrell
Charles D. Zagnoli
**ROPES & GRAY LLP**
191 N. Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Laura.Hoey@ropesgray.com
Jeffrey.Bushofsky@ropesgray.com
Timothy.Farrell@ropesgray.com
Charles.Zagnoli@ropesgray.com

*Attorneys for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*


By: */s/ Robert J. Gilbertson*

**SALVATORE PRESCOTT PORTER & PORTER, PLLC**
Andrew C. Porter
Andrea L. Evans
1010 Davis Street
Evanston, IL 60201
(312) 283-5711
aporter@sppplaw.com
evans@sppplaw.com

**MORRISON & FOERSTER LLP**
Natalie A. Fleming Nolen
2100 L Street, NW, Suite 900
Washington, D.C. 20037
(202) 887-1551
nflemingnolen@mofo.com

**FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**
Robert J. Gilbertson
Caitlinrose H. Fisher
Virginia R. McCalmont
225 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 474-3300
bgilbertson@forsgrenfisher.com
cfisher@forsgrenfisher.com
vmccalmont@forsgrenfisher.com


*Attorneys for Third-Party Defendant Prime Therapeutics LLC*

## CERTIFICATE OF SERVICE

I, Charles D. Zagnoli, an attorney authorized to practice before this Court, hereby certify that the foregoing Joint Status Report was electronically filed on August 5, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties and counsel of record.

> */s/ Charles D. Zagnoli*
> Charles D. Zagnoli
> **ROPES & GRAY LLP**
> 191 North Wacker Drive
> 32nd Floor
> Chicago, IL 60606
> Telephone: (312) 845-1200
> Facsimile: (312) 845-5522
> Charles.Zagnoli@ropesgray.com
>
> *Attorney for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*