# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>    *Defendants*. | Case No. 1:20-cv-01853<br><br>Honorable Virginia M. Kendall<br>Honorable Daniel P. McLaughlin<br><br>Related Cases:<br>Case No. 1:20-cv-04738<br>Case No. 1:20-cv-03332<br>Case No. 1:20-cv-01929<br>Case No. 1:20-cv-04940<br>Case No. 1:22-cv-01362 |
| WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,<br><br>    *Third-Party Plaintiffs*,<br><br>v.<br><br>PRIME THERAPEUTICS LLC,<br><br>    *Third-Party Defendant*. | |

## JOINT STATUS REPORT

Pursuant to the Court's October 7, 2024, Order (ECF No. 590), Initial Plaintiffs,[1] Additional Plaintiffs,[2] Defendants / Third-Party Plaintiffs Walgreen Co. and Walgreens Boots Alliance, Inc. (together, "Walgreens" or "Defendants"), and Third-Party Defendant Prime Therapeutics LLC ("Prime"), through their respective counsel, respectfully submit the following Joint Status Report.

## I. The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion

### A. Deadline for the Close of Fact Discovery

By order dated March 30, 2023 (ECF No. 436), the parties are to substantially complete document production by two (2) months after the resolution of Walgreens' pending motion to compel (ECF No. 374),[3] and fact discovery (including oral discovery) is to be completed three (3) months following that substantial completion deadline.

---

[1] BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Blue Cross and Blue Shield of Kansas City, Inc.; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); Northeastern New York (f/k/a BlueShield of Northeastern New York); Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

[2] CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc.

[3] The currently operative scheduling order sets the substantial completion deadline at two months after resolution of the last of two motions to compel that were pending when the scheduling order was entered. The Court granted the second of those two motions (ECF No. 407) on May 31,

1

As explained *infra* § IV, the parties have been instructed to submit (jointly, if possible) a proposed revised discovery schedule following the completion of the Special Master remediation process described further below.

### B. Referral to Magistrate Judge

On April 11, 2022, the Court referred this case to Magistrate Judge Sheila Finnegan for general discovery supervision. (ECF No. 252). On September 30, 2024, the Court issued a General Order creating, pursuant to Internal Operating Procedure 17, an initial calendar for Magistrate Judge Daniel P. McLaughlin and thereby reassigning a list of civil cases, including this case, to Magistrate Judge McLaughlin. (ECF No. 588). On October 10, 2024, Defendants filed a partial objection to the General Order only to the extent that Defendants requested that their outstanding Motion to Compel Initial Plaintiffs' Document Discovery and Related Metrics (ECF No. 374) continue to be supervised by Magistrate Judge Finnegan (or in the alternative by Judge Kendall) for the sake of efficiency, (ECF No. 591, 593). On October 24, 2024, the Court held a hearing and ordered that "Judge Kendall will continue to maintain Discovery Supervision on the remediation period until is it completed." (ECF No. 595).

### C. Expert Discovery

By order dated March 30, 2023 (ECF No. 436), expert discovery is currently governed by the following deadlines:

- Opening expert reports are due five (5) weeks following the end of fact discovery;

---

2023 (*see* ECF No. 453). The other motion remains pending before the Special Master appointed by the Court. (ECF No. 450).

- Rebuttal expert reports are due eight (8) weeks following opening expert reports;

- Expert discovery closes seven (7) weeks following rebuttal expert reports.

### D. Proposed Pre-Trial Scheduling Order and Dispositive Motions

By order dated March 30, 2023 (ECF No. 436), the parties are to submit a proposed pre-trial scheduling order, including deadlines for dispositive and pre-trial motions, one (1) week following the close of expert discovery.

## II. The Progress of Discovery

### A. Document Production and Written Interrogatories

As reported in previous Joint Status Reports, the parties are currently engaged in written discovery and continue to produce documents and respond to written discovery requests. Initial Plaintiffs have produced 307,168 documents and 3,234,151 pages. Additional Plaintiffs have produced 23,012 documents and 275,948 pages and continue to review documents for potential production in response to Defendants' requests. Prime has produced 12,432 documents and 189,880 pages and continues to review documents for potential production in response to Defendants' requests. Defendants have produced 255,751 documents and 1,773,188 pages. On February 9, 2024, Defendants declared their document productions substantially complete, with the exception of certain claims data discussed further below. Defendants have made and may continue to make small additional productions of targeted materials as they conclude their search for materials responsive to Plaintiffs' requests, but Defendants expect any such further production to include relatively few documents, if any.

The parties have continued to engage regarding ongoing discovery obligations and have exchanged letters over the course of the past several months and weeks outlining concerns and

expectations in this regard. There remain open disputes regarding the scope of certain written discovery. Most significantly, Walgreens filed a Motion to Compel Initial Plaintiffs' Document Discovery and Related Metrics on December 21, 2022, regarding material gaps in Initial Plaintiffs' document productions. (ECF No. 374). On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master, pursuant to Federal Rule of Civil Procedure 53, to assist the Court in resolving this motion. (ECF No. 450). The status of the Special Master process is summarized *infra*, § IV.

The parties continue to produce transactional claims data relevant to their claims and defenses. Walgreens has produced its agreed transactional claims data for retail prescription drugs purchased through a Prescription Savings Club membership, using a third-party discount card, or at the retail cash price.[4] Initial Plaintiffs have produced all but a small subset of their transactional claims data for retail prescription drug services for which reimbursement was paid to Walgreens. On October 4, 2024, Additional Plaintiffs completed their production of transactional claims data for those retail prescription drugs purchased at Walgreens pharmacies by Additional Plaintiffs' members using their insurance plans. Pursuant to the protocol agreed upon by the parties, Walgreens now will match the transactions reflected in Plaintiffs' claims data to the corresponding transaction reflected in Walgreens' own claims data. The parties continue to discuss the remaining issues related to claims data productions.

B. **Depositions of the Parties and Their Former and Current Employees**

Plaintiffs have taken depositions of one current and six former Walgreens employees. Additionally, Plaintiffs have indicated their intent to depose one additional Walgreens employee.

---

[4] To be clear, Plaintiffs do not agree with Walgreens' categorization of its produced transactional claims data, and Plaintiffs contend that all three types of prices are "cash" prices.

4

On September 26, 2024, Plaintiffs and Walgreens jointly took the deposition of third party Caremark, LLC.

Walgreens has not yet taken the depositions of any Plaintiff or Prime witness. Walgreens intends to take depositions only after witnesses' documents have been produced to Walgreens. Walgreens has noticed the deposition of a former Prime employee and key fact witness. The parties are discussing dates for that deposition and possible coordination of a joint deposition across multiple usual-and-customary pricing cases.

Prime intends to take depositions of current or former Walgreens employees.

The parties continue to meet and confer to address and attempt to resolve objections to topics for corporate representative depositions, pursuant to the Court's instruction in its September 5, 2024, Order (ECF No. 575).

### III. Other Third-Party Discovery

Initial Plaintiffs have issued subpoenas to the following third-party entities:

- National Council of Prescription Drug Programs, Inc.
- Pharmaceutical Care Management Association
- Costco Wholesale Corporation
- The Kroger Co.
- Elixir Rx Solutions, LLC
- GoodRx Holdings, Inc.
- Klix, LLC d/b/a Easy Drug Card
- Towers Administrators LLC d/b/a SingleCare Administrators
- NeedyMeds, Inc.
- U.S. Pharmacy Card, LLC

5

- Discount Drug Network, LLC

- Texas Health and Human Services

- Oregon Health Authority

- Connecticut Department of Social Services

Additional Plaintiffs have issued subpoenas to the following third-party entities:

- Caremark, LLC

- Express Scripts, Inc.

- OptumRx, Inc.

- Walmart, Inc.

- Target Corporation

- WAGDCO, LLC

- MedImpact Healthcare Systems, Inc.

- Envolve Pharmacy Solutions Pharmacy Solutions, Inc.

- Leehar Distributors, LLC

- Medical Security Card Company, LLC

Defendants have issued subpoenas to the following third parties:

- Bretta Grinsteinner

- Blue Cross Blue Shield Association

- Blue Cross and Blue Shield of Nebraska, Inc.

- Caremark, LLC

- DST Pharmacy Solutions, Inc. (f/k/a Argus Health Systems, Inc.)

- EPIC Pharmacy Network, Inc.

- Express Scripts, Inc.

- Health Mart Atlas, LLC

- Health Strategy, LLC

- MedImpact Healthcare Systems, Inc.

- OptumRx, Inc.

- Pharmaceutical Strategies Group, LLC

- Preferred Care Services, Inc.

- Rx Savings, LLC (d/b/a Rx Savings Solutions)

- Wholesale Alliance, LLC

Initial Plaintiffs have received productions from all of the third parties they subpoenaed. Initial Plaintiffs are awaiting a minimal number of additional documents to be produced by Elixer Rx Solutions, LLC. Initial Plaintiffs anticipate deposing some of the third parties listed above, beginning this fall.

The Additional Plaintiffs issued subpoenas and notices of deposition to four of the third-party pharmacy benefit management companies listed above (OptumRx, Inc.; Caremark, LLC; MedImpact Healthcare Systems, Inc.; and Express Scripts, Inc.) in February of 2023, but Defendants took the position that those depositions could not occur until Defendants had received complete document productions from the Plaintiffs that retained those PBMs, including documents subject to future production through the Special Master's Remediation Protocol to resolve Defendants' motion to compel (ECF No. 374). At Additional Plaintiffs' suggestion, the parties have agreed to consolidate these four depositions with the corporate-representative depositions concurrently noticed in a related usual-and-customary pricing dispute against Defendants pending in Illinois state court: *HCSC v. Walgreen Co., et. al.*, No. 2021L000621 (Cir. Ct. of Cook Cnty., Illinois), so that each of the four third parties can sit for a single deposition

7

across the two matters. The parties took Caremark's deposition on September 26, 2024. The parties are currently discussing scheduling the other three PBM depositions in coming weeks.

Walgreens has received document productions from most of the third parties to which Walgreens has issued subpoenas. Walgreens is still waiting to receive documents from two subpoena recipients: DST Pharmacy Solutions, Inc. (f/k/a Argus Health Systems, Inc.) and Blue Cross and Blue Shield of Nebraska, Inc. Walgreens anticipates deposing some or all of these third parties, beginning this fall. To that end, in addition to the Caremark deposition noted above, the parties have been discussing scheduling the deposition of third party and former Prime employee Bretta Grinsteinner, and the possibility of coordinating a joint deposition across multiple usual-and-customary pricing cases. Walgreens intends to account for outstanding third-party discovery when proposing a revised discovery schedule following completion of the Special Master's remediation process, but Walgreens does not expect third-party discovery to cause any significant delay to that schedule.

## IV. The Status of Discovery Motions

### A. Defendants' Motion to Compel Plaintiffs' Document Discovery and Related Metrics (ECF No. 374)

As noted above, Defendants filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022. (ECF No. 374). Plaintiffs filed their response in opposition on January 23, 2023. (ECF No. 400). Defendants filed their reply on February 9, 2023. (ECF No. 414). On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master to decide Walgreens' motion. (ECF No. 450). Dr. Grossman filed her initial Order on Preliminary Diagnostic Protocol ("PDP") to Assess the Adequacy of Initial Plaintiffs' Original and Supplemental Productions on July 21, 2023. (ECF No. 465). Initial Plaintiffs completed the

PDP, and Dr. Grossman and the parties then met several times to discuss the PDP results and the proper next steps with respect to Walgreens' motion.

On January 5, 2024, Dr. Grossman filed the Special Master's Order on Remediation Protocol Pursuant to Her Order on Preliminary Diagnostic Protocol to Assess the Adequacy of Initial Plaintiffs' Original and Supplemental Productions, Both as Related to Defendants' Motion to Compel Document Production and Related Metrics (the "Remediation Protocol"). (ECF No. 507).

The Remediation Protocol is multi-step. In step one, Defendants shall review the 6,000 documents that comprised the PDP sample, as well as a sample of up to 300 documents per additional custodian, minus any documents that hit on Special Master-approved privilege terms, and code each document for responsiveness to create a training set. Initial Plaintiffs' TAR model shall then be updated using Defendants' responsiveness coding determinations on the step-one training set. In step two, the top-ranked 100,000 unproduced documents that do not hit on privilege terms (plus attachments and family members) will be made available to Defendants, and Defendants shall code the documents for responsiveness. Again, Initial Plaintiffs' TAR model will be updated based on Defendants' responsiveness coding. In step three, Initial Plaintiffs shall provide a report to the Special Master, and Initial Plaintiffs, Defendants, and the Special Master shall meet to discuss whether additional training sets are necessary. If additional training sets are necessary, the procedure from step two shall be repeated. Once it is determined that no further training and review are needed, Initial Plaintiffs, Defendants, and the Special Master shall jointly determine what final validation testing should be performed, which will constitute the Final Validation Protocol.

Initial Plaintiffs and Defendants have completed Step One of the Remediation Protocol. Defendants began to review the Step Two documents on May 20, 2024. The parties and the Special Master had a conference on June 27, 2024, to discuss whether Walgreens had reached a point in the Step Two review where it was unlikely to identify additional responsive documents within the approximately 28,000 remaining Step Two documents that Walgreens had not yet reviewed. During that conference, the parties and the Special Master agreed to modify the process provided in the Remediation Order such that Initial Plaintiffs would provide Walgreens access to an additional 28,000 documents (plus families) (the "Step 2B" documents) to replace the approximately 28,000 Step Two documents that scored lowest on Walgreens' internal TAR model and that Walgreens had not yet reviewed. Based on data reviewed during a July 25, 2024, conference among the parties and Special Master, the Initial Plaintiffs made available to Walgreens another 20,000 documents (plus families) (the "Step 2C" documents). This process was repeated for additional sets of documents, referred to by the parties and the Special Master as Step 2D, Step 2E, and Step 2F. Walgreens is currently reviewing the Step 2F documents. Walgreens has also recently completed its review of a 4,500-document validation sample (the "Validation Sample"). The parties and Special Master plan to meet on November 6, 2024 to review the results of Walgreens' review of the Validation Sample.

As provided in the Remediation Protocol, upon successful completion of the Remediation Protocol, the parties will jointly file with the Court a revised proposed scheduling order (or competing proposals if they cannot agree) within 14 days of when the Remediation Protocol is determined to have been successfully completed. (ECF No. 539). The Remediation Protocol does not address collateral relief or sanctions, which Walgreens and Initial Plaintiffs intend to address in separate motions. The revised case management proposal(s) will take into account the

time needed by Walgreens to complete review of any documents newly produced as a result of the Remediation Protocol and include a schedule for the parties to brief any motion for collateral relief that any party may choose to make.

> B.
> C. **Other Discovery Issues**

On June 14, 2024, Plaintiffs jointly moved for leave to amend their complaints (ECF No. 552) in order to make clear their intention to prove lesser standards of requisite intent for certain state law consumer protection claims that Plaintiffs have asserted since originally filing their claims. Following briefing by the parties, the Court granted Plaintiffs' motion in part and denied Plaintiffs' motion in part on August 21, 2024. (ECF No. 571.) In its Order on Plaintiffs' motion, the Court permitted Plaintiffs to "amend their Complaints to remove former plaintiffs and their affiliated claims," but the Court denied Plaintiffs' request "to add nonintentional scienter theories as a basis for their statutory consumer fraud claims." *Id.* at 2. On September 4, 2024, Additional Plaintiffs filed a motion for reconsideration of the Order as to them. (ECF No. 573.) On September 20, 2024, Defendants filed their opposition to the Additional Plaintiffs' motion (ECF No. 578), and on September 23, 2024, the Additional Plaintiffs filed their reply (ECF No. 583). The motion for reconsideration is fully briefed and ready for resolution.

Initial Plaintiffs have asserted certain deficiencies in Defendants' document production. The deficiencies pertain to alleged major gaps in Defendants' document productions to date. Initial Plaintiffs anticipate possibly seeking relief from the Court, as appropriate. In Defendants' view, Initial Plaintiffs' claims of deficiencies or purported gaps in Defendants' document production lack any merit.

Defendants have asserted certain deficiencies in Prime's discovery responses and Additional Plaintiffs' interrogatory responses. The parties have discussed those asserted

11

deficiencies, Additional Plaintiffs have produced amended responses as a result of those discussions, and Walgreens is now reviewing those amendments to determine whether any outstanding disputes remain live.

Additional Plaintiffs served amended responses to certain of Walgreens' interrogatories on December 21, 2023 and on April 19, 2024, as well as amended responses to Walgreens' requests for admission on May 30, 2024. Additional Plaintiffs dispute that their responses to Walgreens' discovery requests were deficient but agreed to provide certain supplemental or amended responses in an attempt to resolve the parties' disagreements without the need for motions practice. The Additional Plaintiffs are not aware of any further discovery responses which require amendment or supplementation, but will continue to meet and confer with Walgreens if and when needed.

### V. Whether the Parties Have Engaged or Are Engaging in Settlement Discussions

Following certain settlement discussions among the parties, the Court has granted motions to dismiss or amend certain claims and defenses, as described in prior joint status reports, including the claims asserted among the Cambia Plaintiffs,[5] Walgreens, and Third-Party Defendant OmedaRx, Inc. ("OmedaRx") (*see* ECF No. 506), and the counterclaims and certain affirmative-defense theories asserted by Walgreens against certain Plaintiffs (*see* ECF Nos. 516, 519).

Pursuant to the Court's order (ECF Nos. 515, 521), the parties filed a joint status report on April 12, 2024, regarding a potential deadline for holding a mediation (ECF No. 540).

### VI. Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days

The parties do not anticipate the need for a hearing with the Court within the next 60 days.

---

[5] Cambia Health Solutions, Inc., Regence BlueShield of Idaho, Inc., Regence BlueCross BlueShield of Oregon, Regence BlueCross BlueShield of Utah, Regence BlueShield, and Asuris Northwest Health.

13

Pursuant to the Court's May 25, 2022, Order (ECF No. 276), the parties will continue to provide joint status reports at 30-day intervals unless otherwise directed by the Court. The parties therefore propose filing their next joint status report by December 4, 2024.

Dated: November 4, 2024

Respectfully submitted,

By: */s/ Kelly H. Hibbert*

Jason P. Stiehl (N.D. Ill. Bar No. 6276001)
**CROWELL & MORING LLP**
455 N. Cityfront Plaza Drive
Suite 3600
Chicago, IL 60611
Telephone: (312) 840-3108
JStiehl@crowell.com

Kent A. Gardiner (D.C. Bar No. 432081)*
Stephen J. McBrady (D.C. Bar No. 978847)*
Kelly H. Hibbert (D.C. Bar No. 1006010)*
Justin D. Kingsolver (N.D. Ill. Bar No. 6320926)
**CROWELL & MORING LLP**
1001 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
KGardiner@crowell.com
SMcBrady@crowell.com
KHibbert@crowell.com
JKingsolver@crowell.com
* Admitted pro hac vice

*Attorneys for Initial Plaintiffs*

By: */s/ Robert B. Gilmore*

Samera Syeda Ludwig
**Kilpatrick Townsend & Stockton LLP**
175 West Jackson Blvd, Suite 950
Chicago, Illinois 60604
Direct: 312.628.7189
sludwig@ktslaw.com

Robert B. Gilmore (N.D. Ill. Bar No. 492424)
Michael A. Petrino (admitted *pro hac vice*)
Kevin J. Attridge (admitted *pro hac vice*)
Joshua D. Elliott (admitted *pro hac vice*)
Megan Benevento (N.D. Ill. Bar No. 888229559)
**STEIN MITCHELL BEATO & MISSNER LLP**
2000 K Street, N.W., Suite 600
Washington, D.C. 20005
Tel: (202) 737-7777
Fax: (202) 296-8312
rgilmore@steinmitchell.com
mpetrino@steinmitchell.com
kattridge@steinmitchell.com
jelliott@steinmitchell.com
mbenevento@steinmitchell.com

*Attorneys for Additional Plaintiffs*

| | By: /s/ *Jeffrey J. Bushofsky* |
|---|---|
| Matthew J. Corriel (admitted *pro hac vice*)<br>**ROPES & GRAY LLP**<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 596-9000<br>Matt.Corriel@ropesgray.com | Laura G. Hoey<br>Jeffrey J. Bushofsky<br>Timothy R. Farrell<br>Charles D. Zagnoli<br>Nicholas W. Smith<br>**ROPES & GRAY LLP**<br>191 North Wacker Drive<br>32nd Floor<br>Chicago, IL 60606<br>Telephone: (312) 845-1200<br>Facsimile: (312) 845-5522<br>Laura.Hoey@ropesgray.com<br>Jeffrey.Bushofsky@ropesgray.com<br>Timothy.Farrell@ropesgray.com<br>Charles.Zagnoli@ropesgray.com<br>Nicholas.Smith@ropesgray.com<br><br>*Attorneys for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.* |
| | By: /s/ *Robert J. Gilbertson* |
| **SALVATORE PRESCOTT PORTER & PORTER, PLLC**<br>Andrew C. Porter<br>Andrea L. Evans<br>1010 Davis Street<br>Evanston, IL 60201<br>(312) 283-5711<br>aporter@sppplaw.com<br>evans@sppplaw.com<br><br>**MORRISON & FOERSTER LLP**<br>Natalie A. Fleming Nolen<br>2100 L Street, NW, Suite 900<br>Washington, D.C. 20037<br>(202) 887-1551<br>nflemingnolen@mofo.com | **FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**<br>Robert J. Gilbertson<br>Caitlinrose H. Fisher<br>Virginia R. McCalmont<br>225 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402<br>(612) 474-3300<br>bgilbertson@forsgrenfisher.com<br>cfisher@forsgrenfisher.com<br>vmccalmont@forsgrenfisher.com<br><br>*Attorneys for Third-Party Defendant Prime Therapeutics LLC* |

15

**CERTIFICATE OF SERVICE**

I, Charles D. Zagnoli, an attorney authorized to practice before this Court, hereby certify that the foregoing Joint Status Report was electronically filed on November 4, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties and counsel of record.

        */s/ Charles D. Zagnoli*
        Charles D. Zagnoli
        **ROPES & GRAY LLP**
        191 North Wacker Drive
        32nd Floor
        Chicago, IL 60606
        Telephone: (312) 845-1200
        Facsimile: (312) 845-5522
        Charles.Zagnoli@ropesgray.com

        *Attorney for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.*