# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC., <br><br> *Defendants*. | Case No. 1:20-cv-01853 <br><br> Honorable Virginia M. Kendall <br> Honorable Daniel P. McLaughlin <br><br> Related Cases: <br> Case No. 1:20-cv-04738 <br> Case No. 1:20-cv-03332 <br> Case No. 1:20-cv-01929 <br> Case No. 1:20-cv-04940 <br> Case No. 1:22-cv-01362 |
| WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC., <br><br> *Third-Party Plaintiffs*, <br><br> v. <br><br> PRIME THERAPEUTICS LLC, <br><br> *Third-Party Defendant*. | |

**JOINT STATUS REPORT**

Pursuant to the Court's February 4, 2025, Order (ECF No. 638), Initial Plaintiffs,[1] Additional Plaintiffs,[2] Defendants / Third-Party Plaintiffs Walgreen Co. and Walgreens Boots Alliance, Inc. (together, "Walgreens" or "Defendants"), and Third-Party Defendant Prime Therapeutics LLC ("Prime"), through their respective counsel, respectfully submit the following Joint Status Report.

## I. The Current Deadlines Imposed by the Court and Whether the Matter Has Been Referred to the Magistrate Judge in Any Fashion

### A. Deadline for the Close of Fact Discovery

By order dated February 27, 2025 (ECF No. 667), the parties are to substantially complete document production by March 31, 2025, and fact discovery (including oral discovery) is to be completed by September 19, 2025.

### B. Referral to Magistrate Judge

On April 11, 2022, the Court referred this case to Magistrate Judge Sheila Finnegan for general discovery supervision. (ECF No. 252). On September 30, 2024, the Court issued a

---

[1] BCBSM, Inc. (d/b/a Blue Cross and Blue shield of Minnesota); HMO Minnesota (d/b/a Blue Plus); Health Options, Inc. (d/b/a Florida Blue HMO); Blue Cross and Blue Shield of North Carolina; Blue Cross Blue Shield of North Dakota; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue); Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc.; Wellmark, Inc. (d/b/a Wellmark Blue Cross and Blue Shield and d/b/a Wellmark Blue Cross and Blue Shield of Iowa); Wellmark of South Dakota, Inc. (d/b/a Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark Health Plan of Iowa, Inc.; Wellmark Synergy Health, Inc.; Wellmark Value Health Plan, Inc.; Blue Cross and Blue Shield of Arizona, Inc. (d/b/a Blue Cross Blue Shield of Arizona and d/b/a AZBLUE); Blue Cross and Blue Shield of Kansas City, Inc.; HealthNow New York, Inc.; Highmark Western New York, Inc. (f/k/a Blue Cross of Western New York); Northeastern New York (f/k/a BlueShield of Northeastern New York); Horizon Healthcare Services, Inc. (d/b/a Horizon Blue Cross Blue Shield of New Jersey); and Horizon Healthcare of New Jersey, Inc. (d/b/a Horizon NJ Health).

[2] CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Blue Cross and Blue Shield of South Carolina; BlueChoice HealthPlan of South Carolina, Inc.; Louisiana Health Service & Indemnity Company, d/b/a/ Blue Cross and Blue Shield of Louisiana, and HMO Louisiana, Inc.

1

General Order creating, pursuant to Internal Operating Procedure 17, an initial calendar for Magistrate Judge Daniel P. McLaughlin and thereby reassigning a list of civil cases, including this case, to Magistrate Judge McLaughlin. (ECF No. 588). On October 24, 2024, the Court clarified that "Judge Kendall will continue to maintain Discovery Supervision on the remediation period until is it completed." (ECF No. 595).

### C. Expert Discovery

By order dated February 27, 2025 (ECF No. 667), expert discovery is currently governed by the following deadlines:

- Opening expert reports are due by October 31, 2025;
- Rebuttal expert reports are due by December 19, 2025;
- Expert discovery closes on February 13, 2026.

### D. Proposed Pre-Trial Scheduling Order and Dispositive Motions

By order dated February 27, 2025 (ECF No. 667), the parties are to submit a proposed pre-trial scheduling order, including deadlines for dispositive and pre-trial motions, by February 20, 2026.

## II. The Progress of Discovery

### A. Document Production and Written Interrogatories

The parties are currently completing written discovery responses and document productions. Initial Plaintiffs have produced 473,768 documents and 4,475,886 pages. Additional Plaintiffs have produced 23,787 documents and 287,658 pages and continue to review documents for potential production in response to Defendants' requests. Prime has produced 19,105 documents and 277,936 pages and continues to review documents for potential production in response to Defendants' requests. Defendants have produced 255,946 documents and

1,774,493 pages. On February 9, 2024, Defendants declared their document productions substantially complete, with the exception of certain claims data discussed further below. On February 14, 2025, Prime informed Walgreens that "Although Prime reserves the right to produce additional documents if any are identified (which we do not expect, but cannot foreclose), Prime's response to Walgreens' discovery requests is complete."

The parties have continued to engage regarding ongoing discovery obligations and have exchanged letters over the course of the past several months outlining concerns and expectations in this regard. There remain increasingly narrowing open disputes regarding the scope of certain written discovery. Most significantly, Walgreens filed a Motion to Compel Initial Plaintiffs' Document Discovery and Related Metrics on December 21, 2022, regarding material gaps in Initial Plaintiffs' document productions. (ECF No. 374). On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master, pursuant to Federal Rule of Civil Procedure 53, to assist the Court in resolving this motion. (ECF No. 450). The status of the Special Master process is summarized *infra*, § IV.

The parties continue to produce transactional claims data relevant to their claims and defenses. Walgreens has produced its agreed transactional claims data for retail prescription drugs purchased through a Prescription Savings Club membership, using a third-party discount card, or at the retail cash price.[3] Initial Plaintiffs have produced claims data for all but a small subset of their transactional claims data for retail prescription drug services for which reimbursement was paid to Walgreens. Additional Plaintiffs have completed their production of transactional claims data for those retail prescription drugs purchased at Walgreens pharmacies

---

[3] To be clear, Plaintiffs do not agree with Walgreens' categorization of its produced transactional claims data, and Plaintiffs contend that all three types of prices are "cash" prices.

by Additional Plaintiffs' members using their insurance plans. Prime has also reported that it has produced all the claims data requested of it. Walgreens is now in the process of matching the transactions reflected in Plaintiffs' claims data to the corresponding transactions reflected in Walgreens' own claims data. The parties continue to discuss any remaining issues related to claims data productions.

### B.      Depositions of the Parties and Their Former and Current Employees

Plaintiffs have taken depositions of one current and six former Walgreens employees. Additionally, Plaintiffs have indicated their intent to depose one additional Walgreens employee, likely in April 2025.

Plaintiffs and Walgreens have jointly taken the depositions of two third-party PBM witnesses—Caremark, LLC, and MedImpact Healthcare Systems, Inc. The parties have contacted other third parties and are actively discussing deposition dates for those third parties in March and April 2025, some of which may be joint depositions across multiple usual-and-customary pricing cases.

On February 5, 2025, Walgreens noticed the depositions of 13 Plaintiff witnesses. Walgreens also has noticed the deposition of a former Prime employee and key fact witness; the parties are discussing dates for that deposition and possible coordination of a joint deposition across multiple usual-and-customary pricing cases. Walgreens expects to notice depositions of additional Plaintiffs, third parties, and Prime witnesses in coming weeks.

Prime intends to take depositions of current or former Walgreens employees.

The parties continue to meet and confer to address and attempt to resolve objections to topics for corporate representative depositions, pursuant to the Court's instruction in its September 5, 2024, Order (ECF No. 575). The parties intend to conduct a deposition of

4

Walgreens' corporate representative in April 2025, consolidating that deposition across this case and the parallel case pending in Cook County Circuit Court.

### III. Other Third-Party Discovery

Initial Plaintiffs have issued subpoenas to the following third-party entities:

- National Council of Prescription Drug Programs, Inc.
- Pharmaceutical Care Management Association
- Costco Wholesale Corporation
- The Kroger Co.
- Elixir Rx Solutions, LLC
- GoodRx Holdings, Inc.
- Klix, LLC d/b/a Easy Drug Card
- Towers Administrators LLC d/b/a SingleCare Administrators
- NeedyMeds, Inc.
- U.S. Pharmacy Card, LLC
- Discount Drug Network, LLC
- Texas Health and Human Services
- Oregon Health Authority
- Connecticut Department of Social Services

Additional Plaintiffs have issued subpoenas to the following third-party entities:

- Caremark, LLC
- Express Scripts, Inc.
- OptumRx, Inc.
- Walmart, Inc.

- Target Corporation

- WAGDCO, LLC

- MedImpact Healthcare Systems, Inc.

- Envolve Pharmacy Solutions Pharmacy Solutions, Inc.

- Leehar Distributors, LLC

- Medical Security Card Company, LLC

Defendants have issued subpoenas to the following third parties:

- Adam Fein

- Bretta Grinsteinner

- Blue Cross Blue Shield Association

- Blue Cross and Blue Shield of Nebraska, Inc.

- Caremark, LLC

- DST Pharmacy Solutions, Inc. (f/k/a Argus Health Systems, Inc.)

- EPIC Pharmacy Network, Inc.

- Express Scripts, Inc.

- Health Mart Atlas, LLC

- Health Strategy, LLC

- HMP Communications, LLC (d/b/a HMP Global)

- MedImpact Healthcare Systems, Inc.

- OptumRx, Inc.

- Pharmaceutical Strategies Group, LLC

- Preferred Care Services, Inc.

- Rx Savings, LLC (d/b/a Rx Savings Solutions)

6

- Wholesale Alliance, LLC

Initial Plaintiffs have withdrawn the subpoenas to The Kroger Co. and Discount Drug Network, LLC and received productions (or responses indicating the party has no responsive documents) from the other third parties they subpoenaed. Initial Plaintiffs are awaiting a minimal number of additional documents to be produced by Elixer Rx Solutions, LLC. Initial Plaintiffs anticipate deposing some of the third parties listed above, beginning this winter.

Additional Plaintiffs issued subpoenas and notices of deposition to four of the third-party pharmacy benefit management companies listed above (OptumRx, Inc.; Caremark, LLC; MedImpact Healthcare Systems, Inc.; and Express Scripts, Inc.). At Additional Plaintiffs' suggestion, the parties have agreed to consolidate these four depositions with the corporate-representative depositions concurrently noticed in a related usual-and-customary pricing dispute against Defendants pending in Illinois state court—*HCSC v. Walgreen Co., et. al.*, No. 2021L000621 (Cir. Ct. of Cook Cnty., Ill.)—so that each of the four third parties can sit for a single deposition across the two matters. The parties took Caremark's deposition on September 26, 2024, and MedImpact's deposition on February 21, 2025. The parties have contacted the other two PBMs to set dates for their depositions in coming weeks. On December 12, 2024, Additional Plaintiffs informed the other parties that they had withdrawn their subpoena to Envolve Pharmacy Solutions, Inc.

Walgreens has received document productions from most of the third parties to which Walgreens has issued subpoenas. Walgreens is still waiting to receive documents from third party Adam Fein. In addition to the Caremark and MedImpact depositions noted above, Walgreens anticipates deposing some or all of these third parties and is in conversation with those third parties, Plaintiffs, and Prime to schedule those depositions in March and April. Further, the

7

parties have been discussing scheduling the deposition of third party and former Prime employee Bretta Grinsteinner, and the possibility of coordinating a joint deposition across multiple usual-and-customary pricing cases.

## IV. The Status of Discovery Motions

### A. Defendants' Motion to Compel Plaintiffs' Document Discovery and Related Metrics (ECF No. 374)

As noted above, Defendants filed a Motion to Compel Plaintiffs' Document Discovery and Related Metrics on December 21, 2022. (ECF No. 374). Plaintiffs filed their response in opposition on January 23, 2023. (ECF No. 400). Defendants filed their reply on February 9, 2023. (ECF No. 414). On May 2, 2023, the Court appointed Dr. Maura Grossman as Special Master to decide Walgreens' motion. (ECF No. 450). Dr. Grossman filed her initial Order on Preliminary Diagnostic Protocol ("PDP") to Assess the Adequacy of Initial Plaintiffs' Original and Supplemental Productions on July 21, 2023. (ECF No. 465). Initial Plaintiffs completed the PDP, and Dr. Grossman and the parties then met several times to discuss the PDP results and the proper next steps with respect to Walgreens' motion.

On January 5, 2024, Dr. Grossman filed the Special Master's Order on Remediation Protocol Pursuant to Her Order on Preliminary Diagnostic Protocol to Assess the Adequacy of Initial Plaintiffs' Original and Supplemental Productions, Both as Related to Defendants' Motion to Compel Document Production and Related Metrics (the "Remediation Protocol"). (ECF No. 507). The Special Master's order directed the parties to complete a multi-step Remediation Protocol, as detailed in past Joint Status Reports. After completing several rounds of review pursuant to the Remediation Protocol, Walgreens designed and reviewed a 4,500-document validation sample (the "Validation Sample").

8

The parties and the Special Master met on November 6, 2024, to discuss the results of Walgreens' review of the Validation Sample and to determine next steps for the Remediation Protocol. During that call, the parties jointly determined to end the Remediation Protocol. On January 24, 2025, Initial Plaintiffs produced their privilege logs for the documents they withheld from the two most recent remediation review sets. In addition to the privilege logs, Initial Plaintiffs produced a small number of additional documents that they removed from their privilege logs as Initial Plaintiffs finished reviewing documents for potentially privileged information. Initial Plaintiffs may still produce a small number of additional documents as the parties resolve certain small loose ends from the Remediation Protocol. On February 10, 2025, the Special Master filed her Order on Completion of Remediation, marking the formal end of the Remediation Protocol (ECF No. 639).

The Remediation Protocol does not address collateral relief or sanctions. On February 21, Walgreens and Initial Plaintiffs separately filed motions for collateral relief relating to the Remediation Protocol and Walgreens' underlying Motion to Compel (the "Collateral Relief Motions") (ECF Nos. 643–662). By order dated February 27, 2025 (ECF No. 667), the parties' respective oppositions to the Collateral Relief Motions are due by April 7, 2025, and reply briefs supporting the Collateral Relief Motions are due by May 22, 2025.

B. **Other Discovery Issues**

Plaintiffs have asserted certain deficiencies in Defendants' document production. The deficiencies pertain to alleged major gaps in Defendants' document productions to date. In Defendants' view, Plaintiffs' claims of deficiencies or purported gaps in Defendants' document production lack any merit. On November 6, 2024, Defendants moved for a protective order prohibiting Plaintiffs from demanding or taking further discovery on or inquiring into the alleged

9

deficiencies or gaps raised by Plaintiffs. (ECF No. 599). On November 18, 2024, the Court granted the parties' agreed motion for a briefing schedule on Walgreens' motion for protective order and Plaintiffs' anticipated cross-motion to compel. (ECF No. 604). On November 27, 2024, Plaintiffs filed their cross-motion to compel the production of certain documents by Walgreens. (ECF No. 607). The parties filed their respective oppositions to each other's motions on December 23, 2024. (*See* ECF No. 604, 620–26). The parties' motions remain pending.

Following Prime's recent communications to Defendants that Prime was done or nearly done producing documents, Defendants notified Prime of certain perceived deficiencies in Prime's productions. Defendants and Prime are conferring regarding the issues raised by Defendants in an effort to avoid motion practice if at all possible.

On January 17, 2025, the plaintiff in the parallel U&C pricing lawsuit against Walgreens captioned *Health Care Service Corp. v. Walgreen Co., et al.*, No. 2021L000621 (Cir. Ct. Cook Cnty., Ill., filed Jan. 19, 2021), filed a highly similar motion to compel the same documents addressed in Plaintiffs' motion here. Walgreens moved to stay the state court's consideration of this motion to compel, in light of the motion already submitted to this Court. Walgreens has generally agreed to produce, in one of these related cases, the same documents that Walgreens produces in the other case. Thus, a ruling on the motion to compel in one case could moot or significantly impact the motion pending in the other court. The state court denied Walgreens' motion to stay consideration of the motion to compel in *Health Care Service Corp.* ("*HCSC*"). The *HCSC* parties expect to finish briefing that plaintiff's motion to compel and Walgreens' motion for protective order on March 17, 2025.

**V. Whether the Parties Have Engaged or Are Engaging in Settlement Discussions**

Following certain settlement discussions among the parties, the Court has granted motions to dismiss or amend certain claims and defenses, as described in prior joint status reports, including

10

the claims asserted among the Cambia Plaintiffs,[4] Walgreens, and Third-Party Defendant OmedaRx, Inc. (*see* ECF No. 506), and the counterclaims and certain affirmative-defense theories asserted by Walgreens against certain Plaintiffs (*see* ECF Nos. 516, 519).

Pursuant to the Court's order (ECF Nos. 515, 521), the parties filed a joint status report on April 12, 2024, regarding a potential deadline for holding a mediation (ECF No. 540).

**VI.     Whether the Parties Believe a Telephonic Hearing or In-Person Hearing Is Necessary Within the Next 60 Days**

The parties do not anticipate the need for a hearing with the Court within the next 60 days, unless the Court wishes to hear argument on any motions described herein.  The Court has scheduled the next status hearing for April 15, 2025.

Pursuant to the Court's May 25, 2022, Order (ECF No. 276), the parties will continue to provide joint status reports at 30-day intervals unless otherwise directed by the Court.  The parties therefore propose filing their next joint status report by April 4, 2025.

---

[4]     Cambia Health Solutions, Inc., Regence BlueShield of Idaho, Inc., Regence BlueCross BlueShield of Oregon, Regence BlueCross BlueShield of Utah, Regence BlueShield, and Asuris Northwest Health.

| | |
|---|---|
| Dated: March 5, 2025 | Respectfully submitted, |
| | By: */s/ Kelly H. Hibbert* |
| Jason P. Stiehl (N.D. Ill. Bar No. 6276001)<br>**CROWELL & MORING LLP**<br>455 N. Cityfront Plaza Drive<br>Suite 3600<br>Chicago, IL 60611<br>Telephone: (312) 840-3108<br>JStiehl@crowell.com | Kent A. Gardiner (D.C. Bar No. 432081)*<br>Stephen J. McBrady (D.C. Bar No. 978847)*<br>Kelly H. Hibbert (D.C. Bar No. 1006010)*<br>Justin D. Kingsolver (N.D. Ill. Bar No. 6320926)<br>**CROWELL & MORING LLP**<br>1001 Pennsylvania Ave. NW<br>Washington, D.C. 20004<br>Telephone: (202) 624-2500<br>Facsimile: (202) 628-5116<br>KGardiner@crowell.com<br>SMcBrady@crowell.com<br>KHibbert@crowell.com<br>JKingsolver@crowell.com<br>* Admitted pro hac vice<br><br>*Attorneys for Initial Plaintiffs* |
| | By: */s/ Robert B. Gilmore* |
| Samera Syeda Ludwig<br>**Kilpatrick Townsend & Stockton LLP**<br>175 West Jackson Blvd, Suite 950<br>Chicago, Illinois 60604<br>Direct: 312.628.7189<br>sludwig@ktslaw.com | Robert B. Gilmore (N.D. Ill. Bar No. 492424)<br>Michael A. Petrino (admitted *pro hac vice*)<br>Kevin J. Attridge (admitted *pro hac vice*)<br>Joshua D. Elliott (admitted *pro hac vice*)<br>Megan Benevento (N.D. Ill. Bar No. 888229559)<br>**STEIN MITCHELL BEATO & MISSNER LLP**<br>2000 K Street, N.W., Suite 600<br>Washington, D.C. 20005<br>Tel: (202) 737-7777<br>Fax: (202) 296-8312<br>rgilmore@steinmitchell.com<br>mpetrino@steinmitchell.com<br>kattridge@steinmitchell.com<br>jelliott@steinmitchell.com<br>mbenevento@steinmitchell.com<br><br>*Attorneys for Additional Plaintiffs* |

|  |  |
|---|---|
|  | By: /s/ *Jeffrey J. Bushofsky* |
| Matthew J. Corriel (admitted *pro hac vice*)<br>**ROPES & GRAY LLP**<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 596-9000<br>Matt.Corriel@ropesgray.com | Laura G. Hoey<br>Jeffrey J. Bushofsky<br>Timothy R. Farrell<br>Charles D. Zagnoli<br>Nicholas W. Smith<br>**ROPES & GRAY LLP**<br>191 North Wacker Drive<br>32nd Floor<br>Chicago, IL 60606<br>Telephone: (312) 845-1200<br>Facsimile: (312) 845-5522<br>Laura.Hoey@ropesgray.com<br>Jeffrey.Bushofsky@ropesgray.com<br>Timothy.Farrell@ropesgray.com<br>Charles.Zagnoli@ropesgray.com<br>Nicholas.Smith@ropesgray.com<br><br>*Attorneys for Defendants / Third-Party Plaintiffs Walgreen Co. & Walgreens Boots Alliance Inc.* |
|  | By: /s/ *Robert J. Gilbertson* |
| **SALVATORE PRESCOTT PORTER & PORTER, PLLC**<br>Andrew C. Porter<br>Andrea L. Evans<br>1010 Davis Street<br>Evanston, IL 60201<br>(312) 283-5711<br>aporter@sppplaw.com<br>evans@sppplaw.com<br><br>**MORRISON & FOERSTER LLP**<br>Natalie A. Fleming Nolen<br>2100 L Street, NW, Suite 900<br>Washington, D.C. 20037<br>(202) 887-1551<br>nflemingnolen@mofo.com | **FORSGREN FISHER MCCALMONT DEMAREA TYSVER LLP**<br>Robert J. Gilbertson<br>Caitlinrose H. Fisher<br>Virginia R. McCalmont<br>225 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402<br>(612) 474-3300<br>bgilbertson@forsgrenfisher.com<br>cfisher@forsgrenfisher.com<br>vmccalmont@forsgrenfisher.com<br><br>*Attorneys for Third-Party Defendant Prime Therapeutics LLC* |

**CERTIFICATE OF SERVICE**

I, Charles D. Zagnoli, an attorney authorized to practice before this Court, hereby certify that the foregoing Joint Status Report was electronically filed on March 5, 2025, and will be served electronically via the Court's ECF Notice system upon the registered parties and counsel of record.

                                                */s/ Charles D. Zagnoli*
                                                Charles D. Zagnoli
                                                **ROPES & GRAY LLP**
                                                191 North Wacker Drive
                                                32nd Floor
                                                Chicago, IL 60606
                                                Telephone: (312) 845-1200
                                                Facsimile: (312) 845-5522
                                                Charles.Zagnoli@ropesgray.com

                                                *Attorney for Defendants / Third-Party Plaintiffs*
                                                *Walgreen Co. & Walgreens Boots Alliance Inc.*