THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BCBSM, INC, (d/b/a BLUE CROSS and BLUE SHIELD of MINNESOTA), HEALTH NEW YORK, INC, HORIZON HEALTHCARE SERVICES, INC. (d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY), BLUE CROSS AND BLUE SHIELD OF ARIZONA, INC. (d/b/a BLUE CROSS BLUE SHIELD OF ARIZONA and d/b/a AZBLUE), ASURIS NORTHWEST HEALTH, et al., <br><br>*Plaintiffs*, <br>v. <br><br>WALGREEN CO. and WALGREENS BOOTS ALLIANCE, INC., <br><br>*Defendants and Third-Party Plaintiffs*, <br><br>v. <br><br>PRIME THERAPEUTICS LLC, <br><br>*Third-Party Defendant*. | No. 20 C 1853 <br> No. 20 C 1929 <br> No. 20 C 3332 <br> No. 20 C 4940 <br> No. 20 C 4738 <br><br> Chief Judge Virginia M. Kendall |

**OPINION AND ORDER**

This consolidated lawsuit stems from Initial Plaintiffs' claims of common law fraud, consumer fraud, deceptive trade practices, and unjust enrichment against Defendants Walgreen Co. and Walgreens Boots Alliance, Inc. (collectively, "Walgreens"). Before the Court is Walgreens' Bill of Costs, (Dkt. 786), brought pursuant to this Court's Memorandum Opinion and Order ("Order") granting, in part, Walgreens' Motion for Sanctions, (Dkt. 783). For the following reasons, Walgreens is awarded $370,561.60 in attorneys' fees and $22,230 in other expenses.

**BACKGROUND**

The Court presumes the parties' familiarity with background of this case and only discusses the facts relevant to Walgreens' Bill of Costs. On December 21, 2022, Walgreens filed a Motion

1

to Compel Document Discovery and Related Metrics. (Dkt. 374) ("First Motion to Compel"). On May 2, 2023, while discovery was proceeding under Magistrate Judge Sheila Finnegan, a Special Master was appointed to investigate the discovery deficiencies outlined in the First Motion to Compel. (Dkt. 450). On January 5, 2024, the Court granted Walgreens' First Motion to Compel when the Special Master ordered Initial Plaintiffs to complete a remediation protocol and produce responsive documents identified through that protocol. (Dkts. 507, 539). Amid addressing this discovery dispute, Judge Finnegan granted a second motion to compel brought by Walgreens. (Dkt. 453) ("Second Motion to Compel"). This Court subsequently ordered Initial Plaintiffs to pay Walgreens' attorneys' fees related to that Motion. (Dkt. 487).

The parties then brought cross-motions for sanctions relating to the opposing party's conduct during discovery under the Special Master's guidance. (Dkts. 643, 649). On September 29, 2025, the Court granted Walgreens' Motion for Sanctions in part and denied Initial Plaintiff's Motion for Collateral Relief. *BCBSM, Inc. v. Walgreen Co.*, 2025 WL 2765327 (N.D. Ill. Sept. 29, 2025). Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court ordered Initial Plaintiffs to pay Walgreens' reasonable attorneys' fees and expenses incurred in making Walgreens' First Motion to Compel. (*Id.* at *5-6). The Court declined to impose further sanctions on Initial Plaintiffs. (*Id.* at *6-7).

## DISCUSSION

As requested by the Court, Walgreens filed a Bill of Costs detailing their claimed expenses and attorneys' fees. (Dkt. 786). Walgreens is requesting $4,462,980.176. (*Id.* at 3). Initial Plaintiffs agree to pay Walgreens the $191,200.80 in attorneys' fees incurred in preparing the First Motion to Compel, subject to the Court's determination of reasonableness. (Dkt. 794 at 7). But Initial Plaintiffs object to paying the remaining requested attorneys' fees and costs on the grounds that they are beyond the scope of what the Court ordered Initial Plaintiffs to pay. (*Id.* at 8).

### I. Compensable Fees and Expenses

The Court was clear in its September 29, 2025 Order—Initial Plaintiffs are only required pay the expenses and attorneys' fees Walgreens incurred in bringing the First Motion to Compel. *BCBSM, Inc.*, 2025 WL 2765327, at *6-7. Accordingly, the first question is whether the costs Walgreens now requests are compensable under Rule 37(a)(5) and this Court's Order.

As this Court recognized when it ordered attorneys' fees for Walgreens' Second Motion to Compel, the party who loses on a motion to compel must "must "pay the movant's reasonable expenses *incurred in making the motion*." Fed. R. Civ. Proc. 37(a)(5)(A) (emphasis added); (Dkt. 487 at 9). In granting the Second Motion to Compel, the Court declined to order Initial Plaintiffs to pay Walgreens for any work performed *after* the Second Motion to Compel was entered. (Dkt. 487 at 9). This aligns with how other courts in this District apply Rule 37(a)'s fee-shifting provision. *See Pable v. Chicago Transit Auth.*, 2023 WL 5955832, at *4 (N.D. Ill. Aug. 16, 2023) (defendant was not entitled to fees or costs incurred after motion to compel was granted); *Mitter v. Cnty. of DuPage*, 2014 WL 13111395, at *2 (N.D. Ill. Dec. 17, 2014) ("Only those hours related to the motion to compel itself are compensable."); *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 329 (N.D. Ill. 2009) (declining to award defendants fees that were not incurred in bringing defendants' successful motion to compel); *Hubert v. Oswego Junction Enters. LLC*, 2023 WL 2933052, at *2 (N.D. Ill. Apr. 13, 2023) (declining to award attorneys' fees incurred to address matters were unrelated to successful motion to compel).

#### a. Attorneys' Fees

First, Walgreens requests $176,672 in attorneys' fees for "Analyzing Initial Plaintiffs' discovery deficiencies, drafting deficiency letters, initiating, preparing for and attending meet-and-confers, and performing other tasks necessary to identify and seek to resolve Initial Plaintiffs'

3

deficient productions before filing a Motion to Compel." (Dkt. 786 at 3). These fees were incurred from July 6, 2022 to December 17, 2022, four days before Walgreens filed the First Motion to Compel. (Ex. 1A, Dkt. 786-1). Because these fees were incurred in bringing the First Motion to Compel, they are compensable. *See, e.g., Pable*, 2023 WL 5955832, at *4 (holding that attorney's fees associated with meet-and-confer conferences leading up to motion to compel were compensable).

Initial Plaintiffs agree to pay the second amount of attorney's fees requested–$191,200.80– which reflects fees for "Researching, drafting, preparing, and filing the Motion to Compel." (Dkt. 786 at 3); (Dkt. 794 at 7). These attorneys' fees are directly associated with preparing and filing the First Motion to Compel, so the Court finds that they are compensable. *See Lorillard Tobacco Co.*, 259 F.R.D. at 328-29; *Pable*, 2023 WL 5955832, at *3-4; *Mitter*, 2014 WL 13111395, at *2.

Walgreens also requests $2,394,452.03 in attorneys' fees for working with the Special Master and following and implementing the Special Master's remediation protocol. (Dkt. 786 at 3). Walgreens began incurring these fees in March 2023, after Magistrate Judge Finnegan indicated that the Court intended to appoint the Special Master to resolve the First Motion to Compel. (Ex. 1C, Dkt. 786-3); (Dkt. 434). While Walgreens incurred some of these before the First Motion to Compel was granted, it did not incur them in bringing the Motion, so they are not compensable under Rule 37(a)(5). *See Pable*, 2023 WL 5955832, at *3-4 (Rule 37(a) "does not authorize an award of fees for every action or expense a party takes related to the discovery dispute from which a motion to compel arises.") (internal citation omitted); *Lorillard Tobacco Co.*, 259 F.R.D. at 329 (declining to award fees for a "descendent cost" that was "wholly separate from effort expended in bringing the motion itself.").

4

Similarly, the requested $742,931.77 in attorneys' fees for preparing the Motion for Sanctions are not fully compensable. (Dkt. 786 at 3). In partially granting the Motion for Sanctions, the Court explicitly that Walgreens is entitled to an award of attorneys' fees associated with bringing the First Motion to Compel, not the subsequent Motion for Sanctions. The Motion for Sanctions was brought after the First Motion to Compel was granted and deals mostly with unrelated discovery disputes. (*See generally* Dkt. 647). Any attorneys' fees in this category related solely to preparing the Motion for Sanctions are not compensable. *See Hubert*, 2023 WL 2933502, at *2 (declining to award attorneys' fees for work done after motion to compel was granted); *see also Mitter*, 2014 13111395, at *2 (denying award of attorneys' fees for separate discovery motion brought after motion to compel); *Pable*, 2023 WL 5955832, at *3 (denying award of attorneys' fees concerning discovery disputes that were not related to the requests in the motion to compel). Accordingly, the Court finds that only $2,688.80 of these requested attorneys' fees are compensable because they encompass work done calculating the costs Walgreens was planning to request relating to the First Motion to Compel. (Ex. 1E, Dkt. 786-5 at 1-2).

Based on the above, the Court finds that $370,561.60 of Walgreens' requested attorneys' fees are compensable because they were incurred in bringing the First Motion to Compel. The remainder of Walgreens' requested attorneys' fees are not compensable.

### b. Other Expenses

In addition to attorneys' fees, Walgreens requests $846,680.89 in fees paid to third-party vendors and $93,042.68 in fees paid to the Special Master. (Dkt. 786 at 4-5).

Walgreens requests $678,750.90 in fees it owes to vendor KLDiscovery for "technical support necessary to execute the Remediation Protocol." (Dkt. 786 at 4). It also requests $156,942.50 in fees it owes to iDiscovery Solutions for "expert advice and analysis regarding Initial Plaintiffs' deficient productions." (*Id.* at 5). Walgreens did not incur these expenses in

5

bringing the First Motion to Compel—the work is unrelated to the Motion, and the expenses were incurred after the Court granted the Motion. (Ex. 2, Dkt. 786-6); (Ex. 4, Dkt. 786-8). Thus, these expenses are not compensable under Rule 37(a)(5) or this Court's Order.

Additionally, Walgreens requests $28,997.49 in fees it owes to vendor Consilio for "additional technical support necessary to execute the Remediation Protocol." (Dkt. 786 at 4). The Special Master ordered the parties to evenly split these fees, but allowed the parties to later move to shift, reallocate or recover any of the remediation costs. (*Id.* at 2-3). Based on this, Walgreens asks the Court to reallocate their share of these costs to Initial Plaintiffs. (Dkt. 786 at 4). The Court declined to order Initial Plaintiffs to pay any of Walgreens' remediation costs in its Order partially granting the Motion for Sanctions. *BCBSM, Inc.*, 2025 WL 2765327, at *6-7. The Court declines to do so again because these expenses were not incurred in bringing the First Motion to Compel.

Walgreens also requests that Initial Plaintiffs pay $93,042.68, which is their share of the Special Master's compensation. (Dkt. 786 at 4). When the Court appointed the Special Master, it ordered the parties to evenly split the Special Master's compensation. (Dkt. 450 at 4). The Court further ordered that, pursuant to Rule 53(g)(3) and Rule 37, this interim allocation could be amended by the Court to reflect a later decision on the merits. (*Id.*). Because the Court's partial grant of the First Motion to Compel is a decision on the merits of that Motion, the Court finds it appropriate to amend the interim allocation of the Special Master's compensation. *See* Fed. R. Civ. P 53(g)(3) ("The court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."). The Court amends the allocation of the Special Master's compensation such that Initial Plaintiffs are responsible for the entirety of the compensation from May 2023 through December 2023, which covers the Special Master's work

up to the Court's granting of the First Motion to Compel. (Dkt. 539); (Ex. 3, Dkt. 786-7). The parties are each responsible for 50% of the Special Master's compensation from January 2024 through July 2025. (Ex. 3, Dkt. 786-7). Accordingly, the Court orders Initial Plaintiffs to pay Walgreens $22,230, which encompasses Walgreens' share of the Special Masters's compensation from May 2023 through December 2023.

## II. Reasonableness of Attorneys' Rates and Hours

The Court now determines the reasonableness of Walgreens' compensable attorneys' fees. "The starting point for a court's evaluation of any fee petition ... 'is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate.'" *Sonrai Sys., LLC v. Romano*, 2022 WL 4551893, at *3 (N.D. Ill. Sept. 29, 2022) (quoting *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016)). The lodestar gives a presumptively reasonable fee, but after determining the lodestar, the court "may determine whether an adjustment is warranted under the case-specific circumstances." *Nichols v. Illinois Dep't of Transportation*, 4 F.4th 437, 441 (7th Cir. 2021). "District courts have wide discretion in determining the appropriate amount of attorney's fees," and the "party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).

### a. Billing Rate

In determining a reasonable rate, we "presume that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate." *Pickett*, 664 F.3d at 640. Defendants, as the fee applicant, bear the initial burden in producing enough evidence that their requested rates are in line with those prevailing in the community. *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895

7

n. 11 (1984)). If the fee applicant satisfies this burden, the burden shifts to the other party to offer evidence that sets forth a "good reason why a lower rate is essential." *Id.*

The Court previously determined that Walgreens' attorneys' rates are reasonable. (Dkt. 867 at 8). Walgreens does not indicate that these hourly rates have changed since the Court's previous order, nor do Initial Plaintiffs challenge the rates. Accordingly, the Court finds the hourly rates reasonable.

### b. Number of Hours

Having determined that the hourly rates are appropriate, the Court next assesses whether the time entries for the compensable attorneys' fees are reasonable, which can include looking at whether entries are "excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). A "reasonable" use of a lawyer's time "is a highly contextual and fact specific enterprise," and the court has "wide latitude" in awarding attorney's fees. *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) (internal quotation marks omitted); *see also Schmalz v. Vill. of N. Riverside*, No. 13 C 8012, 2018 WL 11198063, at *2 (N.D. Ill. Dec. 17, 2018).

The Court does not find any excessive or redundant entries for the compensable attorneys' fees. (Ex. 1A, Dkt. 786-1); (Ex. 1B, Dkt. 786-2); (Ex. 1E, Dkt. 786-5 at 1-2). Thus, the Court orders that Walgreens be awarded $370,561.60 in attorney's fees.

**CONCLUSION**

For the foregoing reasons, the Court orders Initial Plaintiffs and their counsel to pay $370,561.60 in attorneys' fees and $22,230 in other expenses within 60 days of this Order.

_____
Virginia M. Kendall
United States District Judge

Date: January 8, 2026