**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BCBSM, INC., et al.,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.** <br><br> **Defendants.** | ) | **No. 1:20-cv-01853** <br><br> **Honorable Virginia M. Kendall** <br><br> **Honorable Daniel P. McLaughlin** |
| **WALGREEN CO. & WALGREENS BOOTS ALLIANCE, INC.,** <br><br> **Third-Party Plaintiffs,** <br><br> **v.** <br><br> **PRIME THERAPEUTICS LLC,** <br><br> **Third-Party Defendant.** | ) | **Consolidated with:** <br> **No. 1:20-cv-01929** <br> **No. 1:20-cv-03332** <br> **No. 1:20-cv-04738** <br> **No. 1:20-cv-04940** <br> **No. 1:22-cv-01362** |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Sur-Rebuttal Expert Report [913] [914]. For the reasons that follow, Plaintiffs' motion is denied.

## DISCUSSION

Plaintiffs seek leave to submit a sur-rebuttal report from their expert (Michael Petron) to respond to the rebuttal report submitted by Defendants' expert (Jed Smith). Plaintiffs' request implicates the purpose of rebuttal and sur-rebuttal expert reports. "The proper function of [a] rebuttal report is to contradict, impeach or defuse the impact of evidence offered by the opposing party." *Nipponkoa Ins. Co., Ltd. (U.S. Branch) v. NDK Crystal, Inc.*, No. 11 CV S0205, 2014 WL 13117503, at *2 (N.D. Ill. Apr. 15, 2014) (citations omitted). As such, "courts will not allow parties to use rebuttal expert testimony to advance new arguments or new evidence." *Id.* at *2 (citation omitted). Allowing a sur-rebuttal report (in response to a rebuttal report) may be appropriate if the rebuttal report "advance[s] new arguments and theories." *Id.* The decision of "whether to allow a party to present evidence in rebuttal or sur-rebuttal beyond the initial rebuttal report is committed to the trial court's discretion." *Brooks v. Trans Union LLC*, No. CV 22-0048, 2025 WL 3461543, at *7 (E.D. Pa. Dec. 2, 2025) (citations omitted). Along those lines, "the Magistrate Judge possesses the discretion to permit sur-rebuttals and other additional responsive expert reports as the circumstances may warrant." *7th Floor, LLC v. Evanston Ins. Co.*, No. 18-CV-02222, 2020 WL 4582716, at *8 (D. Colo. Aug. 8, 2020) (citation omitted).

Here, Plaintiffs' motion is largely premised on their argument that they should be granted leave to submit a sur-rebuttal report because Smith's rebuttal report "disclosed for the first time an 'alternative damages model.'" ([914] at 2.)

However, as an initial matter, it is "proper for [a rebuttal report] to use different methodologies and additional data." *Nipponkoa*, 2014 WL 13117503 at *2 (citations omitted). Furthermore, as Defendants point out, though Smith referred to one of his critiques of Petron's opening report as an "alternative damages model," he did not provide an entirely new model distinct from the model used by Petron. Instead, Smith recalculated Plaintiffs' alleged damages using Petron's own methodology (and different definitions). As such, Smith's rebuttal report is aimed at contradicting, impeaching, or defusing Petron's opening report and it amounts to "textbook rebuttal." It does not present new arguments or theories. Under the circumstances, the Court finds that allowing Plaintiffs to submit a sur-rebuttal report is not warranted. *See Archer Daniels Midland, Co. v. M/T Am. Liberty*, No. CV 19-10525, 2022 WL 3700896, at *4 (E.D. La. Aug. 26, 2022) ("And though courts sometimes exercise discretion to permit sur-rebuttal reports, the Court finds little reason to do so here where, as discussed, the rebuttal report to which Defendants seek to respond offers no new opinions.").

Importantly – after filing their motion (and before the matter was fully briefed or decided) – Plaintiffs went ahead and served a 32-page sur-rebuttal report prepared by Petron. The Court's review of Petron's sur-rebuttal report leads to the inexorable conclusion that the primary argument advanced in Plaintiffs' motion is disingenuous. In their motion, Plaintiffs assert in plain terms that they "should be permitted a sur-rebuttal report to address Smith's alternative damages model." ([914] at 6.) However, Petron's sur-rebuttal report goes well beyond responding to

the so-called alternative damages model. Instead, Petron's sur-rebuttal report responds to *all* of Smith's rebuttal points (and also addresses one opinion first offered in Smith's opening report).[1] Thus, it is apparent that the sur-rebuttal report Plaintiffs have actually offered goes well beyond the report Plaintiffs have sought leave to serve. This inconsistency only undermines the propriety of the relief Plaintiffs seek.

## CONCLUSION

For the foregoing reasons, the Court, in its discretion, denies Plaintiffs' Motion for Leave to File Sur-Rebuttal Expert Report [913] [914]. The Court therefore strikes the sur-rebuttal report previously served by Plaintiffs on September 20, 2026.

**SO ORDERED.**

**ENTERED:**

**DATE:** **October 19, 2026**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

[1] Plaintiffs illogically state that Petron's rebuttal report "offers no newly disclosed opinion or methodologies" yet Plaintiffs "offered Walgreens an opportunity to reciprocally serve a sur-rebuttal report . . . limited to responding to" Petron's rebuttal report. ([914] at 6.) Given that sur-rebuttal reports may only properly address new arguments and theories, it is unclear exactly what Plaintiff's believe Smith's "reciprocal" sur-rebuttal report would contain. It seems likely that Plaintiffs envisioned Smith submitting a point-by-point sur-rebuttal (like the one Plaintiffs later submitted without leave).